**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANA FLORES, RENE FLORES, MARIA MAGDALENA HERNANDEZ, MAGALI ROMAN, MAKE THE ROAD NEW YORK, AND NEW YORK COMMUNITIES FOR CHANGE,<br><br>                                        Plaintiffs,<br><br>         v.<br><br>TOWN OF ISLIP, ISLIP TOWN BOARD, SUFFOLK COUNTY BOARD OF ELECTIONS,<br><br>                                        Defendants. | Case No. 2:18-cv-03549 |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF TOWN OF ISLIP AND ISLIP TOWN BOARD

Defendants Town of Islip and Islip Town Board (collectively, "Islip"), by and through its undersigned counsel, responds as follows to the allegations in the Complaint ("Complaint") filed by Plaintiffs Ana Flores, Rene Flores, Maria Magdalena Hernandez, Magali Roman, Make the Road New York and New York Communities for Change ("Plaintiffs"):

## NATURE OF THE ACTION

1.  Islip admits that the Complaint purports to state claims under the Voting Rights Act. Islip denies all remaining allegations in Paragraph 1.

2.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiffs in Paragraph 2 of the Complaint and, on that basis, denies those allegations. The remainder of the allegations in Paragraph 2 of the Complaint contain legal conclusions not subject to admission or denial. To the extent a response is required, Islip denies all remaining allegations in Paragraph 2.

3.   Paragraph 3 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip affirmatively states that the allegations in Paragraph 3 of the Complaint are vague with respect to "Islip's Latino communities," such that it lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations; and Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint and, on that basis, denies those allegations.

4.   Paragraph 4 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 4 of the Complaint and, on that basis, denied those allegations, and Islip denies all remaining allegations in Paragraph 4.

5.   Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint related to persons or entities other than Islip and, on that basis, denies those allegations.  Islip admits that it received some communications from residents related to gangs, but it lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to the specific content of such communications and, on that basis, denies any such allegations, and Islip denies any allegation that Town officials ignored any such requests.  Islip denies all remaining allegations in Paragraph 5 of the Complaint.

6.   Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, including all sub-paragraphs therein, of the Complaint and, on that basis, denies those allegations.

7.  Islip denies the allegations in the first, third, and sixth sentences of Paragraph 7 of the Complaint.  Islip admits that in 2005 it was sued for granting a conditional permit for a Salvadoran/Central American Parade/Festival in Islip (the "Lawsuit"), and affirmatively states that the Lawsuit was dismissed as moot after the permit conditions were met.  Islip admits that in 2013-2014, almost 40,000 tons of debris were dumped into Roberto Clemente Park.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the fourth sentence of Paragraph 7 of the Complaint and, on that basis, denies those allegations.  Islip affirmatively states that the allegations in Paragraph 7 of the Complaint are vague with respect to "primarily served the Town's Latino community," "hazardous substances," and "acutely hazardous," such that it lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.  Islip otherwise admits the allegations in the fifth sentence of Paragraph 7 of the Complaint.  Islip admits the allegations in the last sentence of Paragraph 7 of the Complaint.  Islip denies all remaining allegations in Paragraph 7 of the Complaint.

8.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint that relate to persons or entities other than Islip, and, on that basis, denies those allegations.  Islip denies all remaining allegations in Paragraph 8 of the Complaint.

9.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiffs in Paragraph 9 of the Complaint and, on that basis, denies those allegations.  The remainder of the allegations in Paragraph 9 of the Complaint contain legal conclusions not subject to admission or denial.  To the extent a response is required, Islip denies all remaining allegations in Paragraph 9 of the Complaint.

10.  Paragraph 10 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint that relate to hypothetical districts and voting patterns and, on that basis, denies those allegations, and Islip denies all remaining allegations in Paragraph 10 of the Complaint.

11.  Paragraph 11 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, on that basis, denies those allegations.

12.  Paragraph 12 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip denies the allegations in Paragraph 12 of the Complaint.

13.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, denies those allegations.

## JURISDICTION AND VENUE

14.  Paragraph 14 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip admits that this Court has jurisdiction over this action claiming a violation of the Voting Rights Act.

15.  Paragraph 15 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip admits that the Court has general authority to grant declaratory and injunctive relief but denies that Plaintiffs are entitled to any relief.

16.  Paragraph 16 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip admits that the Court has general authority to

award costs and attorney's fees in this action claiming a violation of the Voting Rights Act but denies that Plaintiffs are entitled to such an award.

17. Paragraph 17 of the Complaint contains legal conclusions not subject to admission or denial. To the extent a response is required, Islip admits the allegations in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint contains legal conclusions not subject to admission or denial. To the extent a response is required, Islip admits the allegations in Paragraph 18 of the Complaint.

**PARTIES**

19. Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, on that basis, denies those allegations.

20. Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, on that basis, denies those allegations.

21. Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, on that basis, denies those allegations.

22. Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, denies those allegations.

23. Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, on that basis, denies those allegations.

24. Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, on that basis, denies those allegations.

25. Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, on that basis, denies those allegations.

