# EXHIBIT F



Brennan Center for Justice
at New York University School of Law

161 Avenue of the Americas
12th Floor
New York, NY 10013
646.292.8310  Fax 212.463.7308
www.brennancenter.org

November 5, 2012
VIA E-MAIL & MAIL

To:     Gail Lolis, General Litigation Bureau Chief, gail.lolis@suffolkcountyny.gov
        Suffolk County Board of Elections
        Yaphank Avenue
        Yaphank, NY 11980

RE:     Processing of Voter Registration Applications from the DMV's Online System

Dear Bureau Chief Lolis,

I write on behalf of the Brennan Center for Justice in opposition to the Suffolk County Board of Elections' policy not to accept voter registrations submitted through the Department of Motor Vehicles' (DMV's) online registration system. The state DMV, in conjunction with the Governor's office, developed an online voter registration process in August 2012 that permits voters to submit a complete and secure voter registration online, including a signature pulled from the DMV's existing records.[1] We are deeply concerned that the Suffolk County Board of Elections has improperly rejected such applications. Suffolk County residents who have taken advantage of this new online registration process risk being wrongfully disenfranchised in tomorrow's election without immediate corrective action from the county Board of Elections.

Below are details and citations to explain why the Suffolk County Board of Elections lacks legal authority to reject applications submitted via the DMV's online system. It is our hope and expectation that a policy be put in place immediately to ensure each affected voter is able to cast a normal ballot that counts on Election Day.

I.      The County Boards of Election Have No Authority to Consider a Voter Registration Form
        Invalid Because the Voter's Original Signature Has Been Digitized

County boards are required to accept all valid voter registration applications submitted through the DMV's online process, including those with digitized copies of the applicants' original signatures. For state law purposes, those signatures are no different than any other signature. First, registrants are

---

[1] See Press Release, New York Department of Motor Vehicles, Governor Cuomo Announces Reforms to Expand Access to Voter Registration (Aug. 16, 2012), available at http://www.dmv.ny.gov/press.htm.

required to attest to their eligibility by clicking a button that indicates their assent to the electronic submission of their application to the DMV, but do not enter an electronic signature during the online registration process. Instead, the operative signature associated with the registration application—and the one that would be used for ballot verification—will be the digitized version of the "wet signature" the registrant provided for his or her DMV file.[2] This digitized signature is not an electronically captured signature, but rather a scanned version of a "wet signature." Its quality is no worse than the signatures that appear in poll books and is therefore wholly appropriate for use in the ballot verification process. Moreover, since the digitized version of the voter's original signature will be electronically transmitted to county officials through a secure process, there is no loss of quality and no added risk of fraud.

With respect to applications forwarded through the state DMV, the county boards' duty to process such applications is clear. The Election Law vests the DMV with the authority to design the form[3] and requires county election officials to accept voter registration applications the DMV transmits. The law provides that the DMV "shall" transmit voter applications to the "appropriate board of elections" and that the forms "*shall be processed by the board of elections*" in the manner prescribed by New York Election Law § 5-210, or, in the case of certain applicants, § 5-208.[4] In other words, the boards are required to process valid voter registration forms and have no discretion to refuse to do so.

As I noted in my original letter to you, Section § 5-210(8) in turn provides that if a voter registration application "shall contain substantially all the required information indicating that the applicant is legally qualified to register and/or enroll as stated in his or her application, the county board of elections *shall* transfer all information on such application to the appropriate registration records."[5] This section does not mention any specific signature requirement, nor give local Boards any discretion to deny a voter registration application absent evidence of ineligibility to vote. A separate provision, § 5-212(6), states that transmittals from the DMV shall include "original" signatures,[6] and as noted above the process does indeed capture and submit the voter's original signature on file with the DMV. However, even if the Board were to dispute the "originality" of this signature, § 5-210(8) *does not permit* county boards to reject applications transmitted by the DMV for reasons other than the absence of information indicating that the applicant is legally qualified to register. It does not condition the county boards' obligation to accept forms from the DMV on the satisfaction of § 5-212(6), even if that section were read to exclude digitized versions of such signatures.

[2] *See* PowerPoint Presentation by Ann Scott, NYS DMV Project Manager, New York State Electronic Capture of Voter Registration Data, Slide 17 (requiring a registrant to "agree to permit NYS DMV to send my County/City Board of Elections my most recent signature captured from my photo document"). It is our understanding that before the signature from the DMV is appended, information entered by the voter is verified against the DMV records, adding another layer of securing and reducing the risk of fraud.
[3] N.Y. ELEC. LAW § 5-212(2) (McKinney 2012).
[4] *Id.* §§ 5-212(6), 5-212(9).
[5] *Id.* § 5-210(8), *see also Williams v. Salerno,* 792 F.2d 323, 329 (2nd Cir. 1986).
[6] *Id.* § 5-212(6).

BRENNAN CENTER FOR JUSTICE

In sum, a digitized original signature in no credible way fails to provide adequate information to assess a voter's eligibility. The local county boards therefore lack discretion to refuse to accept registration applications the DMV transmits on the sole basis that they include digitized signatures.

