# EXHIBIT G



Brennan Center for Justice
at New York University School of Law

161 Avenue of the Americas
12th Floor
New York, New York 10013
212.998.6730  Fax 212.995.4550
www.brennancenter.org

November 5, 2012
VIA E-MAIL AND MAIL

To:   New York State Board of Elections
      40 North Pearl Street, Suite 5
      Albany, NY 12207-2729

RE:   County Board of Elections' Failure to Process Voter Registration Applications from the DMV's Online System

Dear Commissioners,

I write to inform you that Suffolk County has refused to process the registrations of Suffolk County voters who have registered to vote via the Department of Motor Vehicles' (DMV's) online registration process, and to request an immediate statewide Directive from the Board of Elections to ensure no eligible voter is disenfranchised due to this unlawful policy and to avoid unnecessary litigation.

As you are aware, New Yorkers have recently had the opportunity to register to vote via the DMV's integrated online registration process, available since August 2012.[1]  We have recently been informed that Suffolk County has rejected applications submitted through the DMV's system due to the presence of digitized signatures, and counsel for the County has confirmed this policy.[2]

As we have informed the Suffolk County Board of Elections, state and federal law provide no authority for the county to reject such valid voter registration applications.  Copies of two letters sent to the county are attached, detailing the legal provisions under both New York statutes and the National Voter Registration Act (NVRA) that require such forms to be processed.  In sum, county boards are required to accept all valid voter registration applications submitted through the DMV's online system, which include a digitized version of the original signature the registrant provided for his or her DMV file.[3]  This digitized signature is electronically transmitted to county officials through a secure process; there is no loss of quality and no added risk of fraud.

---

[1] *See* Press Release, New York Department of Motor Vehicles, Governor Cuomo Announces Reforms to Expand Access to Voter Registration (Aug. 16, 2012), *available at* http://www.dmv.ny.gov/press.htm.
[2] Conversation with Gail Solis, General Litigation Bureau Chief, Suffolk County (November 2, 2012).
[3] *See* PowerPoint Presentation by Ann Scott, NYS DMV Project Manager, New York State Electronic Capture of Voter Registration Data, Slide 17 (requiring a registrant to "agree to permit NYS DMV to send my County/City Board of Elections my most recent signature captured from my photo document").  It is our understanding that before the signature from the DMV is appended, information entered by the voter is verified against the DMV records, adding another layer of securing and reducing the risk of fraud.

BRENNAN CENTER FOR JUSTICE

The county boards' duty to process such applications is clear. The law provides that the DMV "shall" transmit voter applications to the "appropriate board of elections" and that the forms "*shall be processed by the board of elections*" in the manner prescribed by New York Election Law § 5-210, or § 5-208.[4] Section § 5-210(8) in turn provides that if a voter registration application "shall contain substantially all the required information indicating that the applicant is legally qualified to register and/or enroll as stated in his or her application, the county board of elections *shall* transfer all information on such application to the appropriate registration records."[5] This section does not mention any specific signature requirement, nor give local boards any discretion to deny a voter registration application absent evidence of ineligibility to vote. In other words, the boards are required to process valid voter registration forms and have no discretion to refuse to do so.

While the digitized signatures are properly considered "original signatures" under the Election Law, even if the county boards were to consider them electronic signatures, New York State Technology Law, as amended by the 1999 Electronic Signatures and Records Act (ESRA), requires state officials to accept an electronic signature as the equivalent of a lawful original signature.[6]

Finally, as detailed in the attached letters, the NVRA also requires that each state establish application procedures allowing individuals to register to vote when applying for a driver's license with the state DMV.[7] The NVRA requires each state "to ensure" that any eligible applicant who timely submits a valid voter registration form to the DMV "is registered to vote"[8] and provides for a private right of action in federal district court for individuals not properly registered.[9]

We ask the State Board to immediately issue a Directive to all county boards in the state requiring the boards to fully process any application submitted through the DMV's online process, and specifying that the counties lack authority to consider such applications invalid due to the digitization of a voter's signature. The State Board plays a critical role in providing direction and clarification to ensure consistent, free, and fair elections throughout the state of New York.[10] In addition, while the Election Law vests the DMV with the authority to design the DMV's voter registration form[11] and requires county election officials to accept voter registration applications the DMV transmits, the State Board's explicit ratification of the DMV's process would formalize the State Board's approval of the specific online process.[12] This would provide much-needed explicit direction from the State Board to the county boards that the DMV's online registration system is a formal and valid part of the state's voter registration system.

---

[4] N.Y. ELEC. LAW §§ 5-212(6), 5-212(9) (emphasis added).
[5] *Id*. § 5-210(8), *see also Williams v. Salerno,* 792 F.2d 323, 329 (2nd Cir. 1986).
[6] ESRA's stated legislative purpose is to ensure "that *persons who voluntarily elect to use* electronic signatures or electronic records can do so with confidence that they carry the same force and effect as non-electronic signatures and records." N.Y. STATE TECH. LAW § 540.1 (emphasis added).
[7] 42 U.S.C. § 1973gg-2(a)(1).
[8] *Id*. § 1973gg-6(a)(1)(A).
[9] *Id*. § 1973gg-9(b).
[10] N.Y. ELEC. LAW § 3-102(1) ("In addition to the enforcement powers and any other powers and duties specified by law, the state board of elections shall have the power and duty to…issue instructions and promulgate rules and regulations relating to the administration of the election process…").
[11] N.Y. ELEC. LAW § 5-212(2).
[12] *See id.*

BRENNAN CENTER FOR JUSTICE

    We therefore ask that the State Board provide a Directive before Election Day to ensure no voter's registration was wrongfully denied simply for containing a digitized version of the voter's original signature. First, we ask that this Directive require state Boards of Election to create a list of any voter whose registration was not processed due to a digitized signature, provide this list to poll workers, and instruct them to offer affected individuals the opportunity to sign the poll register and vote a full ballot. As a back-up, in the event any such voter is given an affidavit ballot, the Directive should also specify that affidavit ballots cast by voters who submitted a complete voter registration through the DMV's online system must be counted. Such a Directive would be essential in stopping the unnecessary, and completely preventable, disenfranchisement of New Yorkers who have taken advantage of the DMV's public service.

    Thank you for your time and attention to this matter. I am fully available by cell phone and email to discuss this further at any time; all my contact information is below.

Sincerely,

Lee Rowland, Counsel, Democracy Program
Brennan Center for Justice at NYU School of Law
161 Avenue of the Americas, Floor 12
New York, NY 10013
Direct line: (646) 292-8334; cell: (857) 204-7331
Fax: (212) 463-7308
lee.rowland@nyu.edu


ENCL:
    Letter from the Brennan Center to Suffolk County Commissioners (November 1, 2012)
    Letter from the Brennan Center to Suffolk County Bureau Chief (November 5, 2012)