# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ana Flores, Rene Flores, Maria Magdalena Hernandez, Magali Roman, Make the Road New York, and New York Communities for Change,<br><br>      Plaintiffs,<br><br>      v.<br><br>Town of Islip, Islip Town Board, and Suffolk County Board of Elections,<br><br>      Defendants. | 18-cv-03549 |

## NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS

PLEASE TAKE NOTICE that Plaintiffs Ana Flores, Rene Flores, Maria Magdalena Hernandez, Magali Romani, Make the Road New York, and New York Communities for Change, by and through their undersigned attorneys, will serve the attached subpoena for the production of documents on William Garbarino, pursuant to Federal Rule of Civil Procedure 45.

Dated: December 18, 2018

    PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

    By: *Gregory Laufer*

    Gregory F. Laufer
    Amy K. Nemetz
    Michael J. Pernick
    1285 Avenue of the Americas
    New York, New York 10019-6064
    (212) 373-3000
    glaufer@paulweiss.com
    anemetz@paulweiss.com
    mpernick@paulweiss.com

    THE LAW OFFICES
    OF FREDERICK K. BREWINGTON
    Frederick K. Brewington

Tricia S. Lindsay
556 Peninsula Blvd.
Hempstead, New York 11550
(516) 489-6959
fred@brewingtonlaw.com
tricia.lindsay@brewingtonlaw.com

NEWMAN FERRARA LLP
Randolph M. McLaughlin
Debra S. Cohen
Danielle B. Sullivan
Frank H. Foster
1250 Broadway, 27th Floor
New York, New York 10001
(212) 619-5400
rmclaughlin@nfllp.com
dcohen@nfllp.com
dsullivan@nfllp.com
ffoster@nfllp.com

Attorneys for Plaintiffs

2

AO 88B  (Rev  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| Ana Flores, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  18-CV-3549 |
| Town of Islip, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          William Garbarino

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
           See Attached.

| Place: Paul, Weiss, Rifkind, Wharton & Garrison, LLP | Date and Time: |
|---|---|
| c/o Gregory Laufer | |
| 1285 Avenue of the Americas, New York, NY 10019 | 01/07/2019 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/18/18

CLERK OF COURT

                                                                    OR

_____                    _____
     *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Ana Flores, et al.
_____, who issues or requests this subpoena, are:

Gregory Laufer; Paul, Weiss; 6th Ave., New York, NY 10019; (212) 373-3000; glaufer@paulweiss.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person, or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer, or
      **(ii)** is commanded to attend a trial and would not incur substantial expense

**(2)** *For Other Discovery.* A subpoena may command
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person, and
   **(B)** inspection of premises at the premises to be inspected

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial
   **(B)** *Objections* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served  If an objection is made, the following rules apply
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that
      **(i)** fails to allow a reasonable time to comply,
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c),
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies, or
      **(iv)** subjects a person to undue burden
   **(B)** *When Permitted* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information, or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party
   **(C)** *Specifying Conditions as an Alternative* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship, and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information
   **(A)** *Documents* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand
   **(B)** *Form for Producing Electronically Stored Information Not Specified* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms
   **(C)** *Electronically Stored Information Produced in Only One Form* The person responding need not produce the same electronically stored information in more than one form
   **(D)** *Inaccessible Electronically Stored Information* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost  On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C)  The court may specify conditions for the discovery

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must
      **(i)** expressly make the claim, and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim
   **(B)** *Information Produced* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has, must not use or disclose the information until the claim is resolved, must take reasonable steps to retrieve the information if the party disclosed it before being notified, and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim  The person who produced the information must preserve the information until the claim is resolved

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed  R  Civ  P  45(a) Committee Note (2013)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Ana Flores, Rene Flores, Maria Magdalena Hernandez,
Magali Roman, Make the Road New York, and New York
Communities for Change,

                                    Plaintiffs,                    18-cv-03549

                        v.

Town of Islip, Islip Town Board, and Suffolk County
Board of Elections,

                                    Defendants.

