FILED
CLERK

3/21/2019 10:33 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RENE FLORES, et als.,                    .  Civil No. 18-cv-03549
                                         .
             Vs.                         .
                                         .
                                         . 100 Federal Plaza
                                         . Central Islip, NY
TOWN OF ISLIP, et als.,                  .
                                         . DATE:  March 19, 2019
                                         .
. . . . . . . . . . . . . . . .

TRANSCRIPT OF DISCOVERY HEARING
BEFORE MAGISTRATE GARY R. BROWN
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For The Plaintiffs:        LAW OFFICES OF FREDERICK K. BREWINGTON
                           By:  FREDERICK K. BREWINGTON, ESQ.
                           556 Peninsula Boulevard
                           Hempstead, NY  11550

                           PAUL WEISS RIFKIND WHARTON
                           & GARRISON LLP
                           By:  AMY KATHERINE NEMETZ, ESQ.
                                MICHAEL JEREMY PERNICK, ESQ.
                                RACHAEL SCHUMAN, ESQ.
                                SARA ELISE HERSHMAN, ESQ.
                           1285 Avenue of the Americas
                           New York, NY  10019

For Town of Islip:         JONES DAY
                           By:  JENNIFER L. DEL MEDICO, ESQ.
                           MICHAEL E. FERRUGGIA, ESQ.
                           250 Vesey Street
                           New York, NY  10281


Proceedings recorded by electronic sound recording, transcript
           produced by transcription service.

**TRACY GRIBBEN TRANSCRIPTION, LLC**
859 Nutswamp Road
Red Bank, New Jersey 07701
**(732) 263-0044    Fax No. (732) 865-7179**
**(800) 603-6212**
www.tgribbentranscription.com

```
 1   ADDITIONAL APPEARANCES:

 2

 3   For Town of Islip:      JOHN RYAN DICIOCCIO, ESQ.

 4                           Islip Town Attorney's Office

 5                           655 Main Street

 6                           Islip, NY  11751

 7

 8   Suffolk County Elections: DANIEL E. FURSHPAN, ESQ.

 9                           Suffolk County Department of Law

10                           PO Box 6100

11                           H Lee Dennison Building

12                           100 Veterans Memorial Highway

13                           Hauppauge, NY  11788

14

15

16

17

18

19

20

21

22

23

24

25
```

Colloquy                              3

1            THE CLERK:  Calling case civil 2018-3549, Flores

2    versus Town of Islip, et al.  Counsel, please state your

3    appearance for the record.

4            MR. BREWINGTON:  Appearing for the plaintiffs, Law

5    Offices of Frederick K. Brewington by Frederick K. Brewington.

6    Along with me, Your Honor, I have the privilege of being with

7    my other colleagues if they may introduce themselves, please.

8            THE COURT:  Please.

9            MS. NEMETZ:  Amy Nemetz from Paul Weiss.

10           MR. PERNICK:  Michael Pernick from Paul Weiss.

11           MS. HERSHMAN:  Sara Hershman from Paul Weiss.

12           MS. SCHUMAN:  And Rachael Schuman from Paul Weiss.

13           THE COURT:  Excellent.  So there are a few people

14   from Paul Weiss here.  Have a seat, great.

15           MS. DEL MEDICO:  Good morning, Your Honor, Jennifer

16   Del Medico from Jones Day for the Town of Islip and the Islip

17   town board.  I'm here with my colleague, Michael Ferruggia and

18   from the town, John DiCioccio.

19           THE COURT:  Excellent.  All right, very good.

20           MR. DICIOCCIO:  Good morning, Your Honor.

21           MR. FURSHPAN:  Good morning, Your Honor, Daniel

22   Furshpan, I'm representing the Suffolk County Board of

23   Elections in this matter.

24           THE COURT:  Okay.

25           MR. FURSHPAN:  I'm associated with the office of

                              Colloquy                         4

1   Dennis M. Brown, the Suffolk County attorney.

2            THE COURT:  Yes.  Am I recalling correctly that you

3   don't have much of a dog in the fight here, am I right about

4   that?

5            MR. FURSHPAN:  That's not exactly correct, Your

6   Honor.

7            THE COURT:  Okay.  I stand corrected.  That's what I

8   thought I got last time.  Now, I have a letter from defendants

9   from Jones Day dated March 18th.  I don't have a response.  Did

10  you respond?  Is that something that I missed?  I just want to

11  make sure I have everything I need in front of me.

12           MR. BREWINGTON:  No, Judge, we did not get a chance.

13           THE COURT:  Okay.  So what I will say is this.  I

14  reviewed Jones Day's letter.  Mr. Brewington, particularly in a

15  vacuum, it looks very reasonable to me the proposal they gave

16  you.  So what's the problem?

17           MR. BREWINGTON:  Well, Judge, we did write to Judge

18  Spatt on March 13th and that would have been docket entry

19  docket number 55.  And back on March 13th, we did raise certain

20  issues.  We tried to move the hearing date and that was for a

21  good reason.

22           THE COURT:  I understand, yes, but also understand

23  that the Court, read today's newspaper, right?  There's

24  articles about how the Judges are under such pressure.  Judge

25  Spatt got trials locked on both ends.  He can't do anything.

1              MR. BREWINGTON:  And Judge, we're not complaining

2   about that.  Once the Judge made a determination that we were

3   going on the 9th --

4              THE COURT:  Right.

5              MR. BREWINGTON:  -- we understood that there was a

6   requirement that there be some work that needs to get done.

7              THE COURT:  Right.

8              MR. BREWINGTON:  Where we are is, and really it's an

9   issue of equity in terms of this situation and Judge, I could

10  set out a whole set of timing on this but --

11             THE COURT:  You need not.

12             MR. BREWINGTON:  Okay.

13             THE COURT:  What you need to do is focus me on where

14  are the disputes?  What's the problem?

15             MR. BREWINGTON:  The disputes are that here, we have

16  given the defendants our documents particularly with regard to

17  declarations of witnesses and the reports of our experts.  Our

18  PI, preliminary injunction application is fully briefed and in.

19             As a result of that, the defendants are fully armed

20  with regard to everything that they need with regard to those

21  witnesses and have asked to take depositions of witnesses with

22  whom or about whom they are fully aware.  I'll get into the

23  number of depositions later.

24             THE COURT:  Right.

25             MR. BREWINGTON:  However, in this situation, because

1  of the truncated time period that Judge Spatt has given us and

2  we understand that that is now the law of the case that we're

3  dealing with.  That we have made a request for some information

4  that would allow us equal footing, at least to start taking

5  depositions with a full deck if you will in terms of

6  understanding what's going on.

7          For instance, we've asked not only for the names of

8  people that are going to provide declarations but at least a

9  thumbnail sketch as to what they are going to speak to and

10  particular, the areas that they're going to speak to so that we

11  can start to be prepared.

12          Of the people that they listed, initially, which of

13  those are really going to be people that are going to be

14  prepared and are going to be called for the hearing as opposed

15  to giving us, you know the entire roster of the New York

16  Giants.  I mean, you know who are you starting 11, okay?  We

17  want to know that.  But we also want to know, Judge, that with

18  regard to the experts.  They've identified now, or at least two

19  experts and we believe that they said they may have a third as

20  of last night.

21          But if indeed, those are the experts, has there been

22  any preliminary work that's done that we can start to prepare

23  because the timing leaves us, according to their schedule at

24  least with only four days to be able to conduct depositions

25  that would be fully informed based on information.  If indeed

1  we had at least some information, we can reasonably start to

2  schedule depositions once we narrow down how the people are

3  that are going to be deposed, we can reasonably evaluate what

4  resources what we want to put into what.  Otherwise, what we're

5  doing is, we're doing thunder bust.  It's a scatter and we're

6  trying to cover everything that potentially could be covered

7  and reasonably that's really just not fair, Judge.

8           THE COURT:  I understand.  I will note that, how many

9  deposition notices did you serve?

10          UNIDENTIFIED WOMAN:  We served 10, Your Honor.

11          THE COURT:  Okay, 10.  I noticed you served 18.

12          MR. BREWINGTON:  They served 10 plus the experts I

13  believe and we served 18 for the very reason that I spoke

14  about.

15          THE COURT:  Then everyone is in trouble, right,

16  because there's a presumptive 10 unless you ask for Court

17  permission.

18          MR. BREWINGTON:  That's correct.

19          THE COURT:  To my knowledge, no one asked me so I

20  don't think you're okay.  So what I might do is say well, pick

21  your best 10.

22          MR. BREWINGTON:  And Judge, we would like to pick our

23  best 10.

24          THE COURT:  And?

25          MR. BREWINGTON:  If we had information that would

1  allow us to discern which 10 if they are real, are going to be

2  at least substantively people that we need to take without

3  having some information about them.  And here's the inequity

4  and the unfairness.  In this situation, they clearly know the

5  full field.  They fully know who's who.  They fully know what

6  people have said.  The declarations in this case are very clear

7  and very detailed.

