```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANA FLORES, RENE FLORES, MARIA
MAGDALENA HERNANDEZ, MAGALI
ROMAN, MAKE THE ROAD NEW YORK,          MEMORANDUM OF
and NEW YORK COMMUNITIES FOR            DECISION & ORDER
CHANGE,                                 2:18-cv-3549 (ADS)(GRB)

                        Plaintiffs,

        -against-

TOWN OF ISLIP, ISLIP TOWN BOARD,
SUFFOLK COUNTY BOARD OF
ELECTIONS,

                        Defendants.
----------------------------------------------------------X
```

FILED
CLERK
4/8/2019 2:26 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**SPATT, District Judge.**

The Court assumes the parties' familiarity with the facts and procedural history of this action. Additional detail that is relevant to the instant motion is provided below. Presently before the Court is a request by the Plaintiffs to consider (1) deposition testimony of employees of the Town of Islip ("Islip"); and (2) declarations from individuals who will not testify at the hearing. *See* Docket Entry ("Dkt.") 93. Islip and the Islip Town Board (collectively, the "Islip Defendants") object, given the substantial discovery already undertaken and the appropriateness of relying on inadmissible evidence. *See* Dkt. 94. The Court is also in receipt of the Islip Defendants' motion in limine to exclude certain evidence. Specifically, the Islip Defendants seek to preclude from evidence (1) any documents or testimony that relies on hearsay; (2) any witness testimony that

1

attempts to introduce inadmissible lay opinion; and (3) portions of the expert report of Dr. John R. Logan, Ph.D. *See* Dkt. 95.

## I. DISCUSSION

In deciding this dispute, the Court is guided by the Supreme Court's statement in *University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981):

> The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. A party thus is not required to prove his case in full at a preliminary-injunction hearing, and the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits.

*Id*. (internal citations omitted).

### A. As to the Deposition Testimony of Islip Employees

The Plaintiffs argue that they can use the deposition testimony of Islip employees in lieu of live testimony at the preliminary injunction hearing. Federal Rule of Civil Procedure 32(a)(3) provides that "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." FED. R. CIV. P. 32(a)(3). This rule is "liberally construed" by district courts in this Circuit. *See, e.g.*, *Redd v. New York State Div. of Parole*, 923 F. Supp. 2d 393, 408 (E.D.N.Y. 2013). While "the court has discretion to exclude parts of the deposition that are unnecessarily repetitious in relation to the testimony of the party on the stand, it may not refuse to allow the deposition to be used merely because the party is available to testify in person." *Id*. (quoting *N. Ins. Co. of New York v. Albin Mfg., Inc.*, No. 06-CV-190(S), 2008 WL 3285852, at *3 n.4 (D.R.I. Aug. 8, 2008)).

The Plaintiffs contend that Islip employees they intend to call as fact witnesses qualify as "managing agents." To determine whether an employee is a "managing agent" of a party, courts in this Circuit consider the following:

> (1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; (2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party; (3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination; (4) the general responsibilities of the individual respecting the matters involved in the litigation; and (5) whether the individual can be expected to identify with the interests of the corporation.

*Id*. (internal citations omitted).

The Islip Defendants do not argue that the witnesses-at-issue are not "managing agents." Rather, they argue that Rule 32(a)(3) only applies to deposition testimony taken pursuant to Rule 30(b)(6). *See* Dkt. 94 at 2. No witness has testified pursuant to Rule 30(b)(6) in this case. However, the Islip Defendants do not cite any authority in this circuit for such a proposition and courts within this district have applied Rule 30(a)(3) in instances outside of Rule 30(b)(6) testimony. *See, e.g.*, *MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 573–74 (S.D.N.Y. 2017); *Redd*, 923 F. Supp. 2d at 408-09.

As the Islip Defendants have not disputed whether the witnesses-at-issue constitute "managing agents," and have failed to provide any authority that limits the application of Rule 30(a)(3) to Rule 30(b)(6) witnesses, the Court finds that the Plaintiffs are entitled to rely on the deposition testimony of Islip employees in post-hearing arguments.

**B. As to the Consideration of Declarations and Depositions Which Include Hearsay Statements**

The Plaintiffs seek to rely on declarations and other documentary evidence regardless of whether the declarant testifies at the preliminary injunction hearing. Further, the Islip Defendants seek to preclude all documents or testimony that relies on hearsay.

