

1250 Broadway, 27th Fl., New York, NY 10001
tel.  212-619-5400  •  fax  212-619-3090
www.nfllp.com

April 17, 2019

**Via ECF and Hand Delivery**

Honorable Judge Arthur D. Spatt
United States District Court
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722

*Flores* v. *Town of Islip et al.,* No. 18 Civ. 3549

Dear Judge Spatt:

We are submitting this letter on behalf of Plaintiffs to clarify an issue raised by Defendants' cross-examination of Plaintiffs' expert, Dr. Logan.

In particular, Defendants asked questions of Dr. Logan suggesting that his comparison of Islip's Latino population with its non-Latino white population is somehow flawed because it does not compare Latino *citizens* with non-Latino white *citizens*. For instance, Defendants' counsel asked Dr. Logan, among other similar questions, "You also did not compare the median household income for Islip's Latino citizens to Islip's non-Latino White citizens, did you?" Hr'g Tr. 925:22-24, Apr. 16, 2019. Defendants thus appear to believe that Plaintiffs bear the burden of proving the existence of disparities between Latino *citizens* and non-Latino white *citizens* as part of a Senate Factor 5 analysis, as opposed to bearing the burden of showing disparities between Latinos and non-Latino whites, whether citizens or not. Defendants are mistaken.

To begin with, Senate Factor 5 focuses on "the extent to which minority group members bear the effects of discrimination in areas such as education, employment, and health, which hinder their ability to participate effectively in the political process." Nothing in the plain language of Senate Factor 5 could be read to suggest that it is concerned with citizens in a particular jurisdiction as opposed to any residents of a jurisdiction.

Furthermore, no case of which we are aware suggests that Senate Factor 5 imposes a "citizenship" requirement. To the contrary, the available case law on this issue points in the opposite direction. Specifically, *Luna* v. *County of Kern*, 291 F. Supp. 3d 1088 (E.D. Cal. 2018) (attached as **Exhibit A**), also concerned a challenge under Section 2 of the Voting Rights Act to an at-large election structure. The *Luna* plaintiffs offered expert evidence demonstrating

NEWMAN FERRARA LLP

that Latinos (whether citizens or not) faced socioeconomic disadvantages in housing, income, and education. *Id.* at 1137. The *Luna* defendants challenged that evidence by providing "data showing that income levels among Latinos in Kern County differ between *citizens* and *non-citizens*," and argued that "this evidence suggests that the income disparity between Latino and non-Hispanic white *eligible voters* may not be as stark as" plaintiffs' data suggested. *Id.* at 1138 n.18 (emphasis added). The *Luna* court rejected the defendants' position, concluding that the defendants' "data [was] insufficient to overcome plaintiffs' showing of income level disparities between Latinos and non-Hispanic whites, because defendants did not offer any evidence at trial, nor have they even alleged, that comparing only eligible voters in Kern County would extinguish this disparity." *Id.*

The same is true here: Defendants have failed to demonstrate that comparing Latino *citizens* of Islip to non-Hispanic white *citizens* would "extinguish" the socioeconomic disparities that exist between the Latino and non-Latino white populations in Islip.

In short, any suggestion by Defendants that Plaintiffs are obligated to demonstrate socioeconomic disparities between Latino *citizens* and non-Latino white *citizens* is misguided and should be rejected.

Respectfully submitted,

*/s/ Randolph M. McLaughlin*
Randolph M. McLaughlin

Amy K. Nemetz
Gregory Laufer
Michael J. Pernick
Paul, Weiss, Rifkind, Wharton & Garrison LLP

Frederick K. Brewington,
Law Offices of Frederick K. Brewington
*Attorneys for Plaintiffs*

cc: *Counsel for Defendants*
    *via ECF and by hand delivery*