PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS   NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3891

WRITER'S DIRECT FACSIMILE
(212) 492-0891

WRITER'S DIRECT E-MAIL ADDRESS
rschuman@paulweiss.com

December 11, 2019

**Via ECF**

Honorable Judge Gary R. Brown
United States District Court
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722

        *Flores* v. *Town of Islip et al.*, No. 18 Civ. 3549 (ADS)(GRB)

Dear Judge Brown:

        We, along with our co-counsel, represent Plaintiffs in the above-captioned action. We write this letter, pursuant to Rule 37 of the Federal Rules of Civil Procedure, Local Rule 37.3, and Rule III.B of Your Honor's Individual Practice Rules, to request that the Court compel the Town of Islip (the "Town") to make its witnesses available for depositions, as it has categorically refused to do so, and to allow Plaintiffs to take third party depositions. The Town asserts that because Plaintiffs took ten depositions (eight fact, two expert) in advance of the preliminary injunction hearing, Plaintiffs are not entitled to any more. The Town's position is without merit. Plaintiffs are entitled take an additional ten depositions[1] because: (1) depositions conducted for the purposes of expedited discovery in the context of preparation for a preliminary injunction hearing do not count towards the limit pursuant to Rule 30; and (2) even if those depositions counted towards the Rule 30 limit, Plaintiffs should be permitted to conduct additional depositions because they are not duplicative and will cover new issues based on documents currently being produced.

        As Your Honor is aware, the Hon. Judge A. Spatt held a preliminary injunction hearing from April 9 to May 2 2019. On May 28, 2019, Judge Spatt denied

---

[1] Plaintiffs' request does not include expert depositions, which need not count toward the presumptive limit. *See Rayco Mfg., Inc.* v. *Deutz Corp.*, 2010 WL 183866, at *3 (N.D. Ohio Jan. 14, 2010) (holding that leave was not required to depose designated experts because "[e]xpert witness depositions do not count towards the ten-per-side deposition limit of Rule 30(a)(2)(A)(i)"); *see also Safeco Ins. Co. of Am.* v. *City of Jacksonville, Fla.*, 2011 WL 13176635, at *3 (M.D. Fla. Apr. 20, 2011) (noting, in dicta, that "[a] fair reading of the Rules suggests that expert witnesses are not contemplated by Rule 30"). We anticipate that both parties will take additional expert depositions in light of anticipated further expert disclosures.

Plaintiffs' motion.  While party discovery generally was stayed in advance of the hearing, this Court ordered that the parties be permitted to depose any witness that either party intended to call at the hearing.  As a result, Plaintiffs took the depositions of the eight fact witnesses and two experts that the Town represented it would call at the hearing.  Party discovery is now re-opened and the parties are currently reviewing and producing documents in order to meet the December 16, 2019 deadline for substantial completion of document discovery and the January 27, 2020 fact discovery deadline.

With that deadline in mind, on November 18, Plaintiffs asked the Town to provide deposition dates in January for the five current Town Board Members.  (Ex. A).  However, during a meet and confer on November 19, the Town took the position that Plaintiffs had used their ten depositions permitted under Rule 30 but that it would consider agreeing to additional depositions if Plaintiffs proposed the number of depositions it wished to take.  On November 22, Plaintiffs proposed that each side be permitted to take an additional ten depositions.  (Ex. B).  The Town objected and asked Plaintiffs to identify the individuals they intended to depose, which we provided (again) on November 27 with the addition of two third-party witnesses, stating that the remaining slots would be reserved for those identified in discovery.  (Ex. C).  On December 4, we pressed the Town to respond to our proposal.  (Ex. D).  On December 5, the Town informed us that it did not agree.  (Ex. E).

Courts have held that depositions taken for the purpose of expedited discovery do not count towards the ten deposition limit because their purpose is different from the purpose of depositions taken in anticipation of trial.  *See Kalsi Engineering, Inc.* v. *Davidson*, 2014 WL 12619920, at *4 (S.D. Tex. 2014) (granting plaintiff a temporary restraining order and ordering expedited discovery for which any depositions taken would not count against the ten deposition limit); *York Group, Inc.* v. *Pontone*, 2012 WL 12895759, at *2–3 (W.D. Pa. 2012) (ordering that multiple witnesses be re-deposed before a merits trial because depositions taken in anticipation of emergency relief are conducted differently than depositions taken in anticipation of trial).

