# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

December 18, 2019

Via ECF

Honorable Judge Gary R. Brown
United States District Court
100 Federal Plaza
Central Islip, New York 11722

Re: *Flores v. Town of Islip, et al.*, Case No. 2:18-cv-03549

Dear Judge Brown:

Plaintiffs' motion to compel the Town of Islip to produce unidentified witnesses for deposition (ECF Doc. 142) ("Letter") should be denied. The Rules are clear that Plaintiffs are entitled to only 10 depositions absent good cause, and Plaintiffs cannot demonstrate good cause, nor do they make any attempt to do so.

In March 2019, nine months after filing suit and well into discovery, Plaintiffs moved for a preliminary injunction. Although discovery deadlines were vacated, discovery was not stayed. Plaintiffs continued to seek and obtain documents, and they also took 10 depositions, beginning before hearing witnesses were disclosed. In April, Judge Spatt held a three-week evidentiary hearing that included testimony from 11 fact witnesses and 5 experts, and admission of 59 exhibits. Judge Spatt denied the motion in May, issuing an 81-page opinion. He concluded that Plaintiffs' explanation for their "months-long delay" in seeking a PI was "unconvincing." ECF Doc. 133 at 71. He also concluded, among other things, that "[a]fter conducting a systematic and exhaustive analysis, as required by the VRA, the Plaintiffs have not shown that, under the totality of circumstances, . . . they are substantially likely to succeed in their claim." *Id.* at 80.

Due to the three-week evidentiary hearing, there is a voluminous trial record. *See* Fed. R. Civ. P. 65(a)(2). Nevertheless, after remaining silent for three months following the hearing, Plaintiffs announced in August that they wanted to pursue further discovery, and they now seek to take 10 more fact depositions. But Plaintiffs provide no indication of what they hope to obtain from additional depositions, much less that there will be anything meaningful enough to warrant further depositions—or further trial time beyond the three-week hearing that Plaintiffs already have received.

"[A]ny party who wishes to conduct more than ten depositions without stipulation . . . must seek leave of the court." *In re Weatherford Int'l Sec. Litig.*, No. 11-cv-1646, 2013 WL 5762923, at *2 (S.D.N.Y. Oct. 24, 2013). Plaintiffs must establish that: (1) the depositions sought are not unreasonably cumulative and there is not a less burdensome way to obtain the information; (2) there has not been adequate opportunity to obtain the information; and (3) the additional depositions would be proportional to the needs of the case. Fed. R. Civ. P. 26(b), 30(a)(2). Plaintiffs must "provide specific names of the proposed deponents" and "'make a

JONES DAY

The Honorable Gary R. Brown
December 18, 2019
Page 2

particularized showing of why the discovery is necessary.'" *Gen. Elec. Co. v. Indem. Ins. Co. of N. Am.*, No. 06-cv-232, 2006 WL 1525970, at *2 (D. Conn. May 25, 2006) (quoting *Scanlan v. Potter*, No. 05-cv-291, 2006 WL 1207748, at *1 (D. Vt. May 4, 2006)).

Plaintiffs have not even tried to satisfy these standards. To begin, Plaintiffs have not asked the Court's permission to depose specific additional witnesses. And while they named seven potential deponents in an email to counsel, they seek blanket permission "to conduct ten fact depositions" beyond the ten depositions they already have taken. Letter at 2 & Ex. C.[1] Even if it were assumed that Plaintiffs would depose the seven witnesses referenced in the email, they still would also be seeking leave to take three depositions of unidentified witnesses. But to justify more depositions, Plaintiffs must show that "each and every one of the proposed deponents would provide sufficiently unique information, not cumulative or duplicative of others, to justify the additional burden on the defendants," *In re Weatherford*, 2013 WL 5762923, at *2, and that is impossible if Plaintiffs have not even identified putative deponents.

For witnesses Plaintiffs did reference in email, they proffered nothing beyond a name. Thus they have made no "particularized showing" to justify an additional deposition for each witness—*i.e.*, what information is sought, why it is not cumulative, why it cannot be obtained elsewhere, why there has not been adequate opportunity to obtain it, and why it is not overly burdensome. *Gen. Elec. Co.*, 2006 WL 1525970, at *2. Plaintiffs provide only a conclusory assertion that "[n]one of the discovery [they] seek would be cumulative or duplicative in any way." Letter at 3. "When a party merely speculates as to what evidence would be produced upon further discovery, a court is correct in denying the party's request to allow more discovery including discovery in the form of depositions." *Pope v. Cty. of Albany*, No. 11-CV-736, 2013 WL 12098755, at *5 (N.D.N.Y. Mar. 11, 2013) (citation and alterations omitted). Plaintiffs have not even speculated, much less established, what additional depositions could provide. At the PI hearing, Plaintiffs repeatedly elicited cumulative testimony on subjects that included potholes, snow removal, county policing, and other barely relevant topics. Given their failure to make a particularized showing, it is apparent that more depositions would just lead to more of the same.

