FILED
CLERK

9:59 am, Apr 10, 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Ana Flores, et al., | . | Docket #CV-18-3549 (GRB)(ST) |
| | . | |
| Plaintiffs, | . | |
| | . | United States Courthouse |
| V. | . | Central Islip, New York |
| | . | April 8, 2020 |
| Town of Islip, et al., | . | 1:09 p.m. |
| | . | |
| Defendants. | . | |

. . . . . . . . . . . . . . . . . . . . . . . . . . . .


TRANSCRIPT OF TELEPHONIC MOTION HEARING
BEFORE THE HONORABLE STEVEN TISCIONE
UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For The Plaintiffs:          Frederick K. Brewington, Esq.
                             Law Offices of
                             Frederick K. Brewington
                             556 Peninsula Blvd.
                             Hempstead, NY 11550

                             Randolph M. McLaughlin, Esq.
                             Newman Ferrara, LLP
                             1250 Broadway-27th Fl.
                             New York, NY 10001

                             Alexander F. Atkins, Esq.
                             Paul Weiss Rifkind Wharton
                             & Garrison, LLP
                             1285 Ave. of the Americas
                             New York, NY 10019

                             Sara E. Hershman, Esq.
                             Paul Weiss Rifkind Wharton
                             & Garrison, LLP
                             1285 Ave. of the Americas
                             New York, NY 10019

Michael J. Pernick, Esq.
Paul Weiss Rifkind Wharton
& Garrison, LLP
1285 Ave. of the Americas
New York, NY 10019

Tricia S. Lindsay, Esq.
Law Offices of
Frederick K. Brewington
556 Peninsula Blvd.
Hempstead, NY 11550

For The Defendants:          Jennifer L. Del Medico, Esq.
Jones Day
222 East 41st Street
New York, NY 10017

Louis K, Fisher, Esq.
Jones Day
51 Louisiana Ave., NW
Washington, DC 20001

Shachar Gannot, Esq.
Jones Day
222 East 41st Street
New York, NY 10017

Vincent Messina, Jr., Esq.
Sinnreich Kosakoff
& Messina, LLP
267 Carleton Ave.-Ste. 301
Central Islip, NY 11722

John R. DeCioccio, Esq.
Town Attorney
Islip Town Attorney's Office
655 Main Street
Islip, NY 11751

Hope Senzer Gabor, Esq.
Suffolk County Department
of Law
100 Veterans Memorial Hwy.
Hauppauge, NY 11788

3

Michael J. Petre, Esq.
Suffolk County Department
of Law
100 Veterans Memorial Hwy.
Hauppauge, NY 11788

Lisa A. Perillo, Esq.
Sinnreich Kosakoff
& Messina, LLP
267 Carleton Ave.-Ste. 301
Central Islip, NY 11722

Audio Operator:

Transcribing Firm:                Writer's Cramp, Inc.
                                  1027 Betty Lane
                                  Ewing, NJ 08628
                                  609-588-8043

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

1              THE COURT:  All right.  This is <u>Flores, et al. vs.</u>

2    <u>The Town of Islip, et al.</u>, 18-CV-3549.  Can the parties state

3    your appearances for the record, please.

4              MR. BREWINGTON:  Yes.  Good morning.  This is Fred

5    Brewington for the Plaintiffs.  Along with me on the call is

6    Randolph McLaughlin from Newman Ferrara, and from Paul Weiss

7    we have Alexander Atkins, Sara Hershman, Michael Pernick, and

8    also from my office, Tricia Lindsay.  Good morning to all.

9              THE COURT:  Good morning.

10             MS. DEL MEDICO:  Good morning, Your Honor.  For

11   Defendants Town of Islip and Islip Town Board, this is

12   Jennifer Del Medico from Jones Day.  I'm joined by my partner,

13   Lou Fisher, and Shachar Gannot.

14             THE COURT:  All right.

15             MR. MESSINA:  Good morning, Your Honor.  Vincent

16   Messina, Sinnreich Kosakoff & Messina, also for Defendant Town

17   of Islip.

