# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

August 14, 2020

The Honorable Gary R. Brown
United States District Court
100 Federal Plaza
Central Islip, New York 11722

Re: *Flores v. Town of Islip, et al.*, Case No. 2:18-cv-03549

Dear Judge Brown:

We represent the Town of Islip and Islip Town Board ("Defendants"), and we write concerning the Court's order of August 10, 2020. The Court directed Defendants to: (1) cite "authority" for Defendants' objection to a "virtual trial"; (2) "identify[] all defense witnesses" whom Defendants "anticipate[]" will "participate remotely at trial"; and (3) "set[] forth" Defendants' "position on the appropriateness of Impact Trial Consulting LLC … to serve as a facilitator as to any portion of the trial that needs to be held remotely."

1. Defendants object to a virtual trial for the very reasons that the Federal Rules generally require in-person proceedings. Rule 43(a) provides that "[a]t trial, the witnesses' testimony must be taken in open court unless" some authority allows otherwise. Only "[f]or good cause in compelling circumstances and with appropriate safeguards," may the Court "permit testimony in open court by contemporaneous transmission from a different location." *Id.* The Commentary to the Rule explains the rationale for this requirement: "The importance of presenting live testimony in court cannot be forgotten." Commentary to Fed. R. Civ. P. 43(a). Indeed, the "very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling." *Id.* And the "opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." *Id.*

As numerous courts have noted, "[v]irtual reality is rarely a substitute for actual presence and ... even in an age of advancing technology, watching an event on the screen remains less than the complete equivalent of actually attending it." *Thornton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005) (quoting *United States v. Lawrence*, 248 F.3d 300, 304 (4th Cir. 2001)). "'The immediacy of a living person is lost' with video technology." *Id.* (quoting *Stoner v. Sowders*, 997 F.2d 209, 213 (6th Cir. 1993)). "[V]ideo conferencing … is not the same as actual presence, and it is to be expected that the ability to observe demeanor, central to the fact-finding process, may be lessened in a particular case by video conferencing." *Edwards v. Logan*, 38 F. Supp. 2d 463, 467 (W. D. Va. 1999).

And these shortcomings are apparent even when video technology is working perfectly. But as the most recent conferences with the Court have established, the technology rarely works perfectly and can be problematic. At the July 14 conference, lead counsel for Plaintiffs and counsel for the Suffolk County Board of Elections *both* lost their telephone connections at

JONES DAY

The Honorable Gary R. Brown
August 14, 2020
Page 2

different times.  And that was when video was not even attempted.  Also, for Islip's outside counsel to be able to confer briefly with the Town Attorney, they had to connect separately by mobile phone while the Court and the other parties waited.  Then, at last week's conference, lead counsel for Plaintiffs was unable to connect by telephone *or* computer, causing a delay at the outset.  The court reporter was unable to connect until late in the conference, and the Court and parties were unaware of the court reporter's absence, so most of the conference went untranscribed.  These conferences did not even approach the complexity required for a full-blown trial, and they still had significant technological issues.  There is no reason to believe a trial would be any different.

To be sure, COVID-19 might, in some circumstances, justify certain remote proceedings.  Courts have allowed remote proceedings where they were, for instance, necessary to finish a trial already begun, *In re RFC & ResCap Liquidating Tr. Action*, No. 013-CV-3451, 2020 WL 1280931, at *2 (D. Minn. Mar. 13, 2020), both parties consented, *Amtrust N. Am., Inc. v. KF&B, Inc.*, No. 17-CV-5340, 2020 WL 4365280, at *1 (S.D.N.Y. July 29, 2020), or the matter was truly urgent, such as a voting rights case affecting the *2020* elections, *Jones v. DeSantis*, No. 19-cv-0300 (N.D. Fla. filed June 28, 2019).

But here, there is both time to prepare for an in-person trial *and* no reason to rush to a trial in September if an in-person trial is still infeasible at that time.  A later date would still leave time for the short trial necessary, as well as any appeal (which can be expedited), before the 2021 electoral process passes the point of no return.  There is "adequate time" to minimize COVID-19 risk and also hold a trial that does not prejudice Defendants' ability to coordinate and cross-examine.  *Graham v. Dhar*, No. 1:18-cv-00274, 2020 WL 3470507, at *1 (S.D.W. Va. June 25, 2020) (rejecting request for video testimony where there was sufficient time to prepare in-person procedures to respond to COVID-19).

2.  The only defense witness who would likely be unable to physically appear at trial is Dr. Stephan Thernstrom.  Even prior to COVID-19, Dr. Thernstrom, who is elderly and unable to travel alone, testified remotely in the preliminary injunction proceedings, and there was no objection from Plaintiffs.  Defendants do not currently anticipate any other witnesses needing to testify remotely, although Defendants cannot be certain as to their witness list before Plaintiffs have provided their proposed witness list and exhibit list.

3.  Defendants do not object to Impact Trial Consulting facilitating whatever remote proceedings are necessary, assuming that they provide assistance to all parties and the Court and are not acting as Plaintiffs' trial vendor.  Instead, Defendants object to remote proceedings as unnecessary, as explained above.

JONES DAY

The Honorable Gary R. Brown
August 14, 2020
Page 3

                                                  Respectfully submitted,

                                                  */s/ Jennifer L. Del Medico*
                                                  Jennifer L. Del Medico

                                                  *Attorneys for the Town of Islip and*
                                                  *the Islip Town Board*

cc: All Counsel (via ECF)