UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANA FLORES, RENE FLORES, MARIA
MAGDALENA HERNANDEZ, MAGALI
ROMAN, MAKE THE ROAD NEW YORK,
and NEW YORK COMMUNITIES FOR
CHANGE,

MEMORANDUM OF
DECISION & ORDER
REGARDING A VIRTUAL
TRIAL

Case No. 18-CV-3549 (GRB)(ST)

Plaintiffs,

-against-

TOWN OF ISLIP, ISLIP TOWN BOARD,
SUFFOLK COUNTY BOARD OF
ELECTIONS,

Defendants.
----------------------------------------------------------X
**GARY R. BROWN, United States District Judge.**

Pending before the Court is plaintiffs' application, in light of the ongoing pandemic, to conduct the upcoming bench trial in this matter virtually using the Zoom for Government video platform. Defendants oppose this application.

By way of background, in a separate case, this Court has had recent opportunity to discuss some of the practical challenges and safety considerations faced by the Court in conducting trials during the pandemic, and the risks attendant thereto, which discussion is incorporated by reference. *See United States v. Cohn*, No. 19-CR-097 (GRB), 2020 WL 5050945 (E.D.N.Y. Aug. 26, 2020).

This Court has repeatedly articulated the imperative of conducting a trial in this Voting Rights Act case and doing so promptly in order to permit reasoned and timely determination and appellate review. *See, e.g.*, Electronic Order of July 30, 2020. Given that discovery is complete, and this case will potentially affect the rights of many citizens and the affairs of a significant

municipality, the Court ordered a September trial over defendants' objection in its July 30, 2020 scheduling order. By letter dated August 6, 2020, counsel for plaintiffs first proposed a virtual trial, offering the services of Impact Trial Consulting LLC ("Impact"), a trial services company, to facilitate the proceeding by acting as a "secure host" on a *pro bono* basis. Docket Entry ("DE") 183 (containing a description of the services to be provided).[1] Defendants, who have opposed holding any trial until, at the earliest, the end of this calendar year, further oppose the possibility of a remote virtual trial. DE 180 at 2.

Defense counsel initially contended that defendants' objection was dispositive as to the issue of a virtual trial. That is clearly not the case. The starting point for this analysis is Fed. R. Civ.P. 43(a), which provides as follows:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

In terms of good cause, plaintiffs argue that "COVID-19 creates perhaps the most compelling circumstances in history in favor of conducting this trial remotely." DE 188 at 1. Given the unprecedented nature of the circumstances faced by our society at present, it is difficult to characterize this statement as hyperbole. And while several district courts have looked at this issue, the carefully considered decision of my colleague, Judge Chen, determining

---

[1] After a directive by the Court to inquire into the bona fides of Impact, defendants represented that they "do not object to Impact Trial Consulting facilitating whatever remote proceedings are necessary, assuming that they provide assistance to all parties and the Court and are not acting as Plaintiffs' trial vendor." DE 185 at 2. Plaintiffs have indicated that Impact, which has a separate relationship with defendants' counsel, will serve as a trial vendor for plaintiffs. *See* DE 189. But the company will implement an ethical wall between the team operating the Zoom for Government platform and any representatives working for plaintiffs. *See id.* The Court is prepared, if the parties so request, to enter a protective order ensuring full compliance with this commitment.

whether COVID-19 restrictions satisfy the criteria for virtual proceedings under Rule 43(a) proves compelling:

> The courthouse in this district has been shut down, in effect, since March 16, 2020, due to restrictions on non-essential travel and operations in New York City. There is currently no plan to reopen the courthouse, and, when reopening occurs, it is likely to be in phases that will prioritize criminal over civil matters. Thus, the Court cannot predict when the parties will be able to "appear in person" for a bench trial.
>
> The Court finds that the COVID-19 pandemic, and the months' long delay it has caused—indeed, continues to cause—in all court proceedings, constitutes "good cause and compelling circumstances" to hold the bench trial in this matter via video-conference. As in [*In re RFC & ResCap Liquidating Tr. Action*, 444 F. Supp. 3d 967, 967 (D. Minn. 2020)], this Court finds that it is "absolutely preferable" to conduct the bench trial via such "contemporaneous transmission," as permitted by FRCP 43(a), rather than to delay the trial indefinitely. The short duration of the trial, and the limited nature of the issues to be tried and testimony to be presented, reinforce this conclusion. Furthermore, the Court anticipates that, once the courthouse is fully reopened, the Court will be faced with a backlog of primarily criminal matters, which will further complicate scheduling of the bench trial in this matter and needlessly burden the Court's schedule and resources at that time.

*Argonaut Ins. Co. v. Manetta Enters., Inc.,* No. 19-cv-0482 (PKC), 2020 WL 3104033, at *2 (E.D.N.Y. June 11, 2020). Judge Chen's reasoning applies with even greater force to the instant case, a challenge to voting practices that requires timely resolution.

