UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANA FLORES, RENE FLORES, MARIA MAGDALENA
HERNANDEZ, MAGALI ROMAN, MAKE THE ROAD
NEW YORK, AND NEW YORK COMMUNITIES FOR
CHANGE,

                                    Plaintiffs,

                        - against -

TOWN OF ISLIP, ISLIP TOWN BOARD, SUFFOLK
COUNTY BOARD OF ELECTIONS,

                                  Defendants.

2:18-cv-03549 (GRB)(ST)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE EVIDENCE ON FUTURE DEMOGRAPHIC CHANGES AMONG ISLIP'S CITIZEN VOTING AGE POPULATION**

Plaintiffs Ana Flores, Rene Flores, Maria Magdalena Hernandez, Magali Roman, Make the Road New York, and New York Communities for Change (collectively "Plaintiffs") respectfully move this Court for a *in limine* order excluding from trial hypothetical evidence and speculation on future demographic changes among Islip's Latino citizen voting age population ("CVAP").

## PRELIMINARY STATEMENT

Defendants should not be permitted to assert that speculative, future demographic changes to the Latino population in Islip will cure their present-day VRA violations.  During the hearing on Plaintiffs' motion for a preliminary injunction that took place in April 2019, the Town of Islip and the Islip Town Board ("Defendants") speculated—with no basis in the record—that Latino voters will be able to elect their preferred candidates for Town Board at an undefined future time because the Latino population in the Town "has doubled in the last ten or so years" and "is exploding and doubling."  (Ex. A, PI Hr'g Tr. at 44:11-45:11.)  Defendants are likely to present similar argument and testimony at trial.  Indeed, Islip's expert Dr. Alford submitted a report on March 27, 2020 that alludes to "the rapid increase in Hispanic CVAP" and "potential for continued growth."  (Ex. B, Alford Report at 12.)

Hypothetical evidence of future demographic shifts has no relevance to Plaintiffs' claims under the VRA, which the Court must analyze based only on "the past and present reality" of Islip's demographics.  *Thornburg* v. *Gingles*, 478 U.S. 30, 45 (1986).  Indeed, other courts have rejected this same argument, including by Defendants' expert.  Hypothetical evidence of this type is completely lacking in probative value, unduly prejudicial, and has no place at trial.  Furthermore, this argument has been contradicted by

Defendants' expert's prior testimony in this case.  For these reasons, Defendants should be precluded from introducing evidence on future speculative demographic changes among Islip's citizen voting age population.

## ARGUMENT

Evidence is relevant only if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "is of consequence in determining the action."  Fed. R. Evid. 401.  "Irrelevant evidence is not admissible."  Fed. R. Evid. 402. Moreover, a court should exclude evidence where "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Because it is entirely irrelevant, prejudicial, and a waste of this Court's time, Defendants should be precluded from introducing evidence related to hypothetical future changes in the Latino citizen voting age population in Islip.

Evidence of hypothetical future demographic changes in the Town of Islip is irrelevant to the third *Gingles* precondition as a matter of law.  As the Supreme Court made clear in *Gingles*, courts should engage in "a searching practical evaluation of the ***past and present reality***"—not a hypothetical future reality.  478 U.S. 30, 45 (1986) (quotations omitted and emphasis added).  The evidence that Islip seeks to admit—speculation of *future* changes in Islip's demographics—has no bearing on whether, under the third *Gingles* precondition, bloc voting of Islip's white majority usually defeats Latino-preferred candidates based on "the past and present reality."  *Gingles*, 478 U.S. at 45.

What's more, because there is absolutely no basis in the record to support assertions that the Latino population in Islip is rapidly growing or "exploding"—any such

statements constitute impermissible speculation.  *Argus, Inc.* v. *Eastman Kodak Co.*, 612 F. Supp. 904, 923 (S.D.N.Y. 1985), *aff'd*, 801 F.2d 38 (2d Cir. 1986)  ("It is the obligation of a Court to exclude, in limine, exhibits and damage theories which are based on speculation and guesswork, and are not sufficiently probative.") (quotations omitted); *United States of America* v. *Kareem Swinton*, 2020 WL 4735195, at *4 (D. Conn. Aug. 14, 2020) ("evidence based on speculation is not admissible").

This same argument, based on similar testimony by Dr. Alford, was rejected by the court in *Patino* v. *City of Pasadena*: "Under § 2, a municipality cannot defend diluting a minority's voting power with the argument that demographic shifts might or even will eventually tilt the balance in the other direction," because that would enable "voting rights cases [to] be defeated at the outset by the very barriers to political participation that Congress has sought to remove."  230 F. Supp. 3d 667, 713 (S.D. Tex. 2017) (quoting *Perez* v. *City of Pasadena Independent Sch. Dist.*, 958 F. Supp. 1196, 1220–21 (S.D. Tex. 1997), *aff'd* 165 F.3d 368 (5th Cir. 1999)).  *See also Benavidez* v. *Irving Indep. Sch. Dist.*, 2014 WL 4055366, at *15 (N.D. Tex. Aug. 15, 2014) (rejecting argument by the defendant's expert based, in part, on "uncertain growth projections into the future").  Purported evidence of future demographic change is entirely irrelevant to the Court's analysis under *Gingles*, and should be excluded on that basis alone.

Indeed, based on their own expert's testimony, Defendants' predictions of future demographic changes among Islip's Latino CVAP are not merely speculative, but demonstrably incorrect and misleading.  As Plaintiffs' expert, Dr. Beveridge, explained, the figures that Islip cites for its claim that Latino CVAP grew "from less than 13 percent to 26 percent" and therefore "doubled" over a period of ten years, (Ex. A, PI Hr'g Tr. at

4

44:11-23), actually correspond to growth that occurred over a seventeen-year period. (Ex. A, PI Hr'g Tr. at 639:15-640:18.)  In fact, Islip's Latino CVAP is increasing by less than 1 percent each year—hardly a rate of explosive growth.  *Id.*  In any event, any prediction of future increases in population requires assumptions that may later prove to be untrue.  (Ex. A, PI Hr'g Tr. at 706:25–707:3; 1461:17–1462:8.)  Allowing Defendants to introduce irrelevant evidence, and baseless testimony, serves no legitimate purpose, would confuse the issues to be decided at trial, and be a waste of judicial time, and therefore should be excluded from trial under Federal Rules of Evidence 402 and 403.

## CONCLUSION

For the reasons set forth above, the Court should grant Plaintiffs' motions *in limine*.


Dated:     New York, New York
           September 9, 2020

                                                    PAUL, WEISS, RIFKIND, WHARTON &
                                                       GARRISON LLP

                                                    By:            /s/ Sara E. Hershman
                                                            _____

                                                    Daniel H. Levi
                                                    Sara E. Hershman
                                                    Theodore Galanakis
                                                    1285 Avenue of the Americas
                                                    New York, New York 10019-6064
                                                    (212) 373-3000
                                                    dlevi@paulweiss.com
                                                    shershman@paulweiss.com
                                                    tgalanakis@paulweiss.com

                                                    THE LAW OFFICES
                                                    OF FREDERICK K. BREWINGTON
                                                    Frederick K. Brewington
                                                    556 Peninsula Blvd.

5

Hempstead, New York 11550
(516) 489-6959
fred@brewingtonlaw.com

NEWMAN FERRARA LLP
Randolph M. McLaughlin
1250 Broadway, 27th Floor
New York, New York 10001
(212) 619-5400
rmclaughlin@nfllp.com

*Attorneys for Plaintiffs*