**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANA FLORES, RENE FLORES, MARIA MAGDALENA HERNANDEZ, MAGALI ROMAN, MAKE THE ROAD NEW YORK, AND NEW YORK COMMUNITIES FOR CHANGE,<br><br>                   Plaintiffs,<br>    v.<br><br>TOWN OF ISLIP, ISLIP TOWN BOARD, SUFFOLK COUNTY BOARD OF ELECTIONS,<br><br>                   Defendants. | Case No. 2:18-cv-03549 (GRB) (ST) |

**[PROPOSED] JOINT SETTLEMENT AGREEMENT AND CONSENT JUDGMENT**

The Town of Islip is a geographical and political subdivision of the State of New York. Islip is governed by a Town Supervisor and four Town Council Members. The Supervisor and Council Members together constitute the Islip Town Board, which is vested with the powers of the Town. Council Members serve four-year terms, with the terms staggered so that two are elected every other year, in odd-numbered years. Council Members are elected using an at-large structure. The Suffolk County Board of Elections administers elections in Islip, including Islip Town Council elections.

Plaintiffs Ana Flores, Rene Flores, Maria Magdalena Hernandez, Magali Roman, Make the Road New York, and New York Communities for Change filed a complaint in this case on June 18, 2018. The complaint alleges that the at-large structure employed for Islip's Town Council elections violates Section 2 of the Voting Rights Act, 52 U.S.C. § 10301. The Defendants are the Town of Islip and the Islip Town Board (collectively, the "Islip Defendants"), and the Suffolk County Board of Elections ( "BoE").

To avoid further litigation, Plaintiffs and the Defendants have agreed that this lawsuit should be resolved through the terms of this Consent Judgment, ordering replacement of the at-large system with councilmanic districts for the election of Town Council Members.

Under New York State law, approval through a public referendum is required to change Islip's electoral system from at-large to councilmanic districts. N.Y. Town Law § 85. In 2006, a referendum to that effect failed, resulting in continued use of the at-large system for electing Town Council Members pursuant to New York State law. Because Islip's at-large system is mandated by New York State law, the Court "must be certain that the [consent] decree 1) spring[s] from and serve[s] to resolve a dispute within the court's subject-matter jurisdiction, 2) come[s] within the general scope of the case made by the pleadings, and 3) further[s] the

objectives of the law upon which the complaint was based." *Kozlowski v. Coughlin*, 871 F.2d 241, 244 (2d Cir. 1989).

Under *Thornburg v. Gingles*, 478 U.S. 30 (1986), Plaintiffs must prove three preconditions to maintain a claim that an at-large electoral system is invalid under Section 2 of the Voting Rights Act. Then, the issue is whether, "based on the totality of circumstances," members of the minority group "have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice" when the at-large system is used for Islip Town Council elections. 52 U.S.C. § 10301(b).

The Court has found that the three preconditions are established in this case. First, Islip's Hispanic or Latino citizen voting-age population is "sufficiently large and geographically compact to constitute a majority in a single member district" if the Town is divided into four single-member districts. *Id*. at 38. Second, Hispanic or Latino voters in Islip are "politically cohesive" in elections for Town Council. *Id*. Third, the relevant majority group in 2020 in Islip votes "sufficiently as a bloc to enable it … usually to defeat the minority's preferred candidate[s]" for Town Council, as this precondition has been applied by the United States Court of Appeals for the Second Circuit. *Id*. at 38; *see Goosby v. Town Bd. of Town of Hempstead, N.Y.*, 180 F.3d 476, 493–94 (2d Cir. 1999).

The Court's findings that the *Gingles* factors are satisfied creates an "inference" that Section 2 is violated under the totality of circumstances test, *Pope v. Cty. of Albany*, 94 F. Supp. 3d 302, 343 (N.D.N.Y. 2015). Plaintiffs also have presented other evidence on the totality of circumstances.

To effectuate this Consent Judgment, Defendants Town of Islip and Islip Town Board stipulate that implementation of the at-large system for Islip Town Council elections violates Section 2 of the Voting Rights Act.

Consistent with the stipulation of the Islip Defendants, the Court's findings on the *Gingles* preconditions, and the inference from those preconditions, the Court finds and concludes that implementation of the at-large system for Islip Town Council elections violates Section 2 of the Voting Rights Act because, under that system, members of the Hispanic or Latino minority group in Islip have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice.

Defendant BoE has stated on the record that it contests neither the stipulation by Defendants Town of Islip and Islip Town Board nor the Court's finding that implementation of the at-large system for Islip Town Council elections violates Section 2 of the Voting Rights Act. Defendant BoE has further stated on the record that it does not contest the relief set forth below.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. Defendants are permanently enjoined from the use of an at-large election system in Islip Town Council elections, beginning with the regular Town Council elections in 2021.

2. In the regular Town Council elections in 2021, the two Town Council seats up for election will be filled through separate elections in District 1 and District 2, identified in the Districting Plan attached hereto as Exhibit A.

3. Prior to the regular Town Council elections in 2023, the Town Board will redraw the Town Council districts in accordance with paragraphs 4 and 5, below.

4. *First*, the difference between the most populous and least populous district will be no more than 10 percent of the ideal district size, based on total population under the 2020 decennial census.

5. *Second*, to the extent permissible under the United States Constitution, District 1 will continue to have a majority of Hispanic or Latino citizens of voting age, as defined and measured by the five-year American Community Survey data published by the United States Census Bureau. The Town Board will rely on the five-year data that is most recent as of the time of the redistricting.

6. In the regular 2023 Town Council elections, the two seats up for election will be filled through separate elections in Districts 3 and 4 identified in the Districting Plan, as modified by the redistricting performed on the basis of the 2020 census pursuant to paragraphs 3 through 5, above.

7. After the regular 2023 Town Council elections, Town Council seats up for election will continue to be filled through separate elections in the districts identified in the Districting Plan, as modified by the redistricting performed on the basis of the 2020 census pursuant to paragraphs 3 through 5, above, and each decennial census thereafter.

8. The Council Members elected in regular Town Council elections will serve staggered, four-year terms, as under the at-large system heretofore in effect.

9. Defendant Suffolk County Board of Elections will administer Town Council elections in compliance with the terms of this order and judgment.

10. Each party will bear its own fees, costs, and expenses, except as provided in paragraph 11, below.

11. The Town of Islip will pay Plaintiffs $900,000 in fees, costs, and expenses no later than forty-five days after this Consent Judgment has been executed by the Court and a separate document setting out the Court's judgment has been entered pursuant to Federal Rules of Civil Procedure 58 and 79.

12. This Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Judgment.

13. All parties retain the right to seek future modification or dissolution of this Consent Judgment pursuant to applicable law, *see, e.g.*, *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367 (1992).

Dated: _____

_____
The Honorable Gary R. Brown
United States District Judge

Dated: October 13, 2020

For Plaintiffs Ana Flores, Rene Flores, Maria Magdalena Hernandez, Magali Roman, Make the Road New York, and New York Communities for Change:

*[Signatures]*

Andrew Gordon
Daniel H. Levi
Sara E. Hershman
Alexander F. Atkins
Rachael A. Schuman
Anna M. Blum
Luke H. Phillips
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
agordon@paulweiss.com
dlevi@paulweiss.com
shershman@paulweiss.com
aatkins@paulweiss.com
rschuman@paulweiss.com
ablum@paulweiss.com
lphillips@paulweiss.com

THE LAW OFFICES
OF FREDERICK K. BREWINGTON
Frederick K. Brewington
556 Peninsula Blvd.
Hempstead, New York 11550
(516) 489-6959
fred@brewingtonlaw.com

NEWMAN FERRARA LLP
Randolph M. McLaughlin
1250 Broadway, 27th Floor
New York, New York 10001
(212) 619-5400
rmclaughlin@nfllp.com

*Attorneys for Plaintiffs*

Dated: October 13, 2020

                                                For Defendants Town of Islip and Islip Town Board:

/s/ Michael A. Carvin

Michael A. Carvin
Louis K. Fisher
Stephen J. Petrany
JONES DAY
51 Louisiana Ave, N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700

macarvin@jonesday.com
lkfisher@jonesday.com
spetrany@jonesday.com

Laura Washington Sawyer
Jennifer L. Del Medico
Mario J. Cacciola
Shachar Gannot
JONES DAY
250 Vesey Street
New York, New York 10281
Tel: (212) 326-3939
Fax: (212) 755-7306

lwsawyer@jonesday.com
jdelmedico@jonesday.com
mcacciola@jonesday.com
sgannot@jonesday.com

*Attorneys for the Town of Islip and the Islip Town Board*

Dated: October 13, 2020

For Defendant Suffolk County Board of Elections:

*[signature]*

Dennis M. Cohen
Suffolk County Attorney

By: Hope Senzer Gabor
Assistant County Attorney
hope.senzergabor@suffolkcountyny.gov

By: Michael J. Petre
Assistant County Attorney
michael.petre@suffolkcountyny.gov

Suffolk County Attorney's Office
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY 11788-0099

*Attorneys for Suffolk County Board of Elections*