26.  Islip admits the allegation in Paragraph 26 of the Complaint that the Town of Islip is a town in the County of Suffolk, New York.  Islip affirmatively states that it is a municipal corporation existing by virtue of and pursuant to the laws of the State of New York.  Islip admits the allegation that the Town of Islip oversees, maintains, supports, manages, supervises and controls several departments, agencies, bodies and employees.  Islip affirmatively states that the Town of Islip also establishes such entities and that the Town Board exists pursuant to the laws of the State of New York.  Islip admits the allegations in the last sentence of Paragraph 26 of the Complaint.  Islip denies all remaining allegations in Paragraph 26 of the Complaint.

27.  Islip affirmatively states that the phrase in Paragraph 27 of the Complaint "[a]s described in more detail below," is vague such that Islip lacks knowledge or information sufficient to form a belief as to the truth of that allegation and, on that basis, denies that allegation.  Islip admits the remaining allegations in Paragraph 27 of the Complaint.

28.  Paragraph 28 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip admits that the Suffolk County Board of Elections is a county agency that administers certain elections in Suffolk County, affirmatively states that the allegations in Paragraph 28 of the Complaint are vague with respect to "creation of new or altered legislative districts" such that it lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Complaint.

## BACKGROUND

29.  Paragraph 29 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip admits that it is one of ten towns in Suffolk

County, New York; Islip admits that it is a first class town as defined by the Town Law of the State of New York; and Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Complaint and, on that basis, denies those allegations.

30. Islip affirmatively states that the allegations in Paragraph 30 of the Complaint are vague with respect to "several other small communities," "Islip contains all or part of twenty-four unincorporated hamlets," and "predominantly minority and Latino communities," such that it lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.  Islip admits the allegation in Paragraph 30 of the Complaint that Islip contains four unincorporated villages.  Islip denies all remaining allegations in Paragraph 30 of the Complaint.

31.  Islip admits the allegation in Paragraph 31 of the Complaint that it is a "first class town."  Islip affirmatively states that the allegations in Paragraph 30 of the Complaint are vague with respect to "has used the system of government set forth in N.Y. Town Law § 20" such that it lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.  Islip affirmatively states that, since becoming a first class town, it has operated pursuant to the provisions of New York Town Law applicable to first class towns.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the Complaint and, on that basis, denies those allegations.

32.  Islip admits the allegations in the first two sentences of Paragraph 32 of the Complaint.  Islip admits the allegations in the third sentence of Paragraph 32 of the Complaint except Islip denies that land-use regulation is a "principal function" of the Town Board.  Islip

affirmatively states that land-use regulation is one of multiple activities undertaken by the Town Board for the health, safety, and general welfare of Islip residents.  Islip admits the allegations in the last sentence of Paragraph 32 of the Complaint except Islip affirmatively states that some "parks, pools, and other public spaces, . . . roads and transportation infrastructure, garbage removal, and snow removal" within the Town are outside of Islip's jurisdiction and thus are not covered by its services.

33.  Islip admits the allegations in Paragraph 33 of the Complaint, except Islip affirmatively states that in every other odd-year election, the Islip Supervisor (who sits on the Town Board) is elected along with two of the four Councilpersons.

34.  Paragraph 34 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip admits that under Town Law § 81(2)(b), "[t]he town board may upon its own motion and shall upon a petition, as hereinafter provided, cause to be submitted at a special or biennial town election, a proposition . . . [t]o establish . . . the ward system for the election of councilmen . . . [,]" and Islip denies any remaining allegations in Paragraph 34 of the Complaint.

35.  Paragraph 35 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip admits that under Town Law § 81(2)(b), "[t]he town board may upon its own motion and shall upon a petition, as hereinafter provided, cause to be submitted at a special or biennial town election, a proposition . . . [t]o establish . . . the ward system for the election of councilmen . . . [;]" Islip denies any remaining allegations in the first sentence of Paragraph 35 of the Complaint; and Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 35 of the Complaint and, on that basis, denies those allegations.

36.   Islip admits that there was a 2006 referendum in Islip, which a majority of voters opposed.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 of the Complaint and, on that basis, denies those allegations.

37.   Paragraph 37 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip admits that towns will not validly use an at-large system if prohibited from doing so by a legally binding court order.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 of the Complaint and, on that basis, denies those allegations.

38.   Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and, on that basis, denies those allegations.

39.   Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and, on that basis, denies those allegations.

40.   Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, including any maps or graphics therein, of the Complaint and, on that basis, denies those allegations.

41.   Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and, on that basis, denies those allegations.

42.   Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 42 of the Complaint and, on that basis, denies those allegations.  Islip affirmatively states that the allegations in the second sentence of Paragraph 42 of the Complaint are vague with respect to "[t]his rich diversity" such that it lacks knowledge or

information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.  Islip denies all remaining allegations in Paragraph 42 of the Complaint.

43.  Paragraph 43 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip denies the allegation that its at-large election system is unlawful, and Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 of the Complaint and, on that basis, denies those allegations.

44.  Paragraph 44 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and, on that basis, denies those allegations.

45.  Paragraph 45 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip denies the allegations in Paragraph 45 of the Complaint.

46.  Paragraph 46 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and, on that basis, denies those allegations.

47.  Paragraph 47 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and, on that basis, denies those allegations.

48. Paragraph 48 of the Complaint contains legal conclusions not subject to admission or denial. To the extent a response is required, Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and, on that basis, denies those allegations.

49. Paragraph 49 of the Complaint contains legal conclusions not subject to admission or denial. To the extent a response is required, Islip admits that Philip Ramos currently represents portions of the Town of Islip in the New York State Assembly, that Monica Martinez currently represents portions of the Town of Islip in the Suffolk County Legislature, and that Ricardo Montano previously represented portions of the Town of Islip in the Suffolk County Legislature, and Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 of the Complaint and, on that basis, denies those allegations.

50. Paragraph 50 of the Complaint contains legal conclusions not subject to admission or denial. To the extent a response is required, Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and, on that basis, denies those allegations.

51. Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and, on that basis, denies those allegations.

52. Paragraph 52 of the Complaint contains legal conclusions not subject to admission or denial. To the extent a response is required, Islip admits that in 2011 Renee Ortiz was a Democratic candidate for Councilmember on the election ballot but was not one of the two candidates elected as Councilmember, and Islip lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 52, including footnote 1, of the Complaint and, on that basis, denies those allegations.

53. Paragraph 53 of the Complaint contains legal conclusions not subject to admission or denial. To the extent a response is required, Islip admits that in 2017 Samuel Gonzalez was a Democratic candidate for Councilmember on the election ballot but was not one of the two candidates elected as Councilmember; Islip denies any allegation that no incumbent Councilmember was on the election ballot; and Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53, including footnote 2, of the Complaint and, on that basis, denies those allegations.

54. Islip admits the allegation in Paragraph 54 of the Complaint that Joan B. Johnson was elected Town Clerk in the 1990s. Islip admits that Town Clerk Johnson sustained citizen objections to "a 2004 petition seeking a ballot referendum to replace Islip's at-large Town Board with individual districts" and affirmatively states that such objections were sustained due to the legal insufficiency of that petition. Islip denies the remaining allegations in the last sentence of footnote 4 of Paragraph 54 of the Complaint. Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54, including footnote 3 and the remainder of footnote 4, of the Complaint and, on that basis, denies those allegations.

55. Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint and, on that basis, denies those allegations.

56. Paragraph 56 of the Complaint contains legal conclusions not subject to admission or denial. To the extent a response is required, Islip admits the allegations in Paragraph 56 of the Complaint that on November 7, 2006, Phil Nolan was elected as the first Democratic Town Supervisor in over 40 years, that in November 2007, John H. Edwards and Gene Parrington were

elected to the Islip Town Board, and that Edwards and Parrington were replaced by Republicans after elections four years later; Islip affirmatively states that Republican Supervisor Peter McGowan resigned on March 9, 2006; and Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 of the Complaint and, on that basis, denies those allegations.

57.   Paragraph 57 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip denies the allegations in Paragraph 57 of the Complaint.

58.   Paragraph 58 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, including all sub-paragraphs therein, of the Complaint and, on that basis, denies those allegations.

59.   Paragraph 59 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, including footnote 5, of the Complaint and, on that basis, denies those allegations.

60.   Paragraph 60 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip denies the allegations in Paragraph 60 of the Complaint.

61.   Islip denies the allegations in Paragraph 61 of the Complaint.

62.   Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 62 of the Complaint and, on that basis, denies those allegations.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in the second sentence of Paragraph 62 of the Complaint that relate to persons or entities other than Islip, and, on that basis, denies those allegations.  Islip denies all remaining allegations in Paragraph 62 of the Complaint.

63.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint and, on that basis, denies those allegations.

64.  Paragraph 64 of the Complaint contains legal conclusions that are not subject to admission or denial.  To the extent a response is required, Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint and, on that basis, denies those allegations.

65.  Islip denies the allegations in Paragraph 65 of the Complaint.

66.  Islip admits that Town Board elections are conducted in odd-numbered years.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 of the Complaint and, on that basis, denies those allegations.

67.  Islip admits that Town Board members serve four-year terms and that two members (not including the Town Supervisor) are elected in each election cycle.  Islip denies all remaining allegations in Paragraph 67 of the Complaint.

68.  Paragraph 68 of the Complaint contains legal conclusions that are not subject to admission or denial.  To the extent a response is required, Islip admits that it is the third largest town in the State of New York by population; Islip affirmatively states that the allegation in Paragraph 68 of the Complaint is vague with respect to "the New York City media market" such that it lacks knowledge or information sufficient to form a belief as to the truth of that allegation and, on that basis, denies that allegation; and Islip lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 68 of the Complaint and, on that basis, denies those allegations.

69.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint and, on that basis, denies those allegations.

70.  Islip admits that Frank Jones was the Republican Town Supervisor in 1988.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70, including footnote 6, of the Complaint and, on that basis, denies those allegations.

71.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint and, on that basis, denies those allegations.

72.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, including footnote 7, of the Complaint and, on that basis, denies those allegations.

73.  Islip admits that in 1990, Pamela Greene was appointed to the Islip Town Board. Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73, including footnote 8, of the Complaint and, on that basis, denies those allegations.

74.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint and, on that basis, denies those allegations.

75.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint and, on that basis, denies those allegations.

76.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint and, on that basis, denies those allegations.

77.   Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint and, on that basis, denies those allegations.

78.   Islip denies the allegations in the first sentence of Paragraph 78 of the Complaint to the extent they relate to employees of Islip.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78, including footnotes 9 and 10, of the Complaint and, on that basis, denies those allegations.

79.   Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, including footnote 11, of the Complaint and, on that basis, denies those allegations.

80.   Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, including footnotes 12, 13 and 14, of the Complaint and, on that basis, denies those allegations.

81.   Islip denies the allegations in the first sentence of Paragraph 81 of the Complaint. Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81 of the Complaint and, on that basis, denies those allegations.

82.   Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint and, on that basis, denies those allegations.

83.   Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, including the graphic and/or chart therein, of the Complaint and, on that basis, denies those allegations.

84.   Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint and, on that basis, denies those allegations.

85.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint and, on that basis, denies those allegations.

86.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86, including the graphic and/or chart therein and footnote 15, of the Complaint and, on that basis, denies those allegations.

87.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint and, on that basis, denies those allegations.

88.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint and, on that basis, denies those allegations.

89.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint and, on that basis, denies those allegations.

90.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint and, on that basis, denies those allegations.

91.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint and, on that basis, denies those allegations.

92.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint and, on that basis, denies those allegations.

93.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Complaint and, on that basis, denies those allegations.

94.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, including footnote 16, of the Complaint and, on that basis, denies those allegations.

95.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, including footnote 17, of the Complaint and, on that basis, denies those allegations.

96.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, including footnote 18, of the Complaint and, on that basis, denies those allegations.

97.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97, including footnote 19, of the Complaint and, on that basis, denies those allegations.

98.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, including footnotes 20 through 28 and sub-paragraphs a through h, of the Complaint and, on that basis, denies those allegations.

99.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, including footnotes 29 and 30, of the Complaint and, on that basis, denies those allegations.

100.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Complaint and, on that basis, denies those allegations.

101.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint and, on that basis, denies those allegations.

102.  Islip admits that it received some communications from residents related to gangs, but to the extent that Paragraph 102 contains allegations that Town officials received specific requests related to gang violence, Islip lacks knowledge or information sufficient to form a belief as to the truth of any such allegations related to the specific content of such communications and,

on that basis, denies those allegations.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 102 of the Complaint related to persons or entities other than Islip and, on that basis, denies those allegations.  To the extent that Paragraph 102 contains allegations that Town officials received specific requests related to gang activity, Islip lacks knowledge or information sufficient to form a belief as to the truth of any such allegations and, on that basis, denies any such allegations, and Islip denies any allegation that Town officials ignored any such requests.  Islip admits that four young people were killed in April 2017.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102 of the Complaint, and, on that basis, denies those allegations.

103.  Islip admits the allegations in Paragraph 103 of the Complaint that it provides youth and family recreation services, such as transportation for summer youth programs and for seniors, but Islip denies any allegation that these services are not provided throughout the Town. Islip denies the allegation in Paragraph 103 that it has failed to provide resources to protect Islip's Latino youth from MS-13.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 of the Complaint and, on that basis, denies those allegations.

104.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, including footnote 31, of the Complaint and, on that basis, denies those allegations.

105.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Complaint and, on that basis, denies those allegations.

106.  Islip admits the allegations in Paragraph 106 of the Complaint with the exception of "25 acres of land."  Islip affirmatively states that the Park encompasses approximately 29.6 acres of land.

107.  Islip affirmatively states that the allegations in Paragraph 107 of the Complaint are vague with respect to "neglected by the Town" such that it lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.  Islip admits all remaining allegations in Paragraph 107 of the Complaint.

108.  Islip admits the allegations in Paragraph 108 of the Complaint that companies transported tens of thousands of tons of waste, at least some of which came from construction sites in New York City, into Roberto Clemente Park.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 108 of the Complaint that this activity started in June 2013 and, on that basis, denies the allegation.  Islip affirmatively states that the allegations in Paragraph 108 of the Complaint are vague with respect to "politically connected" and "[d]uring this time" such that it lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.  Islip admits that, according to the announcement cited in footnote 32 of Paragraph 108 of the Complaint, Town officials and law enforcement agencies received an anonymous complaint that alleged a private contractor may have spread illegal fill during the construction of donated athletic fields on Town-owned parkland, but Islip otherwise lacks knowledge or information sufficient to form a belief as to the truth of this allegation.  Islip denies any allegations in Paragraph 108 of the Complaint that "no prompt action was taken, and the dumping continued unabated for nearly ten months," after Town officials learned of the dumping.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 108 of the Complaint that residents were "oblivious to the hazardous effects of the waste" and, on that basis, denies those allegations.  Islip denies all remaining allegations in Paragraph 108 of the Complaint.

109.  Islip admits the allegations in the first sentence of Paragraph 109 of the Complaint. Islip admits the allegations in Paragraph 109 of the Complaint that it did not provide notice or explanation as to "toxic waste" and denies that it had knowledge or information of "toxic waste" or "toxic chemicals."  Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 109 of the Complaint and, on that basis, denies those allegations.

110.  Islip admits the allegations in the first two sentences of Paragraph 110 of the Complaint.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110 of the Complaint, including footnote 33, and, on that basis, denies those allegations.

111.  Islip admits the allegations in first sentence of Paragraph 111 of the Complaint. Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 111 of the Complaint, including footnote 34, and, on that basis, denies those allegations.

112.  Islip denies the allegations in the first sentence of Paragraph 112 of the Complaint. Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 112 of the Complaint, including footnotes 35, 36 and 37, and, on that basis, denies those allegations.

113.  Islip admits the allegation in Paragraph 113 of the Complaint that the Town of Islip organized a community meeting on or around May 20, 2014.  Islip denies the allegations in

Paragraph 113 of the Complaint that the Town did this "[m]onths after closing the Park and

remaining silent." Islip denies the allegation in Paragraph 113 of the Complaint that Islip "failed

to secure a proper Spanish translator." Islip lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in the second sentence of Paragraph 113 of the

Complaint and, on that basis, denies those allegations. Islip denies the allegations in Paragraph

113 of the Complaint that "Town officials remained dismissive during the meeting" and

"refus[ed] to take oral questions." Islip affirmatively states that the allegations in Paragraph 113

of the Complaint are vague with respect to "toxins in the Park" and "meeting to specifically

discuss the dumping" such that it lacks knowledge or information sufficient to form a belief as to

the truth of those allegations and, on that basis, denies those allegations.

114. Islip denies the allegations in the first sentence of Paragraph 114 of the Complaint.

Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations

in the second sentence of Paragraph 114 of the Complaint that "[e]ventually, Brentwood

residents took matters into their own hands," and, on that basis, denies those allegations. Islip

admits the allegations in the second sentence of Paragraph 114 of the Complaint that Brentwood

residents attended Town Board meetings and that Islip received "petitions with hundreds of

signatures calling on the Town Board to speed up construction" except that Islip affirmatively

states that it cannot verify the legitimacy of the petitions' signatures. Islip lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph

114 of the Complaint, including footnote 38, and, on that basis, denies those allegations.

115. Islip denies the allegations in the first sentence of Paragraph 115 of the Complaint.

Islip admits the allegations in Paragraph 115 that the Park was reopened on July 31, 2017 and

that the pavement and parking lot were unfinished at the time of opening. Islip admits the

allegations in the last sentence of Paragraph 115 of the Complaint.  Islip denies the remaining

allegations in Paragraph 115 of the Complaint.

116.  Islip admits the allegations in the first sentence of Paragraph 116 of the Complaint

except that it affirmatively states that Brett Robinson formerly was a Town employee with the

title of Executive Assistant to the Parks Commissioner.  Islip lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116 of the

Complaint and, on that basis, denies those allegations.

117.   Islip admits the allegations in Paragraph 117 of the Complaint, except that Islip

affirmatively states that the allegations in Paragraph 117 of the Complaint are vague with respect

to "without giving notice to or consulting with the predominantly minority community that used

the Pool" such that it lacks knowledge or information sufficient to form a belief as to the truth of

those allegations and, on that basis, denies those allegations.

118.  Islip admits the allegations in the first and second sentences of Paragraph 118 of the

Complaint, except that Islip affirmatively states that the allegations in Paragraph 118 are vague

with respect to "[f]or generations," "key," and "dire," such that it lacks knowledge or

information sufficient to form a belief as to the truth of those allegations and, on that basis,

denies those allegations.  Islip denies the remaining allegations in Paragraph 118.

119.  Islip admits the allegations in the first sentence of Paragraph 119 of the Complaint

that the Roberto Clemente Pool was defunded in 2013 following Superstorm Sandy.  Islip denies

the allegations in Paragraph 119 that Islip officials acted "quietly" and that the Casamento pool

was defunded.  Islip affirmatively states that the allegations in Paragraph 119 of the Complaint

are vague with respect to the timing and relationship of the alleged budget deficit and tax

increase, such that Islip lacks knowledge or information sufficient to form a belief as to the truth

of those allegations and, on that basis, denies those allegations, except Islip admits that it had a 28 percent tax increase in 2013. Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint related to the Town Supervisor's "claim[]," and, on that basis, denies those allegations, except Islip admits that the Town Supervisor stated: "Temporarily closing any Town facility is a painful but necessary financial decision, as our Parks Department is overwhelmed by the scale of repairs that need to be made in the wake of Hurricane Sandy. While Roberto Clemente Park will remain open this season, the Town Board is each actively working hard at additional solutions to get Clemente pool up and running." Islip affirmatively states that the allegations in Paragraph 119 are vague with respect to "mostly devastated" and "communities . . . tended to be wealthier and predominately white" such that it lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations

120. Islip admits the allegation in Paragraph 120 of the Complaint that Brentwood residents attended and voiced complaints at Town Board meetings. Islip otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 120 of the Complaint and, on that basis, denies those allegations. Islip affirmatively states that the allegations in the second sentence of Paragraph 120 of the Complaint are vague in apparently summarizing and characterizing multiple alleged statements such that it lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations. Islip admits that funding was provided for the Casamento pool but otherwise denies the allegation in Paragraph 120 of the Complaint that "[f]ollowing the protests, the Town Board managed to find the funds to reopen the Casamento Pool." Islip affirmatively states that the Casamento pool is located in West Islip near its border with Bay

Shore, and Islip otherwise denies the allegations in Paragraph 120 of the Complaint with respect

to the pool's location.  Islip affirmatively states that the allegations in Paragraph 120 of the

Complaint are vague with respect to "predominately white communities" such that it lacks

knowledge or information sufficient to form a belief as to the truth of those allegations and, on

that basis, denies those allegations.   Islip otherwise lacks knowledge or information sufficient to

form a belief as to the truth of the allegations in the last two sentences of Paragraph 120 of the

Complaint and, on that basis, denies those allegations.

121.  Islip denies the allegations in Paragraph 121 of the Complaint related to "the Town

Board's indifference."  Islip admits the remaining allegations in Paragraph 121 of the Complaint,

except Islip denies any allegation in Paragraph 121 of the Complaint that only $300,000 of

repairs were planned before the "grand reopening" scheduled for the summer of 2014.

122.  Islip admits the allegations in Paragraph 122 of the Complaint that, as of June 18,

2018, the Pool remained closed, with plans to reopen during that summer.  Islip affirmatively

states that the allegations in Paragraph 122 of the Complaint are vague with respect to

"[n]otwithstanding the scheduled reopening" such that it lacks knowledge or information

sufficient to form a belief as to the truth of those allegations and, on that basis, denies those

allegations.

123.  Islip admits the allegations in the first sentence of Paragraph 123 of the Complaint,

except that Islip denies the allegation as to "reluctantly," and Islip affirmatively states that the

allegations in Paragraph 123 of the Complaint are vague with respect to "the majority-white

neighborhood in West Islip" such that it lacks knowledge or information sufficient to form a

belief as to the truth of those allegations and, on that basis, denies those allegations.  Islip admits

the remaining allegations in Paragraph 123 of the Complaint except that Islip affirmatively states

that the allegations are vague with respect to "a handful of locations" and "a long waiting

process" such that it lacks knowledge or information sufficient to form a belief as to the truth of

those allegations and, on that basis, denies those allegations.

124.  Islip denies the allegations in Paragraph 124 of the Complaint.

125.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 125 of the Complaint and, on that basis, denies those allegations.

126.  Islip admits the allegation in Paragraph 126 of the Complaint that MacKenzie

Chemical Works in Central Islip is a Superfund site.  Islip lacks knowledge or information

sufficient to form a belief as to the truth of the allegation in Paragraph 126 of the Complaint that

there are five Superfund sites in the Town.  Islip denies the allegation in Paragraph 126 of the

Complaint that McKenzie Chemical Works is "located in a residential community."  Islip lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in Paragraph 126 of the Complaint and, on that basis, denies those allegations.

127.  Islip denies any allegation in Paragraph 127 of the Complaint that all Superfund

sites in the Town of Islip other than MacKenzie Chemical Works "are far away from residential

neighborhoods."  Islip affirmatively states that the allegations in Paragraph 127 of the Complaint

related to "predominantly white communities" are vague such that Islip lacks knowledge or

information sufficient to form a belief as to the truth of those allegations and, on that basis,

denies those allegations.  Islip lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in Paragraph 127 of the Complaint and, on that basis,

denies those allegations.

128.  Islip affirmatively states that the allegations in Paragraph 128 of the Complaint

related to "in close proximity to minority Latino communities" are vague such that Islip lacks

knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations. Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 128 of the Complaint and, on that basis, denies those allegations.

129. Islip affirmatively states that the allegations in Paragraph 129 of the Complaint related to "in the heart of Brentwood or in close proximity to minority Latino communities" are vague such that Islip lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations. Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 129 of the Complaint and, on that basis, denies those allegations.

130. Islip denies the allegations in the first sentence of Paragraph 130 of the Complaint except it admits that in July 2015, the Town Board voted to approve the use of a parcel in Brentwood for a scrap metal processing facility. Islip admits that the Suffolk County Planning Commission "disapproved" the referral with respect to the private application for this facility, stating in part: "It does not appear that the petition can meet the above special permit standard as the south east corner of the subject property is approximately 338 feet from the residential zone to the east," but Islip otherwise denies the allegations in the second sentence of Paragraph 130 of the Complaint. Islip admits that the Town Board did not itself "commission a full traffic study" or revoke its approval, but Islip otherwise denies the allegations in the third sentence of Paragraph 130 of the Complaint. Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 130 of the Complaint, including footnote 39, and, on that basis, denies those allegations.

131.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Complaint and, on that basis, denies those allegations.

132.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, including footnote 40, of the Complaint and, on that basis, denies those allegations.

133.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the Complaint and, on that basis, denies those allegations.

134.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 of the Complaint and, on that basis, denies those allegations.

135.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 of the Complaint and, on that basis, denies those allegations.

136.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, including footnote 41, of the Complaint and, on that basis, denies those allegations.

137.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137, including footnote 42, of the Complaint and, on that basis, denies those allegations.

138.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138, including footnotes 43 and 44, of the Complaint and, on that basis, denies those allegations.

139.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139, including the graphic therein and footnotes 45 and 46, of the Complaint and, on that basis, denies those allegations.

140.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140, including the graphics therein, of the Complaint and, on that basis, denies those allegations.

141.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141, including footnote 47, of the Complaint and, on that basis, denies those allegations.

142.  Islip affirmatively states that Trish Bergin Weichbrodt is currently an elected Councilwoman on the Islip Town Board.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 142 of the Complaint and, on that basis, denies those allegations.

143.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 of the Complaint and, on that basis, denies those allegations.

144.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 of the Complaint and, on that basis, denies those allegations.

145.  Islip denies the allegations in Paragraph 145 of the Complaint.

146.  Islip admits the allegations in Paragraph 146 of the Complaint that the Town maintains the Brentwood Long Island Railroad station parking lot.  Islip denies the allegation in Paragraph 146 related to a "lack of proper lighting," and Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the sixth sentence of Paragraph 146 of the Complaint and, on that basis, denies those allegations.  Islip denies all of the remaining allegations in Paragraph 146 of the Complaint.

147.  Islip denies the allegations in Paragraph 147 of the Complaint.

148.  Islip denies the allegations in the first two sentences of Paragraph 148 of the Complaint and the allegation that there was "an egregious instance of the Town's neglect."   Islip affirmatively states that the allegations in Paragraph 148 are vague with respect to "a local skate park" such that it lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 148 of the Complaint and, on that basis, denies those allegations.

149.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 of the Complaint and, on that basis, denies those allegations.

150.  Islip admits the allegations in the first part of the first sentence of Paragraph 150 of the Complaint. Islip affirmatively states that the remaining allegations in Paragraph 150 of the Complaint are vague with respect to "rarely," "the predominantly Latino areas within Islip," "difficult for members of the Latino minority community to access," and "Latino neighborhoods", such that it lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

151.  Islip denies the allegations in the first sentence of Paragraph 151 of the Complaint. Islip admits the allegations in the second sentence of Paragraph 151 of the Complaint.  Islip admits that on August 16, 2015, the Town Board voted to grant a permit conditioned on approval from the Suffolk County Police 3rd Precinct, the Brentwood Fire Department, the East Brentwood Fire Department, the Brentwood Legion Ambulance, the Central Islip Fire Department, the Suffolk County Department of Health, and the Long Island Railroad.  Islip admits the allegations that the parade organizers filed a lawsuit against the Town.  Islip

affirmatively states that the lawsuit was dismissed after the conditions were satisfied.  Islip

denies any remaining allegations in Paragraph 151 of the Complaint.

152.  Islip admits the allegations in Paragraph 152 of the Complaint that the Town

reached an agreement with Verizon that covered Brentwood and Central Islip.  Islip denies all

remaining allegations in Paragraph 152 of the Complaint.

153.  Islip admits the allegations in the first sentence of Paragraph 153 of the Complaint,

except Islip affirmatively states that the allegations in Paragraph 153 of the Complaint are vague

with respect to "primarily serves" and "less affluent neighborhoods" such that it lacks knowledge

or information sufficient to form a belief as to the truth of those allegations and, on that basis,

denies those allegations.  Islip lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in Paragraph 153, including footnote 48, of the Complaint

and, on that basis, denies those allegations.

154.  Islip denies the allegation in Paragraph 154 of the Complaint that the Town Board

is unresponsive to the needs of Islip's Latino community.  Islip affirmatively states that the

allegations in Paragraph 154 of the Complaint are vague with respect to the locations of "Islip's

minority communities" and with respect to the precise locations of Councilmember residences

such that it lacks knowledge or information sufficient to form a belief as to the truth of those

allegations and, on that basis, denies those allegations.  Islip denies any allegations in Paragraph

154 of the Complaint that no Councilmember in the last 30 years has resided in Brentwood.  Islip

admits that its records of addresses for the individuals listed on the graphic and/or map in

Paragraph 154 of the Complaint do not include an address in Brentwood, but Islip denies any

allegation that the individuals listed on the graphic and/or map in Paragraph 154 of the

Complaint are all of the members of the Town Board from 1990 to the present.  .  Islip lacks

knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 154 of the Complaint, including the graphic and/or map therein, of the Complaint and, on that basis, denies those allegations.

155. Islip denies the allegations in Paragraph 155 of the Complaint.

156. Islip affirmatively states that the allegations in Paragraph 156 of the Complaint are vague with respect to "[g]ood government advocates in Islip have long campaigned" such that it lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations. Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 of the Complaint related to the motivations of the alleged "[g]ood government advocates" and, on that basis, denies those allegations. Islip affirmatively states that the Town Clerk sustained citizen objections due to the legal insufficiency of multiple petitions. Islip otherwise denies the remaining allegations in Paragraph 156 of the Complaint.

157. Islip admits the allegations in the first sentence of Paragraph 157 of the Complaint. Islip admits the allegations in Paragraph 157 of the Complaint that there was a November 2006 referendum in which a majority of voters opposed the elimination of at-large elections for Town Board. Islip denies the allegation that the referendum "was delayed." Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 157 of the Complaint and, on that basis, denies those allegations.

158. Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 of the Complaint and, on that basis, denies those allegations.

159. Islip denies the allegations in the first sentence of Paragraph 159 of the Complaint. Islip admits the allegations in Paragraph 159 of the Complaint that the 2016 salary for each

Councilmember (as distinct from Town Supervisor) was $77,200.  Islip denies the allegation that Councilmember is a part-time position and denies any allegation that the only work of Councilmembers is to attend meetings once or twice per month.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 159 of the Complaint and, on that basis, denies those allegations.

160.  Islip admits the allegations in the first sentence of Paragraph 160 of the Complaint.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 160 of the Complaint, including footnote 49, and, on that basis, denies those allegations.  Islip denies the allegations in the third, fourth, and fifth sentences of Paragraph 160 of the Complaint.

161.  Islip denies the allegations in the first part of the first sentence of Paragraph 161 of the Complaint.  Islip admits the allegation in Paragraph 161 of the Complaint that in 2016, the Town Board approved salary increases for employees including the five employees identified in footnote 51 to Paragraph 161 of the Complaint.  Islip affirmatively states that the allegations in Paragraph 161 are vague with respect to "seven high level management employees," "under the guise of 'budget-related transfers,'" "six of the seven beneficiaries," "[a]ll seven of the employees," and "these seven employees," such that Islip lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.  Islip lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in the second, third and fourth sentences, including footnote 51, of Paragraph 161 of the Complaint and, on that basis, denies those allegations.

162.  Islip denies the allegations in the first sentence of Paragraph 162 of the Complaint.  Islip admits the allegations in the second sentence of Paragraph 162 of the Complaint, except

Islip affirmatively states that the budget for 2017 was approved by the Town Board in 2016. Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 162, including footnote 52, of the Complaint and, on that basis, denies those allegations.

163.   Islip denies the allegations in the first and second sentences of Paragraph 163 of the Complaint.  Islip admits the allegations in Paragraph 163 of the Complaint that John J. Carney was appointed as Public Safety Commissioner by the Town Board in 2013 and subsequently was appointed to the position of Deputy Town Supervisor by the current Town Supervisor, Angie Carpenter.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 163 of the Complaint and, on that basis, denies those allegations.

164.   Islip admits the allegation in Paragraph 164 of the Complaint that Peter McGowan resigned on March 9, 2006.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 164 of the Complaint, including footnotes 53 and 54, and, on that basis, denies those allegations.

165.   Islip admits the allegations in Paragraph 165 of the Complaint that Tom Datre Sr. is "one of several individuals alleged to have been involved in dumping 40,000 tons of debris in Roberto Clemente Park."  Islip denies the allegation in Paragraph 165 of the Complaint that "the Town turned a blind eye."  Islip affirmatively states that one Town official and one Town employee were convicted in relation to the dumping of debris in Roberto Clemente Park.  Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 165 of the Complaint and, on that basis, denies those allegations.

166.   Islip denies the allegations in Paragraph 166 of the Complaint.

167.  Islip denies the allegations in Paragraph 167 of the Complaint.

## COUNT I

168.  Islip incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 to 167 of the Complaint.  To the extent not already answered, Islip denies the allegations in Paragraph 168 of the Complaint.

169.  Paragraph 169 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 of the Complaint and, on that basis, denies those allegations.

170.  Paragraph 170 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 170 of the Complaint and, on that basis, denies those allegations.

171.  Paragraph 171 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip denies the allegations in Paragraph 171 of the Complaint.

172.  Paragraph 172 of the Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Islip denies the allegations in Paragraph 172 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

Islip denies that Plaintiff is entitled to the relief sought from Islip.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Islip hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Islip and further fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief from Islip.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Fourteenth Amendment to the United States Constitution.

\* \* \*

Islip reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.  Islip reserves its right to amend this Answer to assert those defenses.

\* \* \*

To the extent that any allegation in the Complaint, including any headings and subheadings, has been neither admitted nor denied, it is hereby expressly denied.

\* \* \*

WHEREFORE, Defendants Town of Islip and Islip Town Board pray as follows:

(1)     That Plaintiffs take nothing by virtue of the Complaint herein and that this action

be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

Dated:  October 10, 2018                        Respectfully submitted,


                                                */s/ Louis K. Fisher*
                                                Michael A. Carvin, Esq. (MC-9266)
                                                Louis K. Fisher, Esq. (LF-3979)
                                                JONES DAY
                                                51 Louisiana Avenue
                                                Washington, D.C. 20001-2113
                                                Telephone: (202) 879-3939
                                                Facsimile: (202) 626-1700
                                                Email: macarvin@jonesday.com
                                                        lkfisher@jonesday.com


                                                Michael T. Ferruggia, Esq. (MF-9558)
                                                JONES DAY
                                                250 Vesey Street
                                                New York, New York 10281
                                                Telephone: (212) 326-3939
                                                Facsimile: (212) 755-7306
                                                Email: mferruggia@jonesday.com


                                                John R. DiCioccio, Esq.
                                                Town Attorney
                                                655 Main Street
                                                Islip, New York 11751
                                                Telephone: (631) 224-5550


                                                *Counsel for Defendants*
                                                *Town of Islip and Islip Town Board*

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on October 10, 2018, I caused the foregoing ANSWER AND

AFFIRMATIVE DEFENSES OF TOWN OF ISLIP AND ISLIP TOWN BOARD to be filed

with the Clerk of Court and served upon all counsel of record via the CM/ECF system.


*/s/ Louis K. Fisher*
Louis K. Fisher

*Counsel for Defendants*
*Town of Islip and Islip Town Board*