II.     State Law Gives Electronic Signatures the Full Force of Law

As discussed above, the signatures transferred from the DMV are properly considered original signatures. However, even if the Board were to consider the DMV-provided signatures to be "electronic," a New York law called the Electronic Signatures and Records Act (ESRA) grants the full force of law to electronic signatures submitted by a consenting voter.

ESRA, signed into law in 1999, requires state officials to accept an electronic signature as the equivalent of a lawful original signature. ESRA's stated legislative purpose is to ensure "that *persons who voluntarily elect to use* electronic signatures or electronic records can do so with confidence that they carry the same force and effect as non-electronic signatures and records."[7] Section 304 states that "an electronic signature may be used by a person in lieu of a signature affixed by hand" and "*shall have the same validity and effect as*" a handwritten signature.[8] Section 305(3) similarly provides that an "electronic record shall have the same force and effect as those records not produced by electronic means."[9] Moreover, courts have interpreted ESRA to mean that an electronically signed document cannot be deemed invalid or unenforceable due to its electronic nature alone.[10] During the DMV process, voters are required to affirm their eligibility and specifically assent to the electronic submission of their signature by the DMV. Election officials have no authority under state law to second-guess the validity of that signature.

III.    Federal Law Requires the Processing of Signatures Transmitted from a State DMV

Finally, federal law compels county election boards to accept registration applications transmitted by the DMV, regardless of whether they append a wet-ink signature or a digitized version of it. The National Voter Registration Act (NVRA) requires that each state establish application procedures allowing individuals to register to vote when applying for a driver's license with the state DMV.[11] The NVRA also requires each state "to ensure" that any eligible applicant who timely submits a valid voter

---

[7] N.Y. STATE TECH. LAW § 540.1 (emphasis added).

[8] N.Y. STATE TECH. LAW § 304(2) (McKinney 2004) (emphasis added); N.Y. COMP. CODES R. & REGS. tit. 9, § 540.4 (2012).

[9] N.Y. STATE TECH. LAW § 305(3).

[10] *See Yu v. Charles Schwab & Co.*, 937 N.Y.S.2d 527 (N.Y. App. Div. 2011) (finding an electronic signature on a brokerage agreement valid thus making the arbitration clause enforceable); *Naldi v. Grunberg*, 80 A.D.3d 1 (N.Y. App. Div. 2010) (finding an email satisfied a writing for the purpose of Statutes of Frauds); *People v. Johnson*, No. 2009–791WCR, 930 N.Y.S.2d 176 (N.Y. App. Term May 20, 2011) (unpublished) (finding that a police officer's electronic signature on a deposition of a traffic ticket had the same validity and effect as if signed by hand).

[11] 42 U.S.C. § 1973gg-2(a)(1).

BRENNAN CENTER FOR JUSTICE

registration form to the DMV "is registered to vote"[12] and provides for a private right of action in federal district court for individuals not properly registered.[13]

With respect to signatures, the NRVA states that a "driver's license application . . . submitted to the appropriate State motor vehicle authority . . . *shall* serve as an application for voter registration . . . unless the applicant fails to sign the voter registration application."[14]   This signature requirement draws no distinction between "wet signatures" and digitized versions of them in determining whether a registration form is valid.   Nor does the NVRA confer any discretion on county election officials to reject voter registration applications from the DMV for reasons other than those specified in the statute. Indeed, courts have struck down provisions and interpretations of state law inconsistent with the NVRA, including ones that conflict with the NVRA's mandate that states accept registration forms that meet the NVRA's criteria.[15]

In conclusion, application forms that use digitized original signatures as part of an automated registration process through the DMV pose no risks to the integrity of the election process, and must be accepted by county election boards under state and federal law.

I again thank you for your time and attention to this matter.   I remain available by cell phone and email to discuss this further at any time; all my contact information is below.

Sincerely,

Lee Rowland, Counsel, Democracy Program
Brennan Center for Justice at NYU School of Law
161 Avenue of the Americas, Floor 12
New York, NY 10013-1205
Direct line: (646) 292-8334; cell: (857) 204-7331
Fax: (212) 463-7308
lee.rowland@nyu.edu

---

[12] *Id*. § 1973gg-6(a)(1)(A).

[13] *Id.* § 1973gg-9(b).

[14] *Id.* § 1973gg-(3)(a)(1) (emphasis added).

[15] *See Charles H. Wesley Educ. Found., Inc. v. Cox*, 408 F.3d 1349, 1354-56 (11th Cir. 2005) (affirming lower court's holding that Georgia Secretary of State improperly refused to process mailed-in federal voter registration forms because they were collected and bundled in a single mailing rather than mailed, as state law required, by the individual, a registrar, deputy registrar, or any other authorized person to collect the applications under state law); *Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012) (concluding that the NVRA supersedes a conflicting state registration requirement for federal elections).

BRENNAN CENTER FOR JUSTICE

**<u>CC</u>:**
Dennis M. Cohen, County Attorney, dennis.cohen@suffolkcountyny.gov
Anita S. Katz, Commissioner, anita.katz@suffolkcountyny.gov
Wayne T. Rogers, Commissioner, wayne.rogers@suffolkcountyny.gov