## SUBPOENA DUCES TECUM: WILLIAM GARBARINO

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs Ana Flores, Rene Flores,

Maria Magdalena Hernandez, Magali Romani, Make the Road New York, and New York Communities

for Change, by and through their undersigned attorneys, request that William Garbarino produce

documents and things responsive to each of the requests herein, by January 7th, 2019, in accordance with

the definitions and instructions set forth below.  Production of documents and things shall be at the

offices of Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York,

New York 10019-6064, or at another time and place as may be mutually agreed upon by counsel for the

parties.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall apply.

1.      The definitions and instructions set forth in Federal Rules of Civil Procedure 45 as well

as in Local Rule 26.3 are incorporated herein by reference.

2.      "This Litigation" means the above-captioned lawsuit.

3.      "Complaint" means the complaint filed in this Litigation on June 18, 2018 (D.I. 1).

4.     "Town" means Defendant Town of Islip, together with its employees, agents, and any other person that or who is acting or has ever acted for or on behalf of it (including accountants, advisors, consultants, and attorneys).

5.     "Board" means Defendant Islip Town Board, together with the Supervisor, Town Clerk, Receiver of Taxes, and Councilpersons, as well as the Board's employees, agents, and any other person that or who is acting or has ever acted for or on behalf of it (including accountants, advisors, consultants, and attorneys).

6.     "Town Defendants" refers collectively to the Town and the Board.

7.     "Communication," "identify," "parties," "person," and "concerning" are defined as set forth in Local Rule 26.3.

8.     "Document" includes, but is not limited to, any writing or other recording—electronic or otherwise—of information or images, such as notes, correspondence, handwriting, voicemail transcriptions, telephone records, calendars, appointment books, electronic documents, e-mail, text messages, instant messages, SMS messages, diaries, tweets, posts or messages from social media platforms (such as Instagram, Facebook, and WhatsApp messages), photos, videos, and (for electronically-stored information) metadata.  The term "Document" also includes all drafts of Documents.

9.     "Draft" shall mean any formulation, outline, sketch, conceptualization, or version of a document created prior to the final version of that document.

10.     "You" and "Your" means William Garbarino and, without limitation, any affiliate, agent, representative, employee, or other person acting or purporting to act on Your behalf or under Your control.

2

11.     "Relate" and its variants, including "relating to" or "related to," shall mean and encompass the terms "concern," "refer," "describe," "evidence," "prove," "disprove," "summarize," "reflect," "contain," "concern," "analyze," "explain," "mention," "discuss," "constitute," and any variants of those terms, and shall be construed to bring within the scope of the requests all documents that comprise, evidence, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with, or were generated as a result of, the subject matter of the requests, including but not limited to all documents that reflect, record, memorialize, discuss, evaluate, consider, review, report, support, demonstrate, show, study, describe, analyze, embody, mention, contradict, or result from the matter specified, or otherwise evidence the existence of the subject matter of the requests.

12.     "Including" shall be construed as "including, but not limited to" and shall not limit the scope of any requests.

13.     "Any," "all," "each," "and," and "or" shall be construed according to Local Rule 26.3.

14.     To the extent necessary to bring within the scope of the requests all information that might otherwise be construed to be outside their scope, the singular includes the plural and the plural includes the singular. The use of masculine, feminine, or neutral gender shall include each gender, as appropriate in context.

15.     Any terms not defined herein shall have the meaning set forth in the Complaint.

### INSTRUCTIONS

1.     Each requested document shall be produced in its entirety, along with any attachments, drafts, and non-identical copies, including without limitation copies that differ by virtue of handwritten or other notes or markings. Documents responsive to these requests are to be clearly designated so as to reflect their source, owner, and/or custodian. If a document responsive to these requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production

of the remainder is not possible. Documents contained in file folders, loose-leaf binders, or notebooks with tabs or labels identifying such documents are to be produced intact together with such file folders, loose-leaf binders, or notebooks. All labels identifying such documents, files, folders, or binders shall be copied and produced together with such documents. Documents attached to each other should not be separated, and all such attached documents shall be produced.

2.      Electronically stored information is to be produced in accordance with Federal Rule of Civil Procedure 45(e)(1).

3.      To the extent any request is objected to in whole or in part, state with specificity all grounds for objection, state which documents will be withheld and which documents will be produced notwithstanding such objection, and produce all documents and things responsive to those parts of the request as to which no objection is made.

4.      If, in responding to any request, any ambiguities in the request's wording are encountered, the response shall set forth the matter deemed ambiguous and the construction used in responding.

5.      If a claim of privilege is asserted with respect to any documents and things requested herein, such documents and things shall be scheduled on a privilege log that provides all of the information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure.  To the extent a requested document or thing contains non-privileged information, the privileged information shall be redacted from the same and the redacted version of the document or thing shall be produced.

6.      Responsive documents should not be limited solely to those under Your physical custody, but should include those that are under Your "possession, custody or control," as that phrase is used in Rule 34 of the Federal Rules of Civil Procedure and has been interpreted by case law.

7.      The requests are continuing and require, to the extent authorized by Rule 26(e) of the

Federal Rules of Civil Procedure, production of any additional responsive documents and things that

may be located or acquired by You or those in privity with You after the date of your original

production.  Such supplemental documents and things are to be produced as soon as is reasonably

possible after they are located or obtained.

8.      Unless otherwise noted, the applicable date range for these requests is January 1, 2016

through the present (the "Relevant Period"), and shall include all documents and information that relate

to such period, even though prepared or published outside of the Relevant Period.

9.      If no documents or things exist that are responsive to a particular request, so state in

writing.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

All communications and documents related to the Town of Islip's at-large method of elections,

including, without limitation, any proposal to adopt an alternative method of elections and any

referendum to transition Islip's method of elections from the at-large method to an alternative method of

elections.

**Request for Production No. 2:**

All communications and documents related to the Town of Babylon's method of elections,

including, without limitation, any proposal or effort to adopt an alternative method of elections,

including but not limited to a method of elections using single-member districts in any way.

**Request for Production No. 3:**

All communications and documents related to or referencing any involvement with, support of,

opposition to, or discussion of any proposal to adopt an alternative method of elections in Babylon,

including but not limited to a method of elections using single-member districts in any way, by You, Town Defendants, the Islip Town Republican Committee (including its members, employees, agents, and any other person that or who is acting or has ever acted for or on behalf of it), and/or Islip Town Republican Party members.

**Request for Production No. 4:**

All communications related to campaigns for the Islip Town Board, including but not limited to communications that reference the strategies considered or employed by those campaigns, campaign events, campaign advertisements (including but not limited to campaign mail), the messaging of campaigns, or communications concerning where to campaign.

**Request for Production No. 5:**

All communications related to any campaigns in Islip that reference Latinos, Brentwood, or Central Islip, including but not limited to communications that reference the strategies considered or employed by those campaigns, campaign events, campaign advertisements (including but not limited to campaign mail), the messaging of campaigns, or communications concerning where to campaign.

**Request for Production No. 6:**

All communications and documents related to the candidacy of any person seeking election to the Islip Town Board; the recruitment, solicitation, consideration, or slating of candidates for vacant seats on the Islip Town Board; consideration or evaluation of any applications or candidacies; or the swearing-in or resignation of any person elected to the Islip Town Board.


Dated: December 18, 2018

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: _Gregory Laufer_

6

Gregory F. Laufer
Amy K. Nemetz
Michael J. Pernick
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
glaufer@paulweiss.com
anemetz@paulweiss.com
mpernick@paulweiss.com

THE LAW OFFICES
OF FREDERICK K. BREWINGTON
Frederick K. Brewington
Tricia S. Lindsay
556 Peninsula Blvd.
Hempstead, New York 11550
(516) 489-6959
fred@brewingtonlaw.com
tricia.lindsay@brewingtonlaw.com

NEWMAN FERRARA LLP
Randolph M. McLaughlin
Debra S. Cohen
Danielle B. Sullivan
Frank H. Foster
1250 Broadway, 27th Floor
New York, New York 10001
(212) 619-5400
rmclaughlin@nfllp.com
dcohen@nfllp.com
dsullivan@nfllp.com
ffoster@nfllp.com

Attorneys for Plaintiffs