8         With regard to any of their potential witnesses,

9  because they have not identified exactly who is going to be at

10  the hearing or who are providing declarations.  We have zero.

11  We have names and little more than that, Judge.  And with

12  regard to that, that's why we have to err on the side of safety

13  in this regard.  Because if we didn't notice them all, they

14  would come back and I'm certain that counsel as skilled as they

15  are, would come back and say, well, you didn't notice these

16  five and these maybe the five that we're calling so therefore

17  you don't get to take a deposition even if it is the last hour.

18         And we don't think it should be the last hour, Judge.

19  Because we're preparing for a hearing, where the burden is on

20  us.  In order for us to be able to go into the hearing and be

21  at a disadvantage to take the deposition of people that are

22  reasonably going to be made part of the defendant's case, and

23  will provide contrary or other information to the information

24  we provided, we should have at least some information that

25  would allow us to be a compass on which way to go.  Right now,

Colloquy                                    9

1  we don't.

2          THE COURT:  I will say that you're looking for

3  emergency relief, right?  You're looking, this is an emergency

4  in terms of time because the election is coming.  I'm not going

5  to say you don't have the right to conduct discovery.

6  Obviously you do.  But the parameters of that have to be

7  tailored to what we have available.

8          MR. BREWINGTON:  That is correct, Judge.  And we

9  would be very happy if we just wanted to take the depositions

10 of the experts.  In fact, what they want to do because, we're

11 faced to deal with is the fact that they noticed 10 people plus

12 the experts.  If we say oh, this is an emergency situation, we

13 want to be able to know who the people are, treat it as an

14 emergency and tell us who the people are.  The defendants

15 aren't telling us that.

16         THE COURT:  Mr. Brewington, given the amount of sort

17 of pre-litigation investigation you invested in this case, and

18 it's quite impressive, right?  I've reviewed the paper, it's

19 very impressive.

20         MR. BREWINGTON:  Thank you.

21         THE COURT:  Don't you have an idea of who --

22         MR. BREWINGTON:  No.

23         THE COURT:  -- the core people are, the Commissioner

24 of Elections, there are certain council people?  And I'm making

25 that up.

1          MR. BREWINGTON:  Those individuals we can look at,

2    Judge.  We know that with regard to the town officials, with

3    regard to the Board of Elections folks.  We have an idea.

4    Let's assume that that gets us to six.

5          THE COURT:  Okay.

6          MR. BREWINGTON:  Let's just assume that gives us to

7    six.

8          THE COURT:  What are you going to do with those other

9    four slots?

10          MR. BREWINGTON:  That's right.  And who are the other

11    four or who are the other individuals that they claim are going

12    to provide the factual information that make up the basis upon

13    which we have to prove our case?  And that's really important.

14    Because we believe that in this situation much like ours, in

15    terms of our proof, that they may try and bring in individuals

16    that are trying to say oh, everything is honky dory in Islip

17    and the Hispanic community is as happy as they can be.  I don't

18    know what you're talking about.  We need to talk to those

19    people.

20          THE COURT:  So if we can get the number down, right,

21    to a manageable number, let's say it's 10, let's make that up.

22    We'll use that.

23          MR. BREWINGTON:  Judge, let's do this if you don't

24    mind.  Let's assume that there's experts.  There's three on our

25    side.  Let's assume there's three on the other.  Can we start

Colloquy                         11

1   with that?

2           THE COURT:  Well, let me ask you this.  If we can

3   narrow down the world of how many depositions we're going to.

4   Call it X right now.  Is that everything?  Is that all we need?

5           MR. BREWINGTON:  That's a good start.

6           THE COURT:  Mr. Brewington, I expect nothing less of

7   you.  You always hold back a little something for me for later

8   but we'll get to that.

9           MR. BREWINGTON:  Thank you.

10          THE COURT:  Let me hear from counsel.

11          MS. DEL MEDICO:  Your Honor, to be honest with you,

12  I'm a little perplexed hearing Mr. Brewington argue today.  On

13  Saturday --

14          THE COURT:  He's very clear but go ahead.

15          MS. DEL MEDICO:  He's very clear.  But I'm perplexed

16  by the content.  On Saturday, we had a meet and confer with

17  plaintiffs where, you know Islip is reasonable.  We understand

18  there's a time crunch even though it has not been exacerbated

19  by us.  It was exacerbated by plaintiffs which I'll come to.

20          THE COURT:  Assume I've read your letter and I

21  understand all of those arguments.  Let's get to what we've got

22  to do.

23          MS. DEL MEDICO:  But on Saturday, our proposal was

24  look, we'll tell you who our experts are.  These are the two

25  experts we intend to call.  And we will tell you the topics on

1   which we expect to opine.  We will tell you by March 25th even

2   though there's, you know voluntarily who we intend to call at

3   the hearing at that time as of March 25th and what topics we

4   intend to opine on.  The response I got back from plaintiff's

5   counsel was no, that's not good enough.  We either want no

6   depositions or we want your papers to be due on March 25th.

7          Now, I can tell you what I think of both of those,

8   Your Honor.  I mean talk about inequities.  This is plaintiff's

9   case which they have strategically decided to file on March

10  1st.  The change in the law was announced on January 14th which

11  made the primary come from September to June.  That was there

12  strategic choice.  On top of that, when you talk about the

13  equities, you have to look at the behavior of the parties over

14  the past month.  On March 6th, Your Honor, I identified to

15  plaintiff's counsel who we wanted to depose and asked about

16  availability.

17         What I got in response, it may have been a strategic

18  decision, was a blanket refusal to engage with me.  A blanket

19  refusal.  I would hear nothing or I would hear it's not

20  appropriate to talk about depositions at this time.  So my

21  response to that was to two days on March 8th, notice the

22  depositions and keep asking.  And the first time plaintiffs

23  would engage with me at all on scheduling is on Saturday.  And

24  on Saturday they let me know --

25         THE COURT:  I thought I ordered that, yes?  Didn't I

Colloquy                        13

1 issue an order that you should meet and confer?

2          MS. DEL MEDICO:  We did, Your Honor.

3          THE COURT:  Okay, good.

4          MS. DEL MEDICO:  But that's the first time that they

5 would engage our --

6          THE COURT:  No, I find like my family, we only get

7 together at weddings and funerals.  You know when I have an

8 event, then you guys talk.  But yes, you should be talking all

9 along, would be my point, yes.

10          MS. DEL MEDICO:  Sure, and we have been talking, Your

11 Honor.

12          THE COURT:  Okay, good.

13          MS. DEL MEDICO:  But that's the first that they would

14 engage on availability of the first week of fact witnesses.

15          THE COURT:  Okay.

16          MS. DEL MEDICO:  Now, Your Honor, when we talk about

17 equities I also want to point out, plaintiff's counsel has been

18 saying that, you know the declarations are straightforward.

19 Well, what was filed was a massive filing and that what

20 plaintiff called it to me when they explained what they were

21 filing, a massive amount of papers.  This right here are the

22 declarations without the expert exhibits.  We have about 300

23 documents with hundreds of thousands of rows of Excel

24 spreadsheets that they've also produced.  And quite frankly, to

25 ask for such extraordinary relief, like to stop an election and

Colloquy                                    14

1  then say Islip, you've got to take what's in these declarations

2  as it is.  You can't depose these people.  There are a lot of

3  blanket statements in there.

4          THE COURT:  Let me save you some time.  Depositions

5  are going to happen, all right.  I just have to figure out how,

6  where and how many.

7          MS. DEL MEDICO:  Sure.

8          THE COURT:  Okay?  So you actually have enough

9  information where you provided the names of 10 people you want

10 to depose.

11         MS. DEL MEDICO:  Yes.

12         THE COURT:  Right?  And you're comfortable with that.

13         MS. DEL MEDICO:  Yes.

14         THE COURT:  Okay.  Mr. Brewington hit you with 18

15 deposition notices which you tell me is too much and it's

16 presumptively too much but of course this is a big case.  I

17 would probably waive that presumption if the parties agree but

18 we have a limit amount of time.  If I said to you, you know

19 what, tell you what, he has a list of 18.  Go through the list

20 of 18 and tell him the 10 witnesses that you're actually going

21 to call at the hearing.  Can you do that?

22         MS. DEL MEDICO:  I mean, Your Honor, my position is I

23 can do that by March 25th and that's in less than a week.  And

24 that also permits them --

25         THE COURT:   You don't know today?  If I sat you down

Colloquy                                    15

1  right now and said here's the list?  Come on.  What are the 10

2  and I'm going to add, if you don't identify them now, we're not

3  calling them at the hearing.  Who's the 10 you're going to

4  call?  You can't answer that?

5          MS. DEL MEDICO:  Your Honor, in truth, I would have

6  to confer with my client and make a final decision.  And I can

7  tell you I do not have a final list.  I don't.

8          THE COURT:  Why is that?

9          MS. DEL MEDICO:  Because a lot of work, Your Honor,

10 as you know goes into talking to witnesses, talking to people,

11 looking at what we need to respond to, trying to figure out

12 strategically who we want to put out.  And that should be the

13 Town's right to make those decisions.  It's not like we've had

14 these papers for a long time.  We got them on March 1st.  We

15 also have an expert portion of the case.  So I have 10

16 declarations and with a myriad of allegations about a myriad of

17 topics.

18          So in order to say to Islip, look, you need, decide

19 now because the time is expedited.  That's just unfair.

20          THE COURT:  Well, let me ask you this.  Assume we

21 take plaintiff's list of 18 and I say tell you what?  Give me

22 the first five, five that you know you're going to call.  There

23 has got to be an answer there.  Fair?

24          MS. DEL MEDICO:  I will say, Your Honor, I will say

25 Your Honor, that they've identified five or six individuals, it

Colloquy                          16

1  doesn't matter who I'm going to call.  They're going to depose

2  them.  So they have five or six people that they've told me in

3  writing that they're going to depose.  So they have something

4  to do.  They have work.  They know who they want.

5          THE COURT:  But if I say they've got to do those five

6  or six and then in a week, you're going to give them four or

7  five names to finish how depositions and you're not calling

8  anybody else.  We can do that.  Is that what you're telling me?

9          MS. DEL MEDICO:  To tell them today?

10         THE COURT:  You said there's five or six they're

11 going to do.

12         MS. DEL MEDICO:  Yeah, they're going to do those.

13 They told me that.

14         THE COURT:  And then I give you a little break and I

15 say okay, since they're going to do five or six, and again I

16 don't know what we're talking about.

17         MS. DEL MEDICO:  Sure.

18         THE COURT:  Which is why the meet and confer rule

19 exists because you all know much better than I do what's

20 necessary here.

21         MS. DEL MEDICO:  Of course.

22         THE COURT:  But the remaining, because if I limit

23 them to 10, as you're asking me to do, the remaining four or

24 five you identify in a certain amount of time.  Does that make

25 sense?

Colloquy                                    17

1          MS. DEL MEDICO:  Yes, by March 25th.  I think that's

2     fair.

3          THE COURT:  And then you're not calling anybody else,

4     right?  In other words, you're not going to call the other

5     eight people that we're eliminating through that process.  You

6     understand my point?

7          MS. DEL MEDICO:  I understand your point.

8          THE COURT:  Because I'll tell you what the risk is.

9     The risk is Judge Spatt is in the middle of a hearing and

10    you're going to call somebody.  We didn't get to depose them.

11    We went through this whole thing.  They didn't tell us this was

12    an important witness.  And I'm going to say, the hearing is

13    going to wait until you do a deposition tonight and we'll start

14    again tomorrow morning.  That's not going to be good for

15    anybody.

16         MS. DEL MEDICO:  Right.

17         THE COURT:  Right.  So what I'm saying to you is in a

18    certain amount of time, you want a week.  I think it could be a

19    little shorter than that but we can identify the 10 witnesses

20    that really matter, fair?

21         MS. DEL MEDICO:  That's fair.

22         THE COURT:  Mr. Brewington --

23         MS. DEL MEDICO:  And that's what I proposed for March

24    25th.

25         THE COURT:  Well, not exactly.  Mr. Brewington, do

Colloquy                                18

1  you understand what I said?

2          MR. BREWINGTON:  I do and justify --

3          THE COURT:  So we start on the five or six that you

4  know you're doing anyway and then I set a time deadline to

5  identify the last four or five, whichever that is.

6          MR. BREWINGTON:  And Judge, if indeed we can come to

7  an agreement that our view of who those first five will be is

8  consistent with their view of who those first five will be,

9  then I think that gets us well on down the road.

10         THE COURT:  But you do run the risk that you're going

11 to take a deposition and you're not going to call the person,

12 that's possible.

13         MR. BREWINGTON:  And right now if they're saying

14 that, and we do agree that we have plenty of work to do, I

15 thank counsel for that, but my real issue here is that if we

16 can agree that for instance they intend to call three of the

17 current trustees or the Board members, and those people are on

18 our list, we can now cut down at least narrowly who those first

19 five would be.

20         THE COURT:  There's a little bit more space there in

21 the sense that there may be a witness you're going to depose

22 and you're going to call irrespective of whether or not defense

23 calls them.  Because in the deposition, the person breaks down

24 and cries and says oh, you're right, Mr. Brewington.  We've

25 been doing this wrong all these years.  You're calling that

1  person whether she's calling them or not.

2          MR. BREWINGTON:  In this situation, Judge, I'm not

3  sure that's the case.  I would anticipate that we have already

4  set out the universe of what our case is going to be --

5          THE COURT:  You don't think there's one defendant's

6  witness that you're going to call because you're going to do

7  well with them?  I think you underestimate your skills.

8          MR. BREWINGTON:  Well, I don't know about that,

9  Judge.  But in our direct case, Judge, I would have to think

10 about that but my response initially is that our universe is

11 fairly defined and we may want to call one or two of them and

12 if that's the case, we can make a decision on who of the people

13 on the Board are that we want to call, particularly with regard

14 to you know things such as video and other evidence that we

15 have for those individuals.  But we can identify those.  If we

16 say these are the people that we think we would like to depose

17 for sure being our first five.  Our only request would be for

18 the defendants to say these are five people, of these five

19 people we plan to call them.  We have no plan to call them.

20         THE COURT:  Okay.  Counsel from Suffolk has arisen.

21 He must have a point to make.  Go ahead.

22         MR. BREWINGTON:  And I'll sit, Judge.

23         THE COURT:  Thank you.

24         MR. FURSHPAN:  Thank you, Judge.  While the Board of

25 Elections takes no position on the underlying merits, --

1          THE COURT:  Are you one of the deponents here?

2          MR. FURSHPAN:  No, Your Honor.

3          THE COURT:  Okay.  Then keep this very quick because

4    you don't have that much to, go ahead.

5          MR. FURSHPAN:  We are taking the position with

6    respect to the application for preliminary injunction.  And I

7    am the only attorney from the County handling the case.  And I

8    was served with 30 deposition notices.  And I can't possibly

9    accommodate all the deposition notices that were served or the

10   20 depositions that are proposed.

11         THE COURT:  Are those witnesses in your control?

12         MR. FURSHPAN:  No, Your Honor.

13         THE COURT:  Then I'm confused.

14         MR. FURSHPAN:  I'm simply attending the depositions.

15   They're not depositions of my witnesses.

16         THE COURT:  So you're saying you just can't be there?

17         MR. FURSHPAN:  I can't be there, I could be there for

18   11 depositions between now and the hearing.  I work with a

19   colleague.  I've spoken to a colleague about trying to --

20         THE COURT:  I'm confused.  You can be there for 11,

21   like you know that now?  I don't understand.

22         MR. FURSHPAN:  Just looking at my schedule and my

23   colleague's schedule who's going to assist with the depositions

24   that are to be held, we can be there for 11 deposition days.

25         THE COURT:  Right.

1              MR. FURSHPAN:  Between now and the hearing.

2              THE COURT:  Deposition days, there could be more than

3    one deponent on a particular day, right?

4              MR. FURSHPAN:  Right, Your Honor.

5              THE COURT:  You understand under our local rules you

6    have the right as a party and a potential witness, et cetera,

7    to be at any deposition.  I don't know that I can stop the

8    train because you can't make certain days.

9              MR. FURSHPAN:  Right.  Your Honor, but my point is

10   that these notices were just served on us within a very short

11   period of time.  There is no ex parte discovery order.  There's

12   a preliminary injunction hearing approaching in two weeks.  For

13   the parties to jam in all the discovery for the entire case

14   within these two weeks, it's prejudicial to the Board of

15   Elections who is a named party to this action.

16             THE COURT:  Have you gotten a deposition notice to

17   produce anybody from your organization?

18             MR. FURSHPAN:  We did arguably produce Nicholas

19   LaLota who's the Republican Commissioner of the Board of

20   Elections.

21             THE COURT:  Past tense, you've already done it?

22             MR. FURSHPAN:  It has already occurred, yes.

23             THE COURT:  Well, that's good.

24             MR. FURSHPAN:  No witnesses --

25             THE COURT:  Counsel, I'll do what I can to

Colloquy                                    22

1   accommodate you but I'm juggling a certain number of things in

2   the air and I don't know that I'm not going to catch up with

3   all of them.  Go ahead.

4           MR. FURSHPAN:  Thank you.  And I have informed the

5   parties of the dates of our availability so they are aware of

6   those dates.

7           THE COURT:  We'll do our best.

8           MR. FURSHPAN:  Thank you, Your Honor.

9           THE COURT:  I imagine there is a joint defense

10  agreement here?

11          MR. FURSHPAN:  No, Your Honor.

12          THE COURT:  You don't have a joint defense agreement

13  with the town seriously?

14          MR. FURSHPAN:  Once again the Board of Elections has

15  a neutral position on this litigation.

16          THE COURT:  Okay.  I got it, thank you.  That's

17  helpful.

18          MR. FURSHPAN:  Thank you.

19          THE COURT:  Back to you.

20          MS. DEL MEDICO:  Your Honor, one thing I wanted to

21  raise was with respect to the 10.  In our view, it's 10 fact

22  witnesses because there's 10 individuals who have submitted a

23  declaration plus the expert witnesses.  And we've asked for the

24  expert witnesses' availability on March 6th again I did not get

25  any, I keep asking and did not any until Saturday, any dates.

1  And now I'm being told that one of the experts who handles a

2  very technical category called technical statistical

3  methodologies, called ecological regression and ecological

4  inference is only available on the 27th at two p.m. in

5  Binghamton.  And I've asked what are the conflicts?  Because

6  we've noticed him for the 26th or the 27th.  I've asked what's

7  the conflicts on the 26th or the 27th and I'm told two p.m. on

8  the 27th in Binghamton.  So I would like a little more

9  information than that.  And I'm also concerned here --

10           THE COURT:  And why Binghamton?  That's a Long Island

11 joke, sorry.

12           MS. DEL MEDICO:  I don't think we should go to

13 Binghamton unless there's a really good reason.

14           THE COURT:  Binghamton in the winter, that was the

15 joke, that's all I'm saying.

16           MS. DEL MEDICO:  Your Honor, one other concern of is

17 I hear that this is about equities, and I hear you want to

18 balance the equities here.  But plaintiffs by strategically

19 refusing to engage with me on scheduling burn 10 potential

20 deposition days.

21           THE COURT:  Counsel, let me remind you, and I think I

22 told you this at the first conference if you were here.  You

23 were here, yes?

24           MS. DEL MEDICO:  I was not, Your Honor.

25           THE COURT:  Okay.  I can't fix what happened.  I can

1  only fix what goes forward, right?

2            MS. DEL MEDICO:  Understood, Your Honor.

3            THE COURT:  So we can argue about dates and

4  Binghamton but we've got to make a plan.

5            MS. DEL MEDICO:  Understood.

6            THE COURT:  We've got to get this forward.  I will

7  remind the parties, I did say I was available to take the case

8  for all purposes and there's no prejudice for not agreeing to

9  do so and when you have the greatest jurist of our time on your

10 case there's no reason you would agree, I understand but this

11 is exactly the problem I identified for you, which is the

12 convenience of the parties versus the necessities of the

13 crushing caseload here including criminal trials.  And my

14 understanding is Judge Spatt is actually wedging you between

15 two criminal trials.  So if you want it to be more convenient,

16 there's another option for you.  That's all I'm going to say

17 about it.  And I don't want to hear from you on that unless you

18 all agree, but you decide that on your own.

19           Okay.  So let's get back to this.  I always find that

20 the more specific we get, the better the result.  So rather

21 than talk about folks in the abstract, I'll get back to the

22 Binghamton expert don't let me forget.  We'll get back to that.

23           MS. DEL MEDICO:  I will not, Your Honor.

24           THE COURT:  Okay.  Counsel seems to think, Mr.

25 Brewington, that there are five or six witnesses of the ones

1  you deposed, you noticed rather for deposition that you're

2  going to do irrespective of what they say because you think

3  these are the critical ones.  Let's name them.  Who are the

4  five or six that you say you're going to roll through with no

5  matter what?  You know what he's thinking?  Wow, it's like a

6  trick.  Did he give you a letter?  Did he say?

7          MS. DEL MEDICO:  Yeah, an email.

8          THE COURT:  An email, it's written down.  It must be

9  true.  It was on the Internet.  Show Mr. Brewington that and

10 just see if we agree that that's the list.

11         MS. DEL MEDICO:  Sure.  Email says that at present

12 you're willing to withdraw notices for any of the individuals

13 if you inform us that they will either submit declarations or

14 testify at the hearing with the exception of Angie Carpenter,

15 Trish Bergen Winebrot, Jim O'Connor, Mary Kate Mullen, John

16 Cochrane and Tracy Krut (phonetics).  That's what they told me

17 on March 13th.

18         THE COURT:  That sounds pretty affirmative, Mr.

19 Brewington.  Are you agreed that those are six individuals that

20 you will do no matter what?

21         MR. BREWINGTON:  If, here's the reason, Judge.

22         THE COURT:  I don't care about the reason.

23         MR. BREWINGTON:  The answer is --

24         THE COURT:  I just need a yes or no from you.  Do you

25 want it?

Colloquy                      26

1          MR. BREWINGTON:  The answer to the question is if
2    they tell us that, if their intent that those individuals will
3    be called.

4          THE COURT:  That's not what you said there exactly I
5    don't think but the point is, you want to depose those six
6    individuals no matter what.

7          MR. BREWINGTON:  Judge, hold on for a second.
8    Because I want to read that entire section.  And Judge, by the
9    way the attempt to try and confer did and has taken place and I
10   know you can't fix what did happen but I've got a little
11   different historical perspective than my colleague.

12         THE COURT:  It didn't work, I got that part so let's
13   figure it out from there.  And actually I'm going to ask
14   counsel for the defendant.  Is that list, I mean I believe that
15   Mr. Brewington and his colleagues have done a lot of work on
16   this case, that list is not just sort of a random, I mean those
17   are fairly important witnesses, likely that you would call some
18   of them in any event.  Would you agree with me, those six?  The
19   answer is not zero.

20         MS. DEL MEDICO:  I can't, the answer is not zero, but
21   I can't make that representation today.

22         THE COURT:  Well, wait, if the answer is not zero,
23   then you would call some of them, one or more of them, yes?

24         MS. DEL MEDICO:  Yes.

25         THE COURT:  Okay.  Mr. Brewington, go ahead.

Colloquy                                    27

 1           MR. BREWINGTON:  Judge, one second, please.  Judge,

 2    my question I start with a question and then a statement.  If

 3    we know that Angie Carpenter, Trish Bergen Winebrot and Jim

 4    O'Connor are going to be people that the defendants intend to

 5    call as part of their case, if they could tell us that, then we

 6    can identify those individuals as a starting place.

 7           THE COURT:  That's four of them, yes?

 8           MR. BREWINGTON:  No, that's three.

 9           THE COURT:  Three.

10           MR. BREWINGTON:  That's three.

11           THE COURT:  Okay.

12           MR. BREWINGTON:  To start there.

13           THE COURT:  Are those likely witnesses, those three?

14    And understand, counsel, I'm not trying to put you in a box.

15    I'm just trying to get things started.

16           MS. DEL MEDICO:  Sure.

17           THE COURT:  And I find it difficult to believe that

18    in this room there's not enough smart people, because there's

19    lots of smart people in this room, we don't have some sense of

20    how this hearing is going to play out, right?  So those three?

21           MS. DEL MEDICO:  I would say at least probably one of

22    them.  But Your Honor, I offered to give them a list on March

23    25th.  I don't hear anything --

24           THE COURT:  Well, the problem with that --

25           MS. DEL MEDICO:  -- back saying how about earlier?

Colloquy                    28

1          THE COURT:  The problem with that is then we're kind

2    of getting into crunch time in terms of we're getting closer to

3    the hearing and papers are due and I understand why we should

4    try to get started.  So I'm trying to get started on three.  If

5    you can't work with me on three, counsel, this is how this

6    plays out.  I'll give you first a chance to work it out.  You

7    don't work it out, you come to me.  You want me to make a

8    decision.  I've warned everyone.  You weren't here last time

9    but I'm sure your colleagues told you.  I make bad decisions

10   because I don't know the facts.

11         So when he talks about, I'm going to make up a name,

12   Angie Carpenter was that a name?

13         MR. BREWINGTON:  Yes.

14         THE COURT:  I don't know who that is.  Maybe I heard

15   the name in Newsday or something.  But I don't know if she's

16   important to the case or unimportant to the case.  But

17   ultimately, I'll either order you to depose her or not but

18   that's going to be one of your slots as to who you can call.

19   You see the problem?  You're forcing me into a situation where

20   I have to make you make harder decisions when in fact you could

21   help by giving us some guidance here.  I'm saying this to

22   everybody as to what this is going to look like.  I would

23   rather you not waste time on deposing people who are not going

24   to be called.

25         MS. DEL MEDICO:  Understood.  Your Honor, I would ask

1  that if that's the approach that the Court would like to take,

2  that you say okay, counsel, on this day, asking me right now

3  right here, I can't give you a list.

4          THE COURT:  But I want to start this week deposing

5  some people.  So if we depose those three, I'm going to say to

6  you well, then tell him about the other seven.  And the longer

7  that list is, oh, we're going to get back with him with the

8  others, the sooner he needs that list because the more

9  deposition dates, you already heard.  I have a counsel here who

10  can't make a lot of days.  You've got to go to Binghamton.

11  There's a lot of problems.

12          So I would love to give you every option in the world

13  in terms of, you know, picking the perfect, I don't have that

14  much time.  You've got to help me.  So we start with those

15  three witnesses and I say to you okay, and then give me a list

16  of seven by the end of the week.  Does that make sense?

17          MS. DEL MEDICO:  Are you asking me to represent that

18  those, I just want to make sure I'm clear, that those --

19          THE COURT:  Those are your potential witnesses,

20  probably, likely witnesses.  But you see each one that I

21  designate as a witness is one less witness you're going to be

22  able to call.

23          MS. DEL MEDICO:  I understand that.

24          THE COURT:  Okay.

25          MS. DEL MEDICO:  So Your Honor, I can represent to

Colloquy                            30

1  you that one of those individuals is a likely witness.

2         THE COURT:  Okay.  Do you know which one or are you

3  just guessing at least one of the three?

4         MS. DEL MEDICO:  No, I will represent to you that

5  Angie Carpenter is a likely witness.

6         THE COURT:  I picked that at random.  So I hit the

7  right one, okay.

8         MS. DEL MEDICO:  You did.

9         THE COURT:  Okay.  So Angie Carpenter, you could

10 start with her.  So you would like to then tell him about nine

11 more witnesses you might call, fair?

12        MS. DEL MEDICO:  Yes, but not right at this moment.

13        THE COURT:  Not at this moment.  But what I'm saying

14 to you is the longer that list is the sooner it's got to be.  I

15 want to say nine witnesses, then tell him by Thursday.

16        MS. DEL MEDICO:  Okay, by Thursday --

17        THE COURT:  So we have more times we can set up the

18 depositions.

19        MS. DEL MEDICO:  Okay.  And Your Honor, are you

20 saying that we are one hundred percent locked into that list of

21 trial witnesses or --

22        THE COURT:  Yes, because you're risking the fact that

23 you'll be precluded at the hearing from calling anyone they

24 don't have the opportunity to depose.  That's what I've been

25 trying to explain.

1    MS. DEL MEDICO:  Well, I mean I think saying that's

2 when your trial witness list is due that day is --

3    THE COURT:  Hearing, this is a preliminary hearing.

4    MS. DEL MEDICO:  Hearing, sorry, preliminary hearing.

5    THE COURT:  It's an emergency preliminary hearing.

6 In the rules, Courts give greater priority to this than any

7 other matter on the docket.  It's remarkable, right?  So we've

8 got to do this quickly.  This is not trial.  This is not five

9 years of depositions and then we're going to get to it.  We've

10 got days.  We're counting the days.  So yes, you're going to

11 have to make some quick decisions.  These often happen without

12 any discovery at all.  But everybody wants to have discovery.

13 This is a very important matter.  I'm trying to accommodate all

14 of those interests.

15    So Angie Carpenter, we can start deposing tomorrow if

16 you want and then by Thursday, you'll give him a list of the

17 other nine that you're going to call.

18    MR. BREWINGTON:  And Judge, thank you.  The only

19 request --

20    THE COURT:  Wait, hold on.  Does that work?

21    MS. DEL MEDICO:  That works.  But when you say they

22 can depose her tomorrow, --

23    THE COURT:  Thursday morning.

24    MS. DEL MEDICO:  Okay.

25    THE COURT:  I'm trying to get us started.

Colloquy                    32

1          MS. DEL MEDICO:  Understood, Your Honor.

2          THE COURT:  All right.

3          MR. BREWINGTON:  Judge, I would request that, if

4  indeed we can identify those individuals, and I think we, you

5  know, should try and get to that.

6          THE COURT:  48 hours, Mr. Brewington.  48 hours.

7          MR. BREWINGTON:  Understood.  If we could --

8          THE COURT:  And you've got a jury out, right?

9          MR. BREWINGTON:  I do.  If we could, you got me way

10 off track.

11         THE COURT:  Yes.

12         MR. BREWINGTON:  If we could have at least some

13 outline, and it doesn't need to be grand, but if we can have

14 some outline about the content of what they expected to provide

15 as part of whatever testimony they're going to provide some

16 outline.

17         THE COURT:  I'm less inclined to do that only because

18 I'm doing this in a hurry.  They're going to give you the

19 names.  You're going to know their names, right?  So if it's,

20 you know I can give you a position, right.  This is some

21 general what they do.  These are not going to come out of

22 nowhere, right?  It has got to be somebody who works for the

23 town.

24         MR. BREWINGTON:  Judge, and it's a little different.

25         THE COURT:  Go ahead.

1          MR. BREWINGTON:  In this situation, each of the

2    people that they've asked to take depositions of, and we've set

3    depositions up for them for some of them, and we've been

4    working on dates to try and get those dates.  They have full

5    declarations.  They have full declarations --

6          THE COURT:  Sorry, I'm losing you.  Who's the they?

7          MR. BREWINGTON:  The defendants.  The defendants have

8    full declarations from the people that they want to depose.

9    They know the scope and breadth --

10         THE COURT:  You gave them, yes.

11         MR. BREWINGTON:  -- of those individuals.  So that

12   we're not on completely unequal footing, we're only asking and

13   Judge, if indeed they're intending to call these people as

14   potential witnesses or are you preparing declarations for them

15   right now, we don't need to have every specific on what

16   happened, what every day.  We're going to get their

17   declarations eventually although we would love to have them a

18   lot earlier.  But if they can just tell us, for instance, if

19   they intend to call Ms. Carpenter.  Ms. Carpenter is going to

20   speak about one, two, three, four, five, or is anticipating.

21   Then we can start to do a little background research.  Then we

22   go to the deposition, we're not wasting time trying to figure

23   out what happened in her childhood.

24         THE COURT:  What do you say about that?

25         MS. DEL MEDICO:  I say two things about that, Your

Colloquy                                    34

1   Honor.  Number one, what I hear is our papers are due on April

2   4th.  And I hear counsel asking for a preview of our papers

3   before April 4th and that's just unfair.  Plaintiff had --

4           THE COURT:  I don't know if it's unfair, but go

5   ahead.  I can move up the paper submission day too, right?

6           MS. DEL MEDICO:  I would strongly ask you not to do

7   that, Your Honor.

8           THE COURT:  I know, but I'm just saying, I'm trying

9   to balance a lot of things.  I think with regard to the

10  witnesses, you have a general idea of what they're going to

11  testify about, right?

12          MS. DEL MEDICO:  And I think plaintiffs, they know,

13  you know they can Google Ms. Carpenter and see what her

14  position is at the town and they know the issues in the case.

15  So why I should affirmatively say this is what Ms. Carpenter is

16  probably going to say on this date puts me in a very

17  uncomfortable position.

18          THE COURT:  I agree, and I'm not suggesting you need

19  something that's comprehensive.  But you know you're going to

20  call her generally, I'm going to make up a situation that's

21  silly, right?  It's ridiculous.  But if you had a witness who

22  knew that one of the plaintiffs, you know was committing

23  perjury and took money to do so, but you put the person down

24  and say oh, he knows about the procedures for voting in Islip

25  that would be a little bit of an unfair, I'm just saying this

Colloquy                                          35

1  is some sort of hot button issue that's not obvious.  I would

2  suggest you could highlight that.

3         MS. DEL MEDICO:  A hot button issue that's not

4  obvious as in something that's not based --

5         THE COURT:  Right, if you're going to call a trustee

6  of the town, they're going to testify to the kinds of things a

7  trustee would know, right?  But if a trustee happened to

8  witness a fist fight between their expert, you would sort of

9  say, he's also going to testify about some things that you

10 wouldn't expect.  That's the kind of thing we would need to

11 highlight, you know something that's sort of, out of left

12 field.  You see what I mean?

13        MS. DEL MEDICO:  Okay.  I understand Your Honor.  My

14 concern is out of left field, you know something that is

15 completely, I just want to make sure I'm clear, something that

16 is completely removed from the allegations in the case, or

17 something that you wouldn't --

18        THE COURT:  Or something you wouldn't expect that

19 particular to know about, right?  We're going to call the

20 Commissioner of Elections.  He also happened to witness a

21 verbal altercation, I mean you would have to highlight

22 something like that.  Mr. Brewington, am I sort of on target

23 with that?

24        MR. BREWINGTON:  Yes, Judge.

25        THE COURT:  I mean you've generally at least, folks,

Colloquy                                          36

1   based on their role what were they're going to testify about.

2          MR. BREWINGTON:  For instance, Judge, we know Ms.

3   Carpenter has been in a member of the trustees for a period of

4   time.  We've done some background work on her.  We don't need

5   to necessarily have every day that she was there and what was

6   going on.  But if indeed, particularly in the context of the

7   Gingles factors that we have to deal, preconditions and then in

8   particular with regard to any of the Senate factors.  They can

9   say that she's going to provide testimony which is going to be

10  supportive of the first, of the third factor or these

11  preconditions that are going to exist.  And that's not asking

12  for brain surgery, Judge, because we know that in voting rights

13  case, particularly in a preliminary injunction case, what the

14  scope is.  If indeed, for instance, we don't need to know how

15  many dogs she has.  Who cares?

16         But if indeed, she has had an experience where people

17  have come to the Board and made a request and that request was

18  denied in particularly with regard to the Hispanic community,

19  that would be something that you would want to know, because

20  certainly you get experience.  So I think that's not

21  unreasonable.  And by the way, Judge, my understanding is that

22  just --

23         THE COURT:  I may disagree with you only because

24  you're focusing into the lens of your case where she's

25  refocused on ones on her case, right?

1          MR. BREWINGTON:  But I'm also looking at it with

2     regard to the lens of the proof that is going to be provided

3     during the preliminary injunction hearing.

4          THE COURT:  No matter what I do here, everyone should

5     recognize for both sides, because we're also going to order an

6     expedited of depositions both ways.  There are going to be

7     surprises at the hearing.  But the nature of doing discovery

8     for a preliminary junction hearing is not a hundred percent.

9     We're not boiling the ocean, right?  We're not going to get

10    everything.  So I say that now, it's on tape.  You can have it

11    typed.  So later on, when someone says oh, but wait, we didn't

12    know that particular, it's not going to happen.  You're not

13    going to get every single thing.  Go ahead.

14         MS. DEL MEDICO:  Your Honor, just for the record,

15    even after listening to Mr. Brewington, I'm categorically

16    opposed to any requirement that we identify, what was just

17    described sounded very different to me.

18         THE COURT:  I agree.  I agree.

19         MS. DEL MEDICO:  So I'm uncomfortable.

20         MR. BREWINGTON:  Judge, I think we agreed to that on

21    a call on Saturday that that's what they planned to try and do

22    anyhow on the 25th.  Judge, let me make a suggestion.  Why

23    don't we just agree across the board to no more than a total of

24    10 depositions on each side.  They take our experts.  We take

25    their experts.  And then each of us have up to six or seven and

1  just leave it that way.  Because otherwise we're going to be

2  going with potential appeal issues and things back and forth.

3  And my real issue here is that, if we're trying to do with

4  equity, tell us who the first five are or four are.  We'll

5  identify those, start on those.

6          We'll give you four days to tell us who the other

7  people are.  We know you want to take the experts and let's

8  just cap it at that.  And that seems to be the fairest way to

9  do it.  Because the advantage that the defendants will have is

10 they will have detailed declarations of the people that they

11 decide not to take.  We don't have that and won't have that.

12         MS. DEL MEDICO:  Again, Your Honor, I'm categorically

13 opposed to a list, a listing of what someone is going to say or

14 the declaration.  I hear plaintiff saying that we have their

15 declarations.  We do.  But in order to defend ourselves, we

16 have an amount of time.  We've had four weeks to put our papers

17 together.

18         THE COURT:  I agree.

19         MS. DEL MEDICO:  So I feel like we're being pressed

20 and there's --

21         THE COURT:  Agreed.  Look, I'm incapable of

22 articulating, I think, a witness testimonial summary that's

23 going to satisfy everybody.  That's not going to happen.  So

24 we're going to start with this.  We know Ms. Carpenter is

25 definitely a witness.  You can depose her forthwith.  By

1  Thursday of this week, I want you to give him the other nine

2  individuals that you may call at the hearing.  Go ahead.

3          MS. DEL MEDICO:  And the experts, Your Honor?

4          THE COURT:  Well, that's a question.  He was just

5  asking to blend it into the 10.

6          MS. DEL MEDICO:  From our view, that's not acceptable

7  because they have three experts.  You know, we've identified

8  two so that eats three of my depositions.  They've put in

9  declarations from 10 people.  I just don't think that's

10  acceptable.  This is extraordinary relief that they're asking

11  for here, Your Honor, and we should have the opportunity --

12          THE COURT:  Well, here's the thing.  How long is the

13  hearing scheduled for, how many days, five to six days?  In

14  five to six days are we actually going to call 26 witnesses?

15  Is that actually going to happen?  I don't think so.

16          MS. DEL MEDICO:  The other thing I can say Your

17  Honor, is I don't think a lot of these depositions are going to

18  be full day depositions.  I just don't.  So I think it's going

19  to be a situation where we could, you know take two depositions

20  in one day.  So I don't see the real problem.

21          THE COURT:  You served a list of 10, notices for 10

22  witnesses, correct, nonexpert witnesses?

23          MS. DEL MEDICO:  Nonexpert witnesses.

24          THE COURT:  Right.  Are there any, are there three

25  witnesses on that list you can identify by Thursday that you're

Colloquy                                    40

1  definitely not going to call?

2           MR. BREWINGTON:  Just one second, Judge.

3           THE COURT:  Sure.

4           MR. BREWINGTON:  Just one second, Judge.  Judge,

5  we're working on it.

6           THE COURT:  Yes.

7           MR. BREWINGTON:  Judge, at the Court's request, we

8  can name three individuals that we at this time and as we go

9  into the hearing, have no intent on calling.

10          THE COURT:  Okay, good.  You can do that now?

11          MR. BREWINGTON:  I can do that on the record here,

12 Judge.  And assuming that the defendants are going to be kind

13 enough to reciprocate, I'll go first.

14          THE COURT:  Go ahead.

15          MR. BREWINGTON:  Nina Hernandez (phonetic).

16          THE COURT:  They're going to reciprocate in a

17 slightly different format, but go ahead.

18          MR. BREWINGTON:  Nina Hernandez.

19          THE COURT:  Okay.

20          MR. BREWINGTON:  Lucas Sanchez and Rick Moncano

21 (phonetics).

22          THE COURT:  All right.

23          MS. DEL MEDICO:  Your Honor, my question here is does

24 that mean that if we tell plaintiffs we're not going to call

25 someone that they're not going to depose that person?

1          THE COURT:  I'll take care of that in a second.  The

2    answer here is we're going to limit it to 10 depositions per

3    side including the experts, right?  So it's going to be seven

4    and three.  So we know about one deposition we're going to take

5    of you.  You are going to identify the other six fact people

6    that you might call by Thursday.

7          MS. DEL MEDICO:  So are you saying, Your Honor, that

8    we're only permitted to call seven fact witnesses that --

9          THE COURT:  Isn't that what you just asked me?

10   Didn't you just say let's limit this to 10 including the

11   experts?  Didn't you just say that?  I'm confused why you're

12   not happier.

13         MS. DEL MEDICO:  Your Honor, I'm talking about

14   depositions.

15         THE COURT:  Right.  But I started off with the

16   proposition that most likely if we don't depose the person, the

17   person will not be able to be called.  I can't make that ruling

18   because you're in front of Judge Spatt.  He might rule

19   differently.  He may say, you know what, there's nothing wrong

20   with doing a deposition at eight o'clock tonight.  Judge Spatt

21   has been known to do that.

22         MS. DEL MEDICO:  Understood.

23         THE COURT:  Or Saturday is a work day for him, as is

24   Sunday.

25         MS. DEL MEDICO:  I understand.

1    THE COURT:  So if you've got one more you've got to

2  call, then tonight you'll all be deposing which is never a

3  great thing when you're a litigator.

4    MS. DEL MEDICO:  I understand.

5    THE COURT:  But you know it gets the job done, right?

6  So you might not want that.  All I'm going to say is right now

7  presumptively we're going to have seven fact witnesses, three

8  experts, both sides you're going to be deposed and I presume,

9  and I am presuming that that is the witness list for both

10 sides.  I can't take it any further than that.

11   MS. DEL MEDICO:  Okay.  Your Honor, I just want to

12 make one point.  Plaintiffs have already deposed one fact

13 witness so that in my view, counsel has one of their

14 depositions.

15   THE COURT:  It's a little bit funny because you're

16 saying that counsel has one of his depositions, but if I don't

17 let him depose a person, that's one less witness you can call

18 in your case.  So I'm not sure what you're fighting about.  You

19 may not want to win that argument you just made to me.  Because

20 in other words, if you say, okay, give him a list by Thursday

21 of five people, well, then that's only five more people you can

22 call, right, presumably?

23   MR. BREWINGTON:  Judge, just so the record is clear,

24 on that witness, we did, the Board of Elections, my

25 understanding is that they've examined him too already.

1          THE COURT:  Oh.  Whose witness is he?

2          MS. DEL MEDICO:  Yeah, we defended the deposition.

3          THE COURT:  You defended the deposition, okay.

4          MS. DEL MEDICO:  I didn't.

5          THE COURT:  So do you really want to win that

6  argument and limit your options?  It's up to you.

7          MS. DEL MEDICO:  All right.

8          THE COURT:  I'll do it this way.  Counsel, you don't

9  like me to box you into a corner and decide things now.  So

10 you'll give him a list up to seven fact witnesses on Thursday,

11 right?

12         MS. DEL MEDICO:  Okay.

13         THE COURT:  But the presumption is if you don't put a

14 person's name on that list, you're not calling him at this

15 hearing.  Again, Judge Spatt can overrule me on that and

16 perhaps he'll look at it differently.  He also might make you

17 do a two a.m. deposition so good luck.

18         MS. DEL MEDICO:  Understood.

19         THE COURT:  I did notice that counsel from Suffolk

20 had risen during one of our colloquies and then sat down

21 because it went so long.  Did you have something else, sir?

22         MR. FURSHPAN:  I had something to say but you covered

23 it, Your Honor.

24         THE COURT:  You got lucky, all right.  So we have

25 roughly a plan, at least who we're talking to.  Now, are we

1   okay on time?  In other words, they're going to identify by

2   Thursday and you can start doing the depositions as soon as

3   practicable.  Is that now, is the timeframe going to work?

4           MS. DEL MEDICO:  For us, I mean we've noticed the

5   depositions and we have them ready to go starting tomorrow.

6           THE COURT:  Okay.  And we'll eliminate the three that

7   Mr. Brewington just named, right?  So that makes it a little

8   bit, you have some slots in your schedule, yes?

9           MS. DEL MEDICO:  Uh-hum.

10          THE COURT:  Okay.  Sir?

11          MR. BREWINGTON:  And Judge, just we're clear on the

12   experts that we appreciate that the number that's fine.

13          THE COURT:  Yes, we've got to get back to Binghamton

14   but go ahead.

15          MR. BREWINGTON:  Yeah, Binghamton is another issue.

16   Because they are experts we will not have according to the

17   schedule currently any of their reports or any preliminaries

18   until the 4th right now, which because of the statistical work

19   that is done by at least two of those, well after being

20   cleared, Judge, it's virtually impossible to be prepared to

21   take a deposition of that individual that's doing the

22   regression and analysis.

23          THE COURT:  Is that a simultaneous submission on the

24   4th?  Are you swapping expert reports that day?

25          MR. BREWINGTON:  No, they have our expert reports and

Colloquy                                45

1  detailed information already.  They have that.

2          THE COURT:   Okay.  So your experts can be deposed

3  before the 4th, yes?

4          MR. BREWINGTON:  Our experts can but with regard to

5  them turning over any expert --

6          THE COURT:  You're going to have to depose those

7  experts between the 4th and the 9th.

8          MS. DEL MEDICO:  And we told them they're available

9  over the weekend.

10         MR. BREWINGTON:  Judge, if I may just go back so I

11 make sure that you have the information that I have.

12         THE COURT:  Right.

13         MR. BREWINGTON:  Having tried --

14         THE COURT:  Are you asking me to make the 4th date or

15 are you asking --

16         MR. BREWINGTON:  I am.  I am because for a number of

17 reasons.  The data has to be crunched.  It has to be properly

18 evaluated with regard to the maps that are suggested but the

19 data particularly with regard to the racially polarized voting

20 and the regression analysis is extremely important to be able

21 to sit down and speak to any particular expert.

22         THE COURT:  Is the schedule that you're going to give

23 all three expert reports on the 4th?

24         MS. DEL MEDICO:  I didn't say that we're going to

25 have three.  We've identified two experts and the schedules

1  that we gave our other expert reports on the 4th.

2          THE COURT:  Right.  I guess my question is will one

3  of those be ready earlier?

4          MS. DEL MEDICO:  Your Honor, it will not and I would

5  strongly oppose any suggestion to move that up, that date up.

6  Talk about the equities, that is incredibly unfair to Islip

7  especially in light of the issues that we're dealing with here.

8  They're available the 4th.  They're available the 5th.  They're

9  available the 6th.  We can make them available during the week

10 of trial.

11         Plaintiff has, you know more than a dozen people who

12 have appeared in this case --

13         THE COURT:  Would it be a mischaracter of justice to

14 get them the reports on the 2nd instead of the 4th?

15         MS. DEL MEDICO:  It would.  I mean --

16         THE COURT:  Counsel, how can that be?

17         MS. DEL MEDICO:  Because I've been working, --

18         MS. DEL MEDICO:  Honestly --

19         THE COURT:  Come on.  How can that be?  You pick up

20 the phone.  You call the expert and say look make it Tuesday

21 not Thursday.  What are we talking about here?  I mean it's not

22 rocket science.  It's science but it's not rocket science.

23 They've got to do a certain thing.  They've got to get it done

24 a day or two early.

25         MS. DEL MEDICO:  Oh, Your Honor, we got these expert

Colloquy                              47

1   reports from but it took awhile for them to give us all the

2   data.  So you know it took a couple days to get all the data.

3   It is not rocket science but it is --

4          THE COURT:  Just double check on this.

5          MS. DEL MEDICO:  Sure.

6          THE COURT:  It's March 19th today, yes?  It's the

7   19th today, right?  We've got a lot of days ahead of us before

8   the 4th.  I mean the 2nd is as good a target date.

9          MS. DEL MEDICO:  Your Honor, I just, you know moving

10  up the date when it has been set for this long really

11  prejudices us.

12         THE COURT:  Look, if it were March 30th we were

13  having this discussion, I would fully agree with you.  But

14  you've got a couple of weeks so you can get this done.  Give

15  him the reports on the 2nd, that's fine and then try to get

16  those depositions done.  And that's not enough time for you

17  either.  Everyone is unhappy.

18         MS. DEL MEDICO:  All the reports, Your Honor?

19         THE COURT:  You said there's two.

20         MS. DEL MEDICO:  Well, I said there's probably two,

21  but I'm just asking, are they all now due on the 2nd or can we

22  give them one on the 2nd?

23         MR. BREWINGTON:  Judge?

24         THE COURT:  Okay.  Go ahead.

25         MR. BREWINGTON:  I would ask, first of all, Judge, we

Colloquy                          48

1  believe that --

2           THE COURT:  I know the 2nd is not good enough for

3  you, but go ahead.

4           MR. BREWINGTON:  It's not.  It's not.  And you knew

5  that --

6           THE COURT:  My job is to make everybody unhappy.

7  Again, I'm good at that because I'm married but that's my

8  problem.

9           MR. BREWINGTON:  I'll be ready for my cross

10 examination over there, Judge.  Here's the concern.  Having the

11 reports early is, earlier is a positive but with regard to the

12 fact that they've had our expert report and been able to

13 analyze it, the fact that they're just now saying, what they're

14 saying Judge, is --

15          THE COURT:  I actually honestly don't care about

16 that.  What I care about is that you're going to have enough

17 time to depose these witnesses and I think you get both reports

18 on the 2nd.  I think that's good enough because then you're

19 going to do it the rest of that week, you can do it over the

20 weekend but you'll have enough.

21          MR. BREWINGTON:  May we ask, Judge, that if indeed we

22 can move that just a little bit so we can get whatever, we

23 particularly would like the regression analysis sooner.  If we

24 can even more that up two days from the 2nd.  Because I think

25 that they had our numbers.

1           THE COURT:  I can't.  That's a Sunday but you know.

2           MS. DEL MEDICO:  That's not --

3           MR. BREWINGTON:  That's fine.

4           THE COURT:  I'm done.  The 2nd is fine.  That's the

5    best we can do.  Everyone is unhappy.  That means I made

6    exactly the right ruling.  So what else?  What else do we need

7    to resolve today?

8           MS. DEL MEDICO:  Sure.  So the expert on the

9    regression analysis, Mr. McDonald, we had noticed him for the

10   27th.  We've noticed him since March 6th and we've let

11   plaintiffs know that we need to take that deposition on the

12   26th or the 27th.  Plaintiffs have told us that given us the

13   date of the 26th at, 27th at two p.m. in Binghamton.

14          THE COURT:  Yes, what about that?  Why do we have to

15   do this in Binghamton?

16          MS. DEL MEDICO:  First of all, why does that have to

17   be in Binghamton?  And why do we only get half a day?

18          THE COURT:  Counsel, I got it.

19          MS. DEL MEDICO:  I'm sorry.

20          THE COURT:  I'm arguing you for you.  You're winning.

21          MS. DEL MEDICO:  Sorry, Your Honor.

22          THE COURT:  Why does this have to be in Binghamton?

23          MR. BREWINGTON:  Well, first of all, they offered to

24   go to Binghamton, Judge and we said fine, to try to make it

25   easy.  We gave them 26th or the 27th --

1          THE COURT:  Nobody goes to Binghamton voluntarily.

2          MR. BREWINGTON:  I do.

3          THE COURT:  I'll just make that clear.

4          MR. BREWINGTON:  The 26th, there's people in here

5   that go into Binghamton, Judge.  26th, 27th, 29th, we gave them

6   dates.  They said we'll go to Binghamton.  We accepted that.

7          MS. DEL MEDICO:  That's not right.

8          MR. BREWINGTON:  Oh, they didn't.  I thought that

9   they said they would.  Maybe I got that wrong.

10          THE COURT:  Okay.

11          MR. BREWINGTON:  But we did offer the 29th, 26th.

12          THE COURT:  When can we get the witness here?

13          MR. BREWINGTON:  27th and 29th.

14          MS. DEL MEDICO:  No, no.

15          MR. BREWINGTON:  I'm sorry, Judge, one second.

16          THE COURT:  Hold on one second.

17          MR. BREWINGTON:  Judge, just so I'm clear, I want to

18   make sure the record is clear.  The 26th was not available.

19          THE COURT:  Okay.

20          MR. BREWINGTON:  The 27th was not initially available

21   but he ends his teaching and we said we can make him available

22   on the 27th at two p.m. and at that point, we understood that

23   that was okay.

24          THE COURT:  Right.  I just have a math problem and

25   none of us are good at math because we wouldn't become lawyers,

Colloquy                                    51

1    right?  Why am I going to take at least a team of lawyers

2    probably two, maybe four, who knows and a court reporter and

3    fly them to Binghamton as compared to moving one professor from

4    Binghamton to here?  Why does that make sense?

5              MR. BREWINGTON:  Because of an obligation and

6    teaching schedule that he had with the University and that was

7    a big concern, Judge.

8              THE COURT:  But when can he come here?  He has got to

9    come here for the hearing so he has got to come, right?

10             MR. BREWINGTON:  He can come on the 29th and we can

11   book the flight in a half hour.

12             THE COURT:  You want him here on the 29th?

13             MS. DEL MEDICO:  No, Your Honor.  We asked --

14             THE COURT:  You don't want him on the 29th?

15             MS. DEL MEDICO:  Your Honor, we asked for the 26th or

16   the 27th on March 6th because --

17             THE COURT:  Counsel, I'm going to remind you.  I

18   can't fix what happened, right?

19             MS. DEL MEDICO:  But --

20             THE COURT:  You're saying you don't want to go to

21   Binghamton on the 27th.  I am sympathetic.  So I just said

22   what's the option?  The option is bring the person here on the

23   29th.  You want that or not?

24             MS. DEL MEDICO:  Your Honor, what I want is I need to

25   depose him on the 26th or the 27th and I need a full day

1  deposition.  And if they're telling me that he has conflicts

2  that I don't know about, and that we have to go to Binghamton,

3  Your Honor, we'll go to Binghamton those days.  I don't want to

4  but those are the days that I need to do it.

5          THE COURT:  So go.

6          MS. DEL MEDICO:  The other thing is, they're saying a

7  professor.  He's also a paid expert in this case and who has

8  known about this deposition for quite some time.  I don't know

9  when he teaches because I haven't been told.

10         THE COURT:  I'm confused.  You want to go to

11  Binghamton, what was the date, the 27th that was set?

12         MS. DEL MEDICO:  The 26th or the 27th, but I want a

13  full day deposition.  I want a seven hour deposition.  I don't

14  care if it's --

15         MR. BREWINGTON:  It can be seven hours.  We're not

16  cut off by the setting of the sun, Judge.

17         THE COURT:  I know that.

18         MR. BREWINGTON:  You know that.

19         THE COURT:  You work until the moon comes out.

20         MR. BREWINGTON:  So we can start at two o'clock and

21  we can go seven hours and by my calculation we'll go to nine

22  o'clock.  At nine o'clock the character turns into a pumpkin.

23         MS. DEL MEDICO:  Can you represent to me that he is

24  unavailable on the 27th?

25         THE COURT:  It doesn't matter.  Could we do it at

Colloquy                                    53

1  twelve instead, so this way we do seven hours?  People don't

2  get punchy.

3           MR. BREWINGTON:  He ends his teaching schedule I

4  believe at 12:30.  He needed to have time to be able to come

5  get himself, we're trying to be reasonable.

6           THE COURT:  All right, so start at two and then do

7  it.  I mean look, they can bring him here on the 29th.

8           MS. DEL MEDICO:  Understood.

9           THE COURT:  But you think you need him earlier so.

10          MS. DEL MEDICO:  Understood.

11          THE COURT:  So go to Binghamton, I'm sorry to say

12  that to you.

13          MR. BREWINGTON:  27th at two p.m., Judge?

14          THE COURT:  That's what I'm being told, right?

15  That's when he's available?

16          MR. BREWINGTON:  Yes, Judge.

17          THE COURT:  All right.  What else?  I'm opening the

18  floor.  I have the big gavel, I can bang it saying going once,

19  anybody else have any other issues?  I'll take your silence as

20  we've got nothing else?

21          MS. DEL MEDICO:  I have nothing else, Your Honor.

22          THE COURT:  How about from Suffolk?

23          MR. FURSHPAN:  No, Judge.

24          THE COURT:  All right.  You all do your best in terms

25  of, we've limited the number of depositions.  My guess is

Colloquy                    54

1  you're going to hit more of those days where you're available.

2  Do your best, okay?

3           MR. BREWINGTON:  And Judge, --

4           THE COURT:  And obviously, we'll make an effort if

5  counsel can't make it to get him the transcript as soon as it's

6  available.

7           MR. BREWINGTON:  We'll try and work as hard as we can

8  with counsel and we'll try and do that.  Judge, we have

9  depositions scheduled for tomorrow, the defendants do, right,

10 tomorrow and Thursday.  We just want to make sure that with

11 regard to those individuals that that's going to be part of

12 that list.

13          THE COURT:  I'm sorry?  If you know what you're

14 talking about, that's fine.

15          MR. BREWINGTON:  We'll confer.

16          THE COURT:  Why don't you confer and if there's a

17 problem, I'm here.

18          MR. BREWINGTON:  Very well.

19          THE COURT:  Okay?

20          MR. BREWINGTON:  So we should confer before we get

21 out of here.

22          THE COURT:  I'm on criminal duty so I'm around, all

23 right?

24          MS. DEL MEDICO:  And Your Honor, I just want to make

25 clear for the record, I don't want to make you angry, but I

Colloquy                                55

1  just want to make clear, so whoever we --

2           THE COURT:  Counsel, I'm never angry.

3           MS. DEL MEDICO:  Okay.  Whoever we put on our list

4  for deponents and whoever they put on their list for deponents,

5  that's the trial witnesses.

6           THE COURT:  Those are the hearing witnesses.

7           MS. DEL MEDICO:  The hearing, sorry, the hearing

8  witnesses, that's it.

9           THE COURT:  Yes.  If this were a trial --

10          MS. DEL MEDICO:  To me I keep thinking that way.

11          THE COURT:  We have lots of time.  Listen, in

12  fairness to you, often in these kinds of cases, the hearing is,

13  can be the end of the case.  I don't know that it will be but I

14  hear you.

15          MS. DEL MEDICO:  Okay.

16          THE COURT:  I did not mean to cut you off.

17          MS. DEL MEDICO:  It's okay, Your Honor.

18          THE COURT:  I apologize if I said anything that made

19  you feel uncomfortable.  But I did the best I could to cut as

20  many compromises as possible here, so all right?  Anything

21  else?

22          MR. BREWINGTON:  Nothing from us right now, Judge.

23          MS. DEL MEDICO:  Nothing.

24          MR. FURSHPAN:  No, Your Honor.

25          THE COURT:  All right.  I'm here if you need me.

Colloquy                                              56

1          UNIDENTIFIED:  Thanks.

2          MR. BREWINGTON:  Thank you, Judge.

3          THE COURT:  Good luck.

4                      *  *  *  *  *

5                **C E R T I F I C A T I O N**

6          I, **TRACY GRIBBEN**, court approved transcriber, certify

7   that the foregoing is a correct transcript from the official

8   electronic sound recording of the proceedings in the above-

9   entitled matter.

10

11

12  */s/ **TRACY GRIBBEN**_____

13

14

15  TRACY GRIBBEN TRANSCRIPTION, LLC      March 21, 2019

16                                            Date

17

18

19

20

21

22

23

24

25