In *Mullins v. City of New York*, 626 F.3d 47, 52 (2d Cir. 2010), the Second Circuit "conclude[d] that hearsay evidence may be considered by a district court in determining whether to grant a preliminary injunction." *Id*. In considering a request for a preliminary injunction, the Court is free to consider depositions, sworn testimony, and affidavits that contain hearsay. *See, e.g.*, *Juniper Entm't, Inc. v. Calderhead*, No. 07-CV-2413, 2007 WL 9723384, at *8 (E.D.N.Y. Sept. 29, 2007) (Spatt, J.) ("[I]n considering a motion for a preliminary injunction, the Court is given discretion to rely solely on affidavits, depositions, and sworn testimony, even including hearsay." (internal citations omitted)).

Accordingly, the Court concludes that at a threshold level, declarations, depositions, and other documentary evidence may be considered at the preliminary injunction stage. *See, e.g.*, *Mitsubishi Motors N. Am. Inc. v. Grand Auto., Inc.*, No. 18-cv-814, 2018 WL 2012875, at *1 (E.D.N.Y. Apr. 30, 2018) (considering numerous declarations in the course of deciding a preliminary injunction, regardless of whether they contain hearsay (citing *Mullins*, 626 F.3d at 51-52)).

However, to the extent the Plaintiffs plan to rely on inadmissible information to satisfy the list of factors provided by the 1982 Senate Report and examined in *Thornburg v. Gingles*, 478 U.S. 30, 106 S. Ct. 2752, 92 L. Ed. 2d 25 (1986), the Plaintiffs are cautioned that the Court will apply the Federal Rules of Evidence to determine the weight to be accorded to that evidence and

notes that there is a preference for live testimony regarding disputed issues of fact. *See, e.g.*, *Mullins*, 626 F.3d at 52 ("The admissibility of hearsay under the Federal Rules of Evidence goes to weight, not preclusion, at the preliminary injunction stage.").

## C. As to Whether the Plaintiffs May Offer Lay-Opinion Witness Testimony

The Islip Defendants seek to preclude the Plaintiffs potential use of lay-opinion witness testimony, in violation of Rule 701 of the Federal Rules of Evidence.

Rule 701 states that "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is … rationally based on the witness's perception; … helpful to clearly understanding the witness's testimony or to determining a fact in issue; and … not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701. Yet, as previously discussed, courts may consider inadmissible evidence at the preliminary injunction stage. *See, e.g.*, *Mullins*, 626 F.3d at 52.

The Islip Defendants point to certain excerpts of Daniel Altschuler's declaration as an example: "For instance, Mr. Altschuler declares that it is his 'belief' that it is 'virtually impossible for Islip's Latino community to elect a candidate of its choice to the Islip Town Board under the current at-large system' and that Latino 'voter participation still lags behind white voter participation' because Latinos have not elected a candidate of choice in the past decade." Dkt. 95 at 7 (quoting Dkt. 39 ¶ 6). Mr. Altschuler is currently the Director of Civic Engagement and Research at Make the Road New York, a plaintiff in this action. He does not proclaim to be an expert on voting-related matters.

While the Court notes that such opinions may violate Rule 701 of the Federal Rules of Evidence, the Court will consider lay opinion evidence at the preliminary injunction stage.

However, the Plaintiffs are again cautioned against relying too heavily on potentially inadmissible evidence to support its argument regarding the 1982 Senate Report factors.

**D. As to Whether to Strike Portions of John R. Logan's Expert Report**

Finally, the Islip Defendants ask this Court to preclude portions of the expert report of John R. Logan, Ph.D., which purportedly contain hearsay statements. Specifically, the Islip Defendants note that "[m]uch of Dr. Logan's report, especially his sections on the police, public safety, and the environment, is nothing more than a repetition of unreliable hearsay, without any expertise added." Dkt. 95 at 9.

Regardless of these alleged improprieties, the Court may consider inadmissible evidence when deciding whether to issue a preliminary injunction. *See, e.g.*, *Mullins*, 626 F.3d at 52; *Half Price Books, Records, Magazines, Inc. v. Barnesandnoble.com, LLC*, No. CIV.A. 302CV2518-G, 2003 WL 23175432, at *1 (N.D. Tex. Aug. 15, 2003) (denying a motion to preclude an expert report at the preliminary injunction stage, noting "the court is permitted to give weight to otherwise inadmissible evidence when considering an application for a preliminary injunction"). Accordingly, at a threshold level, the Court will not preclude any portion of Dr. Logan's expert report. Yet, those portions of the expert report that contain inadmissible hearsay may be afforded little or no weight.

## II. CONCLUSION

For the reasons stated above, the Islip Defendants' motion (Dkt. 95) in limine is denied and the Plaintiffs' letter motion (Dkt. 93) is granted.

**SO ORDERED**

Dated: Central Islip, New York
April 8, 2019

                                             */s/ Arthur D. Spatt*
                                             ARTHUR D. SPATT
                                        United States District Judge