This Court recognized the same distinction at the March 19, 2019 discovery conference: "an emergency preliminary hearing . . . is not trial.  This is not five years of depositions and then we're going to get to it."  (Tr. 31:5–9).  The Court made clear that the depositions being conducted for purposes of the preliminary injunction hearing would necessarily be incomplete, stating that "the nature of doing discovery for a preliminary [in]junction hearing is not a hundred percent."  (Tr. 37:7–8).  The parties are now conducting discovery in anticipation of a full trial on the merits.  To limit Plaintiffs' ability to conduct discovery in the way the Town seeks, runs counter to Rule 30's purpose and would prevent a fair trial.  The purpose of Rule 30 is "to enable courts to maintain a tighter rein on the extent of discovery," not to artificially limit discovery before it has truly begun.  *See Pope* v. *Cty. of Albany*, 2013 WL 12098755, at *5 (N.D.N.Y. Mar. 11, 2013) (quoting *Sigala* v. *Spikouris*, 2002 WL 721078, at *3 (E.D.N.Y. Mar. 7, 2002)).

Even if the Court views this letter as a request to take more than the presumptive number of depositions under Rule 30, Plaintiffs should still be permitted to do so.  In determining whether to grant leave for additional depositions, courts consider under

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

Rule 26(b)(2)(C) whether the additional depositions sought: (1) would not be unreasonably cumulative or duplicative; (2) could not have been obtained through prior opportunities in the action; and (3) would be more beneficial than burdensome, taking into account the needs of the case and the importance of the issues.  *See In re Weatherford Intern. Securities Litig.*, 2013 WL 5762923, at *2 (S.D.N.Y. 2013).  All three elements are met here.

None of the discovery Plaintiffs seek would be cumulative or duplicative in any way and could not have been obtained previously.  Many, if not all, of the topics covered will relate to documents that are being produced subsequent to the preliminary injunction hearing, and, none of the witnesses Plaintiffs seek to depose (except one) were identified by the Town as witnesses in the hearing, and therefore were not deposed.  Thus, there has also been no prior opportunity to conduct such depositions or to ask questions about these documents.  *See Simo Holdings Inc.* v. *Hong Kong uCloudlink Network Tech. Ltd.*, 354 F. Supp. 3d 508, 511 (S.D.N.Y. 2019) (granting permission to conduct additional depositions and re-depose other witnesses relating to subjects disclosed for the first time); *Alexander* v. *F.B.I.*, 192 F.R.D. 20 (D.D.C. 2000) (permitting plaintiffs to depose a nonparty witness after the first phase of discovery closed because it had only recently come to plaintiffs' attention that the witness possessed knowledge with probative value).

Due to the magnitude of this case, the burdens in taking more depositions are clearly outweighed by the benefits, and leave should be granted.  *See U.S.* v. *Town of Oyster Bay*, 2016 WL 11265542, at *2 (E.D.N.Y. 2016) (granting additional depositions because cases in the context of discrimination are not "straightforward");  *see also Gross* v. *Bare Escentuals, Inc.*, 2006 WL 3161386, at *1, n. 5 (S.D.N.Y. Oct. 30, 2006) (Rules 26 and 30 should not be used for the purpose of restricting discovery when "the issues at stake in the litigation" are important and where the discovery will be important to resolve those issues).  The scope of discovery in this case requires additional depositions because proof of a Section 2 violation is a totality of the circumstances analysis, which encompasses a variety of factors on distinct and disparate topics.  Indeed, at the March 19, 2019 conference, the Court acknowledged that "[T]his is a big case."  (Tr. 14:16).  Furthermore, the parties have already incurred much of the burden by expending time and resources reviewing and producing the very documents that Plaintiffs intend to depose the witnesses on.

Notably, the only reason Plaintiffs have taken ten depositions so far is because the Town took strategic advantage of the Court's March 19 order concerning depositions before the preliminary injunction hearing—the Town named ten witnesses it intended to call at trial, so that Plaintiffs were forced to (and did) take ten depositions, only to withdraw *three* of those witnesses mid-way through the preliminary injunction hearing.  Plaintiffs, on the other hand, not only called each and every one of the nine witnesses on its final list (who the Town deposed), but they even informed the Town of every witnesses on its preliminary list that they no longer intended to call, so that the Town could consider cancelling those depositions (which it did).

For these reasons, we respectfully request that the Court compel the Town to make its witnesses available for deposition and to permit each party to conduct ten fact depositions.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

4

Respectfully submitted,

*/s/* Rachael A. Schuman

Rachael A. Schuman