Plaintiffs are not helped by their citation of *Alexander v. F.B.I.*, 192 F.R.D. 20, 22 (D.D.C. 2000), in which the court granted a single additional deposition after "[b]alancing the probative value of the information [the witness] possesse[d] . . . and the plaintiffs' considerable

---

[1] Plaintiffs seek to avoid witness-specific issues that make additional depositions especially unjustified. For example, one of the witnesses listed in the email, Supervisor Carpenter, already has been deposed for nearly 6.5 hours on the record. *See* Fed. R. Civ. P. 30(a)(2), (d)(1) (requiring stipulation or leave of court if "the deponent has already been deposed in the case" and also if the deposition is to go beyond "one day of 7 hours"). Another four witnesses listed in the email are councilmembers who have not voluntarily testified, raising privilege issues that would limit or preclude their depositions even if Plaintiffs were not over the limit. *See Favors v. Cuomo*, 11-cv-5632, 2013 WL 11319831, at *15 (E.D.N.Y. Feb. 8. 2013) (Mann, M.J.) (Voting Rights Act case) ("In only the rarest of circumstances will courts compel testimony from legislators asserting legislative privilege. *See, e.g., Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268 (1977)."). The Town reserves its rights if Plaintiffs are allowed some number of additional depositions and then seek to depose these particular witnesses.

JONES DAY

The Honorable Gary R. Brown
December 18, 2019
Page 3

need for such information against the relatively minimal burden and delay to the defendants in providing it." *Id.* (footnote omitted). Plaintiffs, by contrast, have not even attempted such a showing.[2] Even further afield is *Simo Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, 354 F. Supp. 3d 508, 509, 511 (S.D.N.Y. 2019). There, a party had disclosed new expert opinions after the court-ordered deadline, and the court denied a motion to strike but *sua sponte* allowed additional depositions to mitigate prejudice. Nothing of the sort has happened here.[3]

Unable to actually justify additional depositions, Plaintiffs attempt to short-circuit the ordinary analysis by arguing that Rule 30's limits on depositions never encompass depositions taken prior to a preliminary injunction hearing, but that is wrong. Rule 30's plain language, which applies to any deposition that "would result in more than 10 depositions being taken," cannot be ignored. And there is no reason to ignore it. If for some reason 10 depositions are not sufficient for the various phases of litigation, courts have the discretion to allow more, *if* a party can specifically explain *why* more are justified, which Plaintiffs have not even tried to do.[4]

The two cases cited by Plaintiffs refute their claim that a party, without leave, can take 10 depositions in addition to those taken prior to PI proceedings. In *York Grp., Inc. v. Pontone*, No. 10-cv-1078, 2012 WL 12895759 (W.D. Pa. June 15, 2012), the court's discussion of the ten-deposition limit did not mention the PI proceedings, and the court "evaluat[ed] each proposed deposition" under the standard for granting leave to exceed the Rule 30 limit, engaging in a probing review of the parties' asserted need for each individual deposition. *Id*. at *1, *2–6. In *Kalsi Eng'g, Inc. v. Davidson*, No. 14-cv-1405, 2014 WL 12619920, at *4 (S.D. Tex. Aug. 1, 2014), the court permitted plaintiffs to take three-hour depositions on limited topics for a one-day preliminary hearing at the outset of the case, and it *ordered* that those depositions would not count toward Rule 30's limit—precisely because they *would* have counted otherwise.

The circumstances here—Plaintiffs' failure to establish a likelihood of success at a three-week PI hearing held 10 months into the case, after extensive discovery—weigh heavily *against* more depositions. Plaintiffs do not show that more are needed, and the motion should be denied.

---

[2] Also, in *Alexander*, the witness's possession of important information did not come to light until after the relevant discovery cutoff, so the party had no real opportunity to allocate one of its limited depositions to that witness. 192 F.R.D. at 22. Here, however, Plaintiffs took 10 depositions long before the fact discovery cutoff, which is next month. Moreover, four of the witnesses referenced in Plaintiffs' recent email were included in their initial disclosures and on their January 2019 list of potential deponents. *See* Ex. A, attached. Yet Plaintiffs did not deem these witnesses significant enough to depose before, or call as witnesses at, the PI hearing.

[3] Plaintiffs claim that Defendants "took strategic advantage" of a court order by not calling at the PI hearing all of the *potential* witnesses they had identified. To be frank, that claim is absurd. Plaintiffs, after having agreed that the entire hearing was likely to last 5-6 days (ECF Doc. 31), did not finish putting on their own witnesses until midway through the eighth hearing day. And because Plaintiffs had failed to show an entitlement to relief (ECF Doc. 133), there was no need to extend the hearing into a fourth week by calling every potential defense witness.

[4] Likewise, the plain language of the rule encompasses both fact and expert depositions, but courts may authorize depositions beyond the ten-deposition limit *if* a party meets the requirements to obtain such leave. Plaintiffs acknowledge that one of the statements they cite on this issue is *dicta*. The other is too, as the depositions at issue were unopposed, and accordingly the court in that case—like Plaintiffs here—provided no analysis.

JONES DAY

The Honorable Gary R. Brown
December 18, 2019
Page 4

                                                Respectfully submitted,

                                                */s/ Jennifer L. Del Medico*
                                                Jennifer L. Del Medico

                                                *Attorneys for the Town of Islip and*
                                                *the Islip Town Board*

cc: All Counsel (via ECF)