18             MR. DECIOCCIO:  Good morning, Your Honor.   This is

19   John DeCioccio, Islip Town Attorney for the Defendants Town of

20   Islip.

21             MS. GABOR:  Good morning, Your Honor.  This is Hope

22   Senzer Gabor for Suffolk County Board of Elections.  Also Mike

23   Petre from Suffolk County is on the phone as well.

24             MR. PETRE:  Good morning, Your Honor.

25             MS. PERILLO:  Hi, this is Lisa Perillo from

1   Sinnreich Kosakoff & Messina, co-counsel for the City of Islip

2   and the Islip Town Board.  Good morning.

3           THE COURT:  Good morning.  Is that everyone?

4           ALL:  (No verbal response.)

5           THE COURT:  All right.  Okay, well, I hope everyone

6   is dealing with the current pandemic in the best way possible

7   and at least healthy at the moment.  What is, I guess, the

8   specific issues that need to be resolved?  I know there was a

9   number of things raised.  Other than the discovery schedule it

10  was unclear to me what the parties had talked about and agreed

11  or not agreed on.  Obviously there's a dispute about how long

12  the extension should be, but beyond that what other issues, if

13  any, need to be resolved today?

14          MS. DEL MEDICO:  Your Honor, this is Jennifer Del

15  Medico.  I think that the extension is really the issue that

16  needs to be resolved today.  Mr. Brewington?

17          MR. BREWINGTON:  That is correct.  There are

18  underlying components that deal with the extension, but as

19  part of the extension, Judge, I think that the extension is

20  the main part.  There may be sub-components.

21          THE COURT:  Okay.  All right, so how many

22  depositions -- did -- I guess there's one fact after this and

23  then the rest of the depositions you're talking about are all

24  expert depositions, correct?

25          MR. BREWINGTON:  That is correct, Judge.  This is

```
 1    Fred Brewington.  There are a total of seven:  4 Plaintiff's
 2    experts, 2 Defendant experts, 1 fact -- 1 nonparty witness.
 3              THE COURT:  Okay.
 4              MS. DEL MEDICO:  And Your Honor, those are the ones
 5    that we know of.  I mean, there is a potential that we end up
 6    deposing the late disclosed fact party witness that there will
 7    be a request to do some more discovery, but I don't know that
 8    for a fact.  I'm just raising -- putting a pin there.
 9              THE COURT:  Okay.  All right, and the current
10    deadline is when exactly?
11              MS. DEL MEDICO:  The current deadline is April 17th,
12    Your Honor.
13              THE COURT:  All right.  I assume you're going to be
14    doing these depositions remotely.
15              MS. DEL MEDICO:  We are, Your Honor, and --
16              THE COURT:  Okay.
17              MR. BREWINGTON:  Yes, Judge.  This is Fred
18    Brewington.  We worked on a platform to do so, and yesterday
19    we did get verification from the Board of Elections that they
20    agree and consent to the process.
21              THE COURT:  Okay.
22              MS. DEL MEDICO:  And Your Honor, we always -- you
23    know, we always intended to do these remotely based.  When the
24    coronavirus pandemic happened we tested a platform.  I'm going
25    to test some other ones.  There are just other issues that go
```

1   along with the platform that, unfortunately, in our view, make

2   our request reasonable.

3           THE COURT:  All right.  Why don't you tell me

4   specifically why you need eight weeks as opposed to, you know,

5   four weeks or something like that.

6           MS. DEL MEDICO:  Okay, certainly, Your Honor.  When

7   we met and conferred with Plaintiffs on this issue -- I'll be

8   very up front -- we told them look, we think that we can get

9   this done by the end of May.  But let's push it out for two

10  weeks because we don't want to be in the position of going

11  back to the judge to ask more time.  And here are the issues

12  that we're concerned about and that frankly are going to pose

13  a challenge.  Not to say that these depositions aren't going

14  to happen; they are going to happen.  First of all, because

15  any vendor you'll talk to with the remote platform will tell

16  you the technology is great but it's only good as the internet

17  connection at the home.  Now I don't expect -- I expect

18  everyone to be able to log on and participate, but what I

19  don't know is, you know, if it's going to take multiple days,

20  if there's going to be problems with the connections.  In my

21  own house I've got myself, a spouse, and two kids online all

22  day, so that's one challenge we're going to have.  Another

23  challenge we're going to have is this isn't the situation

24  where I call my vendor and I say hey, here's my 100 exhibits,

25  copy them so I can circulate them.  And with the platforms,

1    you actually have to upload each exhibit individually.  And
2    Plaintiffs raised, and I actually agree with them, that each
3    party is going to have to have a hard copy of the potential
4    exhibits.  That's because I could foresee a situation where
5    the expert I'm deposing says you know what, I can't see that,
6    or you know what, I don't see what you're looking at.  And so
7    I want to make sure that he's got -- he or she has got those
8    exhibits.  And in normal times I just call the vendor and they
9    copy them.  But I've got experts who have -- are very
10   experienced and have done a lot of writing and rely on a lot
11   of books which are in a pile in my office right now that I'm
12   going through and I'm going to be making some of these
13   exhibits and uploading them.  You know, we have an issue where
14   we have an elderly expert.  We can train him but we're going
15   to need a little bit -- he's going to need a little bit more
16   time.  And so in the regular sense, the corona pandemic, would
17   I be asking for an eight-week extension just based on corona?
18   I don't think I would be.  But that's not the only issue here.
19   You put that and you overlay it on top of this new expert
20   report that we got on March 30th.
21       Now we were talking with Plaintiff's counsel during that
22   time because we were having trouble finishing our expert
23   reports and they graciously gave us an extension to finish one
24   of our expert reports.  So we were in contact with them.
25   There was no sense that this report was coming.  Two days

1    after we served our reports, we got it.  Now Plaintiffs will

2    tell you that it's a supplemental report, it's really, you

3    know, just an update.  But when I look at footnote 4, I

4    learned more about the report than I already knew.  It says

5    that the expert -- the new report is based on a new

6    methodology and a new analysis.  And these aren't just simple

7    analyses.  These are 36 complicated analyses that frankly

8    Islip deserves the time to look into and pick apart and

9    understand the analysis.  And while they disclose in the

10   footnotes of this new methodology that expert -- the new

11   report relies on a methodology that another expert used, and

12   we don't even know what his new methodology is because he

13   didn't supplement his report.  So I'm assuming that's

14   forthcoming, but I don't know.  So would I be asking for eight

15   weeks based on a late disclosure of an expert report?  No.

16   Would I be asking for it with the other issues?  Yes.

17        The third issue, Your Honor, is we had a -- after the

18   fact discovery ended, a new fact witness was disclosed by

19   Plaintiff.  And they -- and after this was disclosed we tried

20   to reach this fact witness.  We were unable to reach him; he

21   didn't return calls.  He's actually -- we learned that he's

22   represented by counsel, so then we were able to connect with

23   his counsel I think last week, and his counsel told us yes,

24   we'll sit for another deposition, but, you know, it's got to

25   be during his getaway, at his convenience, of course.  We

1   don't know what that date is going to be.  So I understand

2   Plaintiff in their letter saying yes, this doesn't warrant the

3   extension, and this factor doesn't warrant, this factor

4   doesn't warrant, but it's when you put them together, that

5   makes this extension request reasonable.  And you know,

6   getting -- there's no trial date set here, so I understand

7   Plaintiff's desire to get this done as quickly as possible,

8   but I think we need to be realistic and look at what we're

9   dealing with here.  And these are very important depositions.

10  Obviously they're the expert depositions really important to

11  the case, and we want to make sure that we get it right and we

12  do it right and that we're not coming back to the Court saying

13  hey, this happened, can we have an extension here, or I need

14  to do this.  We just thought this was the most prudent way to

15  proceed, and unfortunately we weren't able to come to an

16  agreement with Plaintiffs.  We weren't even close.  I mean,

17  when we spoke they told us, you know, maybe a couple days,

18  maybe a week -- a couple days, maybe a week.  And in their

19  current letter they said two weeks.  But, you know, that's

20  just so far from reality right now that, unfortunately, we had

21  to come before Your Honor.

22          THE COURT:  Talk to me about the timing and how that

23  affects the potential -- or potentially affects the election.

24  What kind of a time table do we need to stay on in order to

25  ensure that it doesn't impact the election?

1          MR. BREWINGTON:  Your Honor, this is Fred

2     Brewington.  Oh, I'm sorry, you want to hear that from the

3     Defendants first?

4          MS. DEL MEDICO:  No, no worries.

5          THE COURT:  You are posing it based on that, so I'd

6     like to hear from the Plaintiff on that.

7          MR. BREWINGTON:  Judge, we are -- had set a schedule

8     and agreed to a schedule based on the Islip 2021 elections,

9     and we were seeking a summer trial, if necessary, to avoid

10    interfering with that.  Pursuant to New York law, the 2021

11    election cycle will begin with candidate petitioning in

12    February of 2021.  So in order to allow sufficient time for

13    voter education and candidate selection in advance of

14    petitioning, the new maps, if indeed we are successful, should

15    be in place at the end of 2020.  Remedial stages for a voting

16    rights case can take anywhere from two to six months, so

17    Plaintiff's purpose that three months are allocated here for

18    that post any trial would be in October to December would be

19    the three months that would allow for that.  If Judge Brown,

20    you know, were to set a trial date, we would need at least a

21    month after the trial date, we think, for the Court to be able

22    to make a decision.  We understand it's a voting rights case.

23    We also understand that it takes precedence, but we wanted to

24    give the Court at least that time.  So we would need to have a

25    trial probably no later than August of 2020.  The eight-week

1   extension could affect the timing of the trial because it

2   would delay dispositive motions, which we haven't heard from

3   the Defendants if they are going to make dispositive motions.

4   If they're willing to forego that and get right to a trial,

5   that would be something we'd want to hear.  But the Plaintiffs

6   do intend -- you know, and Plaintiffs don't intend to move for

7   summary judgment.  So that's what we're looking at and, you

8   know, I hope I answered the Court's question.

9           THE COURT:  Sure.  Are --

10          MS. DEL MEDICO:  May I respond?

11          THE COURT:  Sure, go ahead.

12          MS. DEL MEDICO:  Your Honor, on the trial point, we

13   understand Defendants seek a trial, and our position is that

14   we don't need a trial here.  But even if -- even saying we do

15   have a trial, the context here is we've already had three

16   weeks of in-person hearings.  So we're not talking about, in

17   our view, an extremely long trial here.  There's three weeks

18   of proceedings that are already on the record before the PI in

19   this case was denied.  Second point is even if -- and I have

20   told -- we've told Plaintiff's counsel that we're not ready to

21   take a position on dispositive motions.  But even if we needed

22   to -- even if dispositive motions are in play, what you just

23   heard was we need a trial by August 2020, and what you -- and

24   I think two months is more than enough time to deal with

25   dispositive motions.

1          THE COURT:  Uhm-hum.

2          MR. BREWINGTON:  Judge, if I may, just on one point

3    that counsel raised.  The issue of the preliminary release

4    should have no bearing on the issue of Plaintiff's request and

5    right to a timely trial.  Judge Spatt's ruling is not law of

6    the case, and anything -- if anything, Judge Spatt's ruling is

7    that Plaintiffs demonstrated a substantial likelihood of

8    success on all three.  (indiscern.) preconditions demonstrates

9    very clearly that Plaintiffs will succeed at the trial, but it

10   doesn't forego the need for a trial and it does not forego the

11   need for the record to be fully explored, given the fact that

12   this is the type of case that does make its way up the chain.

13          THE COURT:  Okay, well --

14          MS. DEL MEDICO:  For the record, we would -- sorry,

15   Your Honor.

16          THE COURT:  Here's what I will tell you.  Obviously

17   this is not a normal situation.  If this were a normal

18   situation, I don't think there would be a need for such a

19   lengthy extension.  We could probably deal with the issues

20   much more quickly.  Obviously the coronavirus has made

21   everything challenging.  I'm glad to hear that the parties are

22   at least in the process of doing things remotely.  That's not

23   the case in many of my other matters where the parties are

24   either unwilling or unable to do things remotely.  So I'm

25   routinely getting requests for six month adjournments, none of

1    which I'm granting, because I think that's too long.  An
2    eight-week extension is actually probably on the lower end of
3    the requests that I'm receiving, so all things being equal, I
4    would grant it.  My only concern is, given that this is a
5    voting rights act, I want to make sure that by granting the
6    extension we are not, you know, interfering with the potential
7    changes that might happen, assuming Plaintiffs are successful
8    in the next election.

9        So what I would suggest is that, you know, we do an
10   eight-week extension with the understanding that those
11   deadlines are set in stone.  We're not extending things out
12   beyond that at this point.  So whatever the parties need to
13   get done, you need to make sure you get it done within those
14   eight weeks.  And to the extent that there is going to be
15   briefing on the dispositive motion, I think the parties might
16   need to think about doing an expedited briefing schedule if
17   you think it's going to interfere with the election.  I mean,
18   there's still plenty of time between today's date and when
19   things would have to be done to prepare for the next election.
20   So there seems to be a couple of different areas where we
21   could kind of tighten the schedule a little bit if it comes to
22   that.  I have no idea what Judge Brown's trial schedule is
23   like, but I assume if it's necessary he'll make time for you
24   during the summer to do the trial.  And, you know, given the
25   importance of the case and the nature of the case, I don't

1    think Judge Brown would have an issue with doing kind of an

2    expedited dispositive motion briefing schedule if it comes

3    down to that.  So I am going to grant the eight-week

4    extension, understanding that this is not going to happen

5    again.  This is your one extension, so make the best of it.

6    And to the extent that --

7              MR. BREWINGTON:  Your Honor --

8              THE COURT:  -- we need to -- to the extent we need

9    to tighten the schedule in other ways to make sure it doesn't

10   interfere with the election, we may have to consider doing

11   that.  I don't know that we're at that point yet, but we might

12   be at some point.

13             MS. DEL MEDICO:  We understand, Your Honor.

14             MR. BREWINGTON:  Your Honor, this is Fred

15   Brewington.  Just a thought, and see what the Court thinks

16   about this.  Given the fact that for every week that we do

17   extend out we do start to squeeze the schedule, is it possible

18   for the Court to do this in two parts, perhaps?  Fit a four-

19   week time period in which we are to do our work, and then at

20   that time period check back in with the Court for both an

21   update to see if it's necessary for a whole other four weeks?

22   My concern is that we get to the end of the eight-week period

23   and as we have experienced up until this point, there always

24   seems to be another issue.  This -- for instance, this

25   supplemental report raised issues only to two census tracks,

1    and the process by which they did it was confirmatory.  It

2    didn't really require -- it doesn't require eight weeks, and

3    it doesn't stop depositions on the other expert.  So my

4    request would be that perhaps we do this at four weeks, check

5    back in with the Court to see that we're making progress and

6    that we may have actually been finished with expert

7    depositions by then.

8            MS. DEL MEDICO:  I -- Your Honor, I strongly oppose

9    that suggestion.  I mean, this is the reason why we filed the

10   request for eight weeks.  He's not agreeing on this.

11   Plaintiff would only agree to a couple days to a week.  And

12   the characterization of the new expert report is just not

13   there.  You read footnote 4, you can see what Plaintiff has

14   admitted that the new expert report is, and they have not even

15   provided the methodology that the expert that's relied on is

16   using.  So look, I -- in the normal course I understand what

17   Mr. Brewington says, but this isn't normal times and I would

18   urge Your Honor to stick with his original ruling.

19           MR. BREWINGTON:  Judge, we have a fundamental

20   disagreement about the report and I think they know the

21   reality that -- what we provided to them.  But I won't argue

22   that before you right now, Your Honor.  However, I'm

23   suggesting this approach so that we don't end -- get to the

24   end of four weeks without not having spoken to you, without

25   not having had some guidance.  This is a voting rights case

1    and you're absolutely right, we've got, you know, tens of

2    thousands of people who could be impacted if we don't get this

3    done in a timely fashion for the 2021 election. And the whole

4    approach here is to make sure we don't run into another snag.

5            THE COURT: So I'll tell you what. Here's what I'm

6    going to do. I'm going to grant the motion for eight weeks,

7    but let's have a conference call in four weeks and see where

8    we are. And depending on what's going on, we may adjust

9    things. So that way you won't be completely incommunicado for

10   eight weeks. I mean, I would expect both sides will try to

11   move as quickly as possible, and if you don't need the full

12   eight weeks, we'll move forward before that.

13           MR. BREWINGTON: Yes, that sounds good, and

14   particularly since we --

15           THE COURT: We'll at least check in and see where

16   things are in four weeks.

17           MR. BREWINGTON: We have dates ready slated for

18   depositions for our experts, Judge.

19           THE COURT: All right. Well, obviously it depends

20   on the witnesses' availability and things, but --

21           MR. BREWINGTON: Yes.

22           THE COURT: -- that's fine. Let me just take a

23   quick look at my calendar. I mean, I'm hoping this isn't

24   going to be an issue, but there's no guarantee you're going to

25   be able to do a summer trial anyway because the courthouse is

1   still closed.

2           MR. BREWINGTON:  Judge, there are --

3           THE COURT:  I'm hoping that that's not going to --

4   you know, going to extend out past maybe May at the latest,

5   but, you know, who can predict exactly what's going to happen.

6           MS. DEL MEDICO:  And I just want to make sure that

7   this doesn't create a situation where Plaintiff is giving me

8   dates that are in the next four weeks and tells me that that's

9   all that's available and that I can just, you know, take it or

10  leave it.

11          MR. BREWINGTON:  I didn't hear what counsel said,

12  Your Honor.

13          MS. DEL MEDICO:  I said that I just want to make

14  sure on the record that this check-in doesn't create a

15  situation where I'm given dates in the next four weeks that

16  all the depositions have to take place and I'm told to take it

17  or leave it.

18          MR. BREWINGTON:  Judge, we're going to try and give

19  dates that make sense for the parties as well as for the

20  witnesses, and we are going to try and work as expeditiously

21  as possible according to your directive.

22          MS. DEL MEDICO:  So I take that that answer is yes,

23  that I'm going to get dates that are in the next four weeks,

24  which is -- I just want to make sure that's not going to

25  happen.

1          THE COURT:  I think you could do some in the next

2    four weeks.

3          MS. DEL MEDICO:  Oh, completely agree, Your Honor.

4    We want to get started.  Completely agree.

5          MR. BREWINGTON:  Okay.  Well, Judge, we're going to

6    provide dates and --

7          THE COURT:  I'm not --

8          MR. BREWINGTON:  -- we can work on the dates.

9          THE COURT:  Try to do it as -- look, try to do it as

10   expeditiously as possible.  I'm giving you the eight weeks,

11   but again, I'm not extending it again -- any more.

12         MS. DEL MEDICO:  I completely understand.

13         THE COURT:  So, you know, it's incumbent upon

14   everyone to move as quickly as possible so that if something

15   unexpected does come up, you have some built-in time at the

16   end.  I don't want to come back eight weeks from now and have

17   another issue come up at the last minute that forces us to try

18   to move things again.

19         MS. DEL MEDICO:  I understand, Your Honor.

20         MR. BREWINGTON:  That's our concern, Judge.  Judge,

21   just so you know, there are two cases, two voting rights cases

22   where judges have ordered using remote technology to avoid any

23   extensions, one in the Southern District and one down in

24   Florida, the Northern District of Florida.  So we're tracking

25   those as well.

1          THE COURT:  Okay.

2          MS. DEL MEDICO:  Right, and one of those, Your

3  Honor, was just -- the trial was already done, and it was

4  summation on remote technology, and the other was a case in

5  which the PI was granted and they were trying to put changes

6  in for the 2020 election.  So they're very different from this

7  case.

8          MR. BREWINGTON:  My point was, Judge, we're in good

9  company and we can move with that in mind, that other courts

10  are considering exactly what is before us.  We're not all

11  alone.

12          THE COURT:  All right.  Let's have a telephone

13  conference on May 8th at 2 o'clock.  Does that work for

14  everyone?

15          MS. DEL MEDICO:  It does.

16          MR. BREWINGTON:  It works for the Plaintiffs.

17          MS. DEL MEDICO:  For Islip and Islip Town Board it

18  works.

19          MS. GABOR:  It works for the County as well.

20          THE COURT:  All right.  Okay.  So good luck,

21  everyone stay safe, and I will talk to you all on May 8th.

22          ALL:  Thank you, Your Honor.

23    (Court adjourned)

24

25

```
 1                          CERTIFICATION
 2     I certify that the foregoing is a correct transcript from the
 3     electronic sound recording of the proceedings in the above-
 4     entitled matter.
 5
 6
 7     Lewis Parham                        4/10/20
 8
 9     _____        _____
10     Signature of Transcriber              Date
```