To the extent that Rule 43(a) also requires "appropriate safeguards," here, such safeguards are manifold. As a nonjury trial is required by the statute, the issues of prejudice that could arise in the jury context are simply absent. Most, if not all, of the witnesses who will be testifying have been deposed by the parties and have already testified in open court before Judge Spatt in connection with the preliminary injunction hearing, and thus have been subject to cross-examination by opposing counsel and credibility evaluation by the Court. While the provisions of the rule necessarily embrace (and, at a certain point in the not-too-distant past, were limited

to) audio transmission, the proposed remote trial will permit the review of synchronous audio and visual transmission, a vast improvement over telephonic testimony. And, while the provision at issue only involves contemporaneous transmission, the other exceptions of the Rule often permit pre-recorded video testimony to be admitted. In contrast to those circumstances, Zoom and similar technologies permit real time testimony, allowing for direct inquiry from the Court where appropriate.

Indeed, well before the pandemic, it had been increasingly the case that witnesses would appear via some form of video or electronic technology, particularly in bench trials.[2] Simply by way of example, in the last trial conducted by the undersigned before the advent of COVID-19, a majority of the witnesses appeared via video deposition. *See Adams v. Liberty Mar. Corp.*, No. 16-CV-5352 (GRB), 2020 WL 4380996 (E.D.N.Y. July 31, 2020).

Defendants have pointed to the risk of glitches as a basis for rejecting this application, highlighting technological flaws that have burdened conferences in this case. "The Court does not find that the occasional technical 'glitch' that can occur with video-conferencing software—which can be addressed by the Court and parties if or when it occurs—is a sufficient reason not to use video-conferencing for trial and does not justify postponing the trial indefinitely." *Argonaut*, 2020 WL 3104033, at *3. In addition, the introduction of a litigation management company to supervise transmission of the proceeding should serve to minimize delays and

---

[2] This is, in some ways, unfortunate, as Rule 43(a)'s presumption of testimony taken in open court offers preferable means of dispute resolution and credibility assessment. *Edwards v. Logan*, 38 F. Supp. 2d 463, 467 (W. D. Va. 1999)("[V]ideo conferencing … is not the same as actual presence, and it is to be expected that the ability to observe demeanor, central to the fact-finding process, may be lessened in a particular case by video conferencing."). However, the increasingly global scope of everyday dealings, facilitated by the Internet, combined with the expense and difficulties associated with litigation, makes this trend inevitable, and the potentially fatal risks of the pandemic have dramatically increased the necessity of proceeding in this fashion. As the Rolling Stones once noted, "You can't always get what you want, but if you try sometimes, you might find, you get what you need." The Rolling Stones, "You Can't Always Get What You Want" (1969).

4

failures, while optimizing the technology. Make no mistake: this Court will not view the process through rose-colored glasses, and difficulties are to be anticipated. But the Court will expect the parties to make the best of it. Rule 1 of the Federal Rules of Civil Procedure commands this Court *and* the parties to utilize the Rules to "secure the just, speedy and inexpensive determination of every action and proceeding." Under present conditions, this appears to be the best we can do. Fairness and the law dictate nothing less.

Defendants articulate several circumstances intended to persuade the Court that a virtual trial is unneeded, but viewed through a different lens, actually weigh in favor of conducting the proceedings remotely. Defendants represent, for example, that their "primary outside counsel are in the District of Columbia area, southern New Jersey, and upstate New York, with expert witnesses in Texas and Virginia." DE 180 at 2. These circumstances seem to weigh in favor of conducting a virtual bench trial here, rather than against it.

The most telling weakness in the Town's arguments, though, is the following fact: counsel represents that one of defendants' witnesses, Dr. Stephan Thernstrom, must testify via video technology due to his age (85) and "extreme health problems." Tr. of Proceedings, 8/7/20 at 21-22. Indeed, this witness required an accommodation before the advent of COVID-19, to wit: testifying via video from the U.S. District Court in Washington D.C., but under present conditions, even that accommodation proves insufficient. *Id.* Dr. Thernstrom is clearly a critical witness for defendants, as reflected in the opinion of Judge Spatt, who relied heavily on Dr. Thernstrom's opinions, citing him no less than *eight* times in his decision on plaintiffs' motion for preliminary injunction, and quoting extensive passages from his testimony. DE 133 at 17, 18, 25, 26, 53, 70. In opposing the present application, counsel for defendants emphasized that conducting trial virtually would "prejudice Defendants' ability to …cross-examine" witnesses,

particularly plaintiffs' experts.  DE 185 at 2.  Given that one of defendants' key experts must be cross-examined via video technology, the argument is at best logically inconsistent.

Based on the foregoing, the application to proceed with a virtual trial is granted, to commence on September 30, 2020 at 9:30 AM.  Counsel for all parties are directed to arrange a conference at a mutually convenient time prior to this date, including this Court and its staff, to have Impact review the logistics of the virtual trial.

SO ORDERED.

Dated: Central Islip, New York
　　　　September 1, 2020

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Gary R. Brown　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　GARY